LAW OFFICE OF DENNIS J. DUNCAN, LLC
599 BLOOMFIELD AVENUE
BLOOMFIELD, NEW JERSEY 07003
PH: (973) 743-7100 FAX: (973) 743-7101
E-MAIL: DJDUNCANLAW@GMAIL.COM
ATTORNEYS FOR DEFENDANT-COUNTERCLAIMANT
RICHARD "VINCE" LAMB

JOSEPH A. MANZO, ESQ.
37 ROSE LANE
P.O. BOX 72
ROCKAWAY, NEW JERSEY 07866
PH: (973) 794-1179 FAX: (973) 794-0090
E-MAIL: JAMANZOESQ@GMAIL.COM
ATTORNEY FOR DEFENDANT KEVIN A. CANNON,
 DEFENDANT-COUNTERCLAIMANT CARL R. OSTERWALD AND
COUNTERCLAIMANT YVONNE OSTERWALD

DAVIDSON, SOCHOR, RAGSDALE & COHEN, LLC
37 TAMARACK CIRCLE
SKILLMAN, NJ 08558
PH: (609) 924-7179; FAX (609) 683-9501
E-MAIL RICHARD.RAGSDALE@VERIZON.NET
ATTORNEYS FOR DEFENDANT RHONDA LEA KIRK FRIES AND KEVIN FRIES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES NOVINS, ESQ. P.C. and CHARLES NOVINS, Personally, | Civil Action No. : _____ |
| Plaintiffs, v. | **NOTICE OF REMOVAL** |
| Kevin A. Cannon, et al. | |
| Defendants | |

TO: CLERK, UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY
      Martin Luther King, Jr. Federal Building and Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

Defendant Kevin A. Cannon [hereinafter "Cannon"], Defendants Rhonda Lea Kirk Fries and Kevin Fries [hereinafter the "Fries"], Defendant-Counterclaimant Richard "Vince" Lamb [hereinafter "Lamb"], Defendant-Counterclaimant Carl R. Osterwald [hereinafter "Osterwald"] (collectively the "Defendants") hereby file this Notice of Removal with the United States District Court for the District of New Jersey to remove the above captioned action from the Superior Court of New Jersey, Law Division, Ocean County, where the action is now pending, to this Court as provided by Title 28, United States Code, Chapter 89 and in support thereof alleges:

1. The plaintiffs, Charles Novins, ESQ., P.C. and Charles Novins, personally [hereinafter, where appropriate, collectively referred to as "Plaintiffs"] commenced this action on or about February 13 or February 19, 2009, by filing a Complaint with the Superior Court of New Jersey, Law Division, Ocean County, captioned <u>Charles Novins, ESQ., P.C. and Charles Novins, personally v. Kevin A. Cannon, Kevin Michael Fries, Jim Kelso, Rhonda Lea Kirk AKA Fries, Vincent Lamb, Carl R. Osterwald, Rick Mather, Albert C. Young, Sean Monaghan, Google, Incorporated, A Corporation Doing Business in the State Of New Jersey, TSB Bearings, Inc., A Corporation Doing Business in the State Of New Jersey, Databasix, A Corporation Doing Business in State Of New Jersey, Oakland Community College, Bloomfield Hills, MI, XYZ Partnerships (1-100), John and Jan Does (1-100), John and Jan Roes (1-100,), including, but not limited to, unnamed and/or unknown defendants yet to be discovered used by these defendants and others.</u> , and which was assigned the state court Docket No. OCN-L-705-09 [hereinafter the "State Court Action"]. (The first page of the Complaint bears one stamp saying "Filed Feb. 13, 2009" and two stamps saying "Filed Feb. 19, 2009" but the Feb. 19th dates on the latter stamps have lines drawn through them with initials appearing near those strike throughs). The State Court Action is now pending in the New Jersey Superior Court.

2. The grounds for this Notice of Removal are found in 28 U.S.C. § 1332(a)(1), subparagraph (a) of 28 U.S.C. § 1441 ("Actions removable generally") and the second paragraph of 28 U.S.C. § 1446(b).

3. Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States;"

4. Title 28 U.S.C. § 1446(a) provides in pertinent part: "A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal...."

5. The second paragraph of Title 28 U.S.C. § 1446(a) provides in pertinent part: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

6. The Plaintiffs are citizens of the State of New Jersey.

7. The caption of the Plaintiff's Complaint filed in the State Court Action lists four groups of fictitious defendants and 13 named defendants. The 13 named defendants in the caption of the Plaintiffs' Complaint are: (a) Kevin A. Cannon; (b) Kevin Michael Fries; (c) Jim Kelso; (d) Rhonda Lea Kirk AKA Fries; (e) Vincent Lamb; (f) Carl R. Osterwald; (g) Rick Mather; (h) Albert C. Young; (i) Sean Monaghan; (j) Google, Incorporated, A Corporation Doing Business in the State of New Jersey; (k) TSB Bearings, A Corporation Doing Business in the State of New Jersey; (l) Databasix, A Corporation Doing Business in the State of New Jersey, and (m) Oakland Community College, [of] Bloomfield Hills, MI.

