| | |
|---|---|
| Attorney(s): | **Charles Novins, Esq.** |
| Law Firm: | **Charles Novins appearing Pro Se** |
| Address: | **54 East Water St.** |
| | **Toms River, NJ 08753** |

| | |
|---|---|
| Telephone No.: | **(732) 341-4077** |
| Fax No.: | **(732) 341-4490** |
| E-mail: | |
| Attorney(s) for Plaintiff(s): | **Charles Novins** |

**Charles Novins**

Plaintiff(s)

vs.

**Kevin A. Cannon**

Defendant(s)

SUPERIOR COURT OF NEW JERSEY

**LAW** DIVISION

**OCEAN** COUNTY

DOCKET NO. **L-705-09**

CIVIL ACTION

𝔖𝔲𝔪𝔪𝔬𝔫𝔰

From the State of New Jersey

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $_____ and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: *March 11, 2009*

/s/ *Theodore J. Fetter (Acting)*

*Superior Court Clerk*

Name of Defendant To Be Served: **Kevin A. Cannon**

Address of Defendant To Be Served: **Kevin A. Cannon, 19 St. Georges Ave, Monroe, NY 10095**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 3/08    P8/08

Powered by
HotDocs™

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 1

# Directory of Superior Court Deputy Clerk Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility,
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Justice
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street, Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Monmouth County Courthouse
71 Monument Park, P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Courts Streets, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Passaic County Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 29
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Warren County Courthouse
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
**if information above the black bar is not completed or**
**if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK   CG   CA |
| CHG/CK NO.: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| **Charles Novins, Esq.** | ( 732 ) 341-407 | **Ocean** |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| **Charles Novins appearing Pro Se** | L 705-09 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| **54 East Water St.** **Toms River, NJ 08753** | **Complaint** |
| | JURY DEMAND  [X] YES  [ ] NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| **Charles Novins** | **Kevin A. Cannon, et al.** |

| CASE TYPE NUMBER (See reverse side for listing)  6:09 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  [ ] YES [X] NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- |

| RELATED CASES PENDING?  [ ] YES [X] NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  [X] YES  [ ] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  [ ] NONE  [X] UNKNOWN |
| --- | --- |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  [X] YES [ ] NO | IF YES, IS THAT RELATIONSHIP | [ ] EMPLOYER-EMPLOYEE  [ ] FAMILIAL | [ ] FRIEND/NEIGHBOR  [ ] BUSINESS | [X] OTHER (explain)___ |
| --- | --- | --- | --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  [ ] YES [ ] NO |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: **This matter involves libelous and other criminal acts committed via the internet and having a basis in contacts with the State of New Jersey.**

FILED
FEB 1 3 2009
SUPERIOR COURT, OCEAN COUNTY

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  [ ] YES [X] NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ___ |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED?  [ ] YES [X] NO | IF YES, FOR WHAT LANGUAGE: ___ |
| --- | --- |

ATTORNEY SIGNATURE

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.

CHARLES NOVINS, ESQ.
54 EAST WATER STREET
TOMS RIVER, NEW JERSEY 08754
(732) 341-4077
Plaintiff *pro se*

FEB 13 2009

Charles Novins, ESQ., P.C.           :
And Charles Novins, Personally       :

        PLAINTIFFS           :
                    :

v.                                   :

Kevin A. Cannon,                     :
Kevin Michael Fries,                 :
Jim Kelso                            :
Rhonda Lea Kirk AKA Fries            :
Vincent Lamb,                        :
Carl R. Osterwald,                   :
Rick Mather                          :
Albert C. Young,                     :
Sean Monaghan,                       :
Google, Incorporated, A             :
Corporation Doing Business in the    :
State Of New Jersey,                 :
TSB Bearings, Inc., A                :
Corporation Doing Business in the    :
State Of New Jersey,                 :
Databasix, A                         :
Corporation Doing Business in the    :
State Of New Jersey,                 :
Oakland Community College,           :
Bloomfield Hills, MI                 :
XYZ Partnerships (1-100)             :
John and Jane Does (1-100),          :
ABC Entities/Corporations (1-100),   :
John and Jane Roes (1-100,)          :
including, but not limited to,       :
unnamed and/or unknown               :
defendants yet to be discovered      :
used by these defendants and others. :

        DEFENDANTS            :

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, OCEAN COUNTY

DOCKET NO. L-705-09

CIVIL ACTION

COMPLAINT, DEMAND FOR INSURANCE
INFORMATION, DEMAND FOR TRIAL BY
JURY.