8. Under 28 U.S.C. § 1441(a) the fictitious defendants can be disregarded for purposes of this application. See 28 U.S.C. § 1441(a) which reads in pertinent part: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

9. With respect to the above-referenced 13 named defendants, the Plaintiffs' Complaint did not state the citizenship of (or even a location for) each such defendant. Furthermore, the Defendants filing this Notice of Removal were unable to determine the citizenship of all 13 named defendants. Accordingly, the Defendants filing this Notice of

Removal could not state with certainty that each of the 13 defendants named was a citizen of a State other than the State of New Jersey (the State of the citizenship for the Plaintiffs). Therefore the case stated by the initial pleading [the Plaintiffs' Complaint]" was "not removable...." 28 U.S.C. § 1446(b).

10. Only 5 of the 13 defendants listed in the caption to Plaintiffs' Complaint filed Answers and appeared in the State Court Action: Kevin A. Cannon, Rhonda Lea Kirk Fries and Kevin Fries; Vincent Lamb and Carl R. Osterwald. As of the date of the filing of the complaint none of those five defendants were a citizen of the State of New Jersey. As of the date of filing of the complaint: Kevin A. Cannon was a citizen of the State of New York; Rhonda Lea Kirk Fries and Kevin Fries were citizens of the State of Texas; Richard Lamb was a citizen of the State of Michigan, and Carl R. Osterwald was a citizen of the State of Colorado. Thus, complete diversity exists between the five defendants who are parties to the State Court Action and the Plaintiffs. Furthermore, an additional party to the case who is neither a plaintiff nor a defendant (counterclaimant Yvonne Osterwald, the wife of defendant Carl Osterwald) is a citizen of the State of Colorado. Her presence in the action does not defeat diversity jurisdiction.

11. With respect to the nine other named defendants in Plaintiffs' Complaint, the Superior Court of New Jersey recently issued an order pursuant to N.J. Court Rule 1:13-7 dismissing each of them from the State Court Action due to the Plaintiffs' failure to prosecute that Action against them. A copy of that Order (dated September 18, 2009) is attached hereto as **Exhibit A** [Hereinafter referred to as the "State Court Dismissal Order"].

12. The State Court Dismissal Order was filed on September 18, 2009 and was mailed on September 22, 2009 to certain counsel for the five named defendants who filed Answers to the Plaintiffs' Complaint. The State Court Dismissal Order was first received by counsel for any of those five defendants by U.S. Mail on September 23, 2009.

13. The State Court Dismissal Order (dismissing the nine unserved defendants) constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b).

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that: (a) the Notice is being filed "within thirty days after" any Defendant's receipt of the State Court Dismissal Order, and (b) the Notice is being filed within one year after commencement of the State Court Action. As explained above, the State Court Dismissal Order was first received by any of the five defendants on September 23, 2009 and the State Court Action was Commenced by Plaintiffs' filing of their Complaint on either February 13, 2009 or February 19, 2009.

15. The matter in controversy in the State Court Action exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a). In response to Defendant Osterwald's demand for a Statement of Damages pursuant to N.J. Court Rule 4:5-2, Plaintiffs' counsel stated that "the damages in this case are $5,000,000.00 as a result of the actions of this defendant [Osterwald] and the others." Attached hereto as **Exhibit B** is a copy of a May 18, 2009 letter from Plaintiff Charles Novins, Esq. to Joseph A. Manzo, Esq., attorney for Carl R. Osterwald.

16. This Notice of Removal is properly filed with the United States District Court for the District of New Jersey, in that it is the "district and division within which" the State Court Action is pending. 28 U.S.C. § 1446(a), See also 28 U.S.C. § 1441(a).

17. Attached hereto as **Exhibit C 1 through 28** is a copy of all process, pleadings, and orders in the State Action, pursuant to 28 U.S.C. § 1446(a).

18. Attached hereto as **Exhibit D** is a copy of the Notice to the Clerk of Superior Court of Filing of Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Ocean County as required by 28 U.S.C. § 1446(d).

19. Attached hereto as **Exhibit E** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

20. By filing this Notice Defendants do not waive any defenses available to them.

Law Office of Dennis J. Duncan, LLC
Attorneys for Defendant,
Richard "Vince" Lamb

By: _____
Dennis J. Duncan

Dated: October 20, 2009

Joseph A. Manzo, Esq.
Attorney for Defendants,
Kevin A. Cannon and Carl R. Osterwald

By: _____
Joseph A. Manzo

Dated: October 20, 2009

Davidson, Sochor, Ragsdale & Cohen, LLC
Attorneys for Defendants,
Kevin Fries and Rhonda Lea Kirk Fries and Kevin Fries

By: _____
Richard A. Ragsdale

Dated: October 20, 2009

- 6 -