FILED

FEB 13 2009

SUPERIOR COURT, OCEAN COUNTY

FILED

FEB 13 2009

SUPERIOR COURT OCEAN COUNTY

Plaintiffs, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing *Pro Se*, by way of Complaint against Defendants listed above, and others yet to be discovered, hereby avers as follows:

## COUNT ONE - DEFAMATION

1. Plaintiff is and at all times material hereto was an adult individual, incorporated as a Professional Corporation in the State of New Jersey, and practicing at the above address, where contact may be made, and was an individual living at a residential address in the County of Ocean (the specifics of which are not relevant to this action.). Plaintiff has at all times enjoyed a good name and reputation in the community in which he resides.

2. Defendant Kevin A. Cannon, on February 13, 2008, caused to be published a libelous publication in a world-wide forum, alleging Plaintiff's law firm was staffed by drug addicts, and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin A. Cannon, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

3. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider

employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin A. Cannon, for damages both compensatory and punitive, plus interest and costs of suit.

## COUNT TWO - DEFAMATION

4. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

5. Defendant Kevin A. Cannon, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin A. Cannon, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

6. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

7. WHEREFORE, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin A. Cannon, for damages both compensatory and punitive, plus interest and costs of suit.

COUNT TWO - DEFAMATION

8. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

9. Defendant Kevin Michael Fries, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff

personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin Michael Fries, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

10. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin Michael Fries, for damages both compensatory and punitive, plus interest and costs of suit.

11. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin Michael Fries, for damages both compensatory and punitive, plus interest and costs of suit.

COUNT THREE - DEFAMATION

12. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

13. Defendant Jim Kelso on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Jim Kelso, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

14. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Jim Kelso, for damages both compensatory and punitive, plus

interest and costs of suit.

15.     WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Jim Kelso, for damages both compensatory and punitive, plus

interest and costs of suit.

COUNT TWO - DEFAMATION

16. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully

set forth herein.

17. Defendant Rhonda Lea Kirk, on various dates within the preceding six years, caused to be

published a libelous publication in a world-wide forum, alleging various instances of libel *per se*

and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff

personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and

was repeatedly published numerous times thereafter by the Defendant, Rhonda Lea Kirk, with

specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation

emotional distress.

18.  As a result of the intentional publication of the false and defamatory allegations to a

worldwide forum, several clients indicated they had read and found the comments influenced

their decisions regarding representation. Also, individuals wishing to be employed by the firm

commented several times that the false publication had influenced them to reconsider

employment in the Novins firm. Colleagues in the legal community expressed concern regarding

the defamatory comments. The revenues of the business declined demonstrably during this

period after the publication on February 13, 2008. Moreover, the Plaintiff individually

experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Rhonda Lea Kirk, for damages both compensatory and punitive,

plus interest and costs of suit.

19.    WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Rhonda Lea Kirk, for damages both compensatory and punitive,

plus interest and costs of suit.

COUNT TWO - DEFAMATION

20. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully

set forth herein.

21. Defendant Vincent Lamb, on various dates within the preceding six years, caused to be

published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Vincent Lamb, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

22. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Vincent Lamb, for damages both compensatory and punitive, plus interest and costs of suit.

23. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se, demands

judgment against Defendant, Vincent Lamb, for damages both compensatory and punitive, plus

interest and costs of suit.

COUNT TWO - DEFAMATION

24. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully

set forth herein.

25. Defendant Carl R. Osterwald, on various dates within the preceding six years, caused to be

published a libelous publication in a world-wide forum, alleging various instances of libel *per se*

and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff

personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and

was repeatedly published numerous times thereafter by the Defendant, Carl R. Osterwald, with

specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation

emotional distress.

26. As a result of the intentional publication of the false and defamatory allegations to a

worldwide forum, several clients indicated they had read and found the comments influenced

their decisions regarding representation. Also, individuals wishing to be employed by the firm

commented several times that the false publication had influenced them to reconsider

employment in the Novins firm. Colleagues in the legal community expressed concern regarding

the defamatory comments. The revenues of the business declined demonstrably during this

period after the publication on February 13, 2008. Moreover, the Plaintiff individually

experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Carl R. Osterwald, for damages both compensatory and punitive, plus interest and costs of suit.

27. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Carl R. Osterwald, for damages both compensatory and punitive, plus interest and costs of suit.

COUNT TWO - DEFAMATION

28. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

29. Defendant Rick Mather, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Rick Mather, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation

emotional distress.

30.  As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm.  Colleagues in the legal community expressed concern regarding the defamatory comments.  The revenues of the business declined demonstrably during this period after the publication on February 13, 2008.  Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Rick Mather, for damages both compensatory and punitive, plus interest and costs of suit.

31.    WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Rick Mather, for damages both compensatory and punitive, plus interest and costs of suit.

COUNT TWO - DEFAMATION

32. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

33. Defendant Albert C. Young, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Albert C. Young, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

34. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Albert C. Young, for damages both compensatory and punitive,

plus interest and costs of suit.

35.     WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Albert C. Young, for damages both compensatory and punitive,

plus interest and costs of suit.

COUNT TWO - DEFAMATION

36. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully

set forth herein.

37.  Defendant Sean Monaghan, on various dates within the preceding six years, caused to be

published a libelous publication in a world-wide forum, alleging various instances of libel *per se*

and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff

personally was a person of ill repute. Defendant, Sean Monaghan, had specific intention of

harming the Plaintiff's practice, and also had the intent to cause humiliation and emotional

distress.

38.  As a result of the intentional publication of the false and defamatory allegations to a

worldwide forum, several clients indicated they had read and found the comments influenced

their decisions regarding representation. Also, individuals wishing to be employed by the firm

commented several times that the false publication had influenced them to reconsider

employment in the Novins firm. Colleagues in the legal community expressed concern regarding

the defamatory comments. The revenues of the business declined demonstrably during this

period after the publication on February 13, 2008. Moreover, the Plaintiff individually

experienced emotional distress and humiliation as a result of the publication.


WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Sean Monaghan, for damages both compensatory and punitive, plus

interest and costs of suit.


39.    WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

judgment against Defendant, Sean Monaghan, for damages both compensatory and punitive, plus

interest and costs of suit.


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

40.  Defendants ABC Corporation 1-10,  XYZ Partnership 1-10, and John and Jane Doe 1-100,

are fictitious named identities of persons, identities unknown, who acted, assisted and/or

participated in the assault of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants  ABC Corporation, XYZ

Partnership and John and Jane Doe's jointly, severally and together with interest and costs of

suit.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R.4:1 0-2(b), demand is hereby made that Defendants disclose to Plaintiffs whether there are any insurance agreements or policies under which any person or firm carrying on insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby stated that no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

Dated: February 13, 2009

_____
CHARLES NOVINS, ESQ.

... Groups ... fill your legal need...    http://groups.google.com/group/alt.culture.alaska/msg/30a79dd41c48..

Google Groups  atlasbuggedBYspam@gmail.com |  My Groups  |  Favorites | Profile | Help | My Account | Sign out

# alt.culture.alaska

[Search this group]  [Search Groups]

Message from discussion Law Offices of Charles Novins hires drug addicts to fill your legal needs

View parsed - Show only message text

```
Path: g2news1.google.com!postnews.google.com!e25g2000prg.googlegroups.com!not-for-mail
From: Kevin.Cannon....@googlemail.com
Newsgroups: alt.culture.alaska, alt.battlestar-galactica, alt.tv.scifi.channel,
    alt.tv.firefly, alt.tv.stargate-atlantis
Subject: Law Offices of Charles Novins hires drug addicts to fill your legal
    needs
Date: Tue, 12 Feb 2008 23:15:05 -0800 (PST)
Organization: http://groups.google.com
Lines: 54
Message-ID: <0f93bd9c-b4a7-4d17-8eb2-f793166900f7@e25g2000prg.googlegroups.com>
NNTP-Posting-Host: 85.25.136.135
Mime-Version: 1.0
Content-Type: text/plain; charset=ISO-8859-1
Content-Transfer-Encoding: 7bit
X-Trace: posting.google.com 1202886905 3679 127.0.0.1 (13 Feb 2008 07:15:05 GMT)
X-Complaints-To: groups-abuse@google.com
NNTP-Posting-Date: Wed, 13 Feb 2008 07:15:05 +0000 (UTC)
Complaints-To: groups-abuse@google.com
Injection-Info: e25g2000prg.googlegroups.com; posting-host=85.25.136.135;
    posting-account=7iJreAoAAAA6bynTmf5I2nFzosKYMIQ9
User-Agent: G2/1.0
X-HTTP-UserAgent: Opera/9.25 (X11; Linux i686; U; en),gzip(gfe),gzip(gfe)
```

Until recently, the website of Charles Novins aka Atlas Bugged
confessed to an embarrassing not-so-secret fact regarding Novin's
hiring practices.  Charles Novins hires drug addicts to fill your
legal needs, these drug addicts have full access to your confidential
information, and represent an ongoing potential exposure within the
realm of identity theft and breach of confidentiality.  A number of
his clients have experienced identity theft.  A number of his clients
have suffered staggering losses.  The savvy prospective client must
ask him or herself, do I really want to hire the services of a firm
that hires drug addicts?  Do I really want my confidential and
privileged information in the hands of those who pop pills and push
chemicals into their bodies without medical supervision?

Yes, Charles Novins made the unprofessional remarks disclosing that he
shuns drug testing and encouraging folks who "inhale" or "whatever" to
apply.  His law firm welcomes them.  He made these remarks due to his
inability to distinguish between reality and fantasy, to Novins, this
was a stab at the people who laugh at his inability to comport himself
properly on Usenet and Internet websites.  To Novins this "punished"
the people who laugh at him yet somehow insult disclosure did
not harm his practice.  If true that his practice is not harmed by his
public advertisement that he hires drug addicts, why were these
remarks about his hiring of drug addicts removed from his website?

Professional attorneys do not get into flame wars in newsgroups that
exist to headquarter people who flood other newsgroups with attacks
upon the "kookiness" of the inhabitants.  Professional attorneys do
not brag about their ability to insult others while attacking those
who insult others.  Professional attorneys, employed professional
attorneys do not have time for such silliness.  Charles Novins does,
though, because Charles Novins is not a professional attorney, he is a
progressive mentally ill embarrassment to his family.

Everything Novins does seems to revolve around Usenet and long hours
spent watching sci-fi and fantasy television.  One must ask themselves
why an alleged professional attorney is so obsessed with Usenet and
fantasy entertainment that he allowed his online conduct to cost him
his job working for his own father.  How bad does a son have to behave
for a father to throw him out and cut him off?

Just one more reason why the people of Toms River, New Jersey should
not be hiring the Law Offices of Charles Novins to perform their legal

Law Offices of Charles Novins hires drug addicts to fill your legal nee...    http://groups.google.com/group/alt.culture.alaska/msg/30a79dd41c48...

services.  Confidential information seems to find its way into the
hands of identity thieves, the offices of opposing counsel, and
unsavory crooks in far away countries known to be hotbeds of criminal
activity.

Do intelligent attorneys hire drug addicts?  Do integral attorneys
allow drug addicts access to privileged information?  Do professional
attorneys spend their free time cyberstalking those they claim are
cyberstalkers?

Charles Novins, a legacy of unprofessional conduct, risky business
practices, and hypocrisy.

**Create a group** - Google Groups - Google Home - Terms of Service - Privacy Policy
©2009 Google