

JUN 12 2009

LAW OFFICE OF DENNIS J. DUNCAN, LLC
599 BLOOMFIELD AVENUE
BLOOMFIELD, NEW JERSEY 07003
PH: (973) 743-7100 FAX: (973) 743-7101
ATTORNEYS FOR DEFENDANT, RICHARD "VINCE" LAMB

|  |  |  |
|---|---|---|
| CHARLES NOVINS, ESQ. P.C. and CHARLES NOVINS, Personally, | : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY |

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION: OCEAN COUNTY

CHARLES NOVINS, ESQ. P.C. and :
CHARLES NOVINS, Personally, :
:
             Plaintiffs,      :    Docket No. OCN-L-705-09
      v.                      :
                              :    Civil Action
                              :
                              :
Kevin A. Cannon, et al.       :    ANSWER, SEPARATE DEFENSES,
                              :    COUNTERCLAIM INCLUDING
                              :    PRAYER FOR INJUNCTIVE
                              :    RELIEF, CROSS-CLAIM
                              :    FOR CONTRIBUTION, CROSS
                              :    FOR INDEMNIFICATION, DEMAND
                              :    FOR TRIAL BY JURY, NOTICE
                              :    OF ALLOCATION, DEMAND FOR
                              :    COPIES OF DOCUMENTS
                              :    REFERRED TO IN THE
                              :    PLEADING, DESIGNATION OF
                              :    TRIAL COUNSEL, DEMAND FOR
                              :    STATEMENT OF DAMAGES,
                              :    DEMAND FOR INSURANCE
                              :    AGREEMENTS OR POLICIES,
                              :    R.4:5-1 & R.4:61-1(d)
                              :    CERTIFICATIONS AND
                              :    CERTIFICATIONS OF SERVICE
                              :

        Defendant Richard "Vince" Lamb (hereafter "Lamb" or

"Defendant"), by way of answer to the Complaint filed by

Plaintiffs Charles Novins, Esq. P.C. (hereinafter "Novins

PC") and Charles Novins, Personally (hereinafter "Novins")

(collectively "the Plaintiffs"), says:

## As to the INTRODUCTORY PARAGRAPH

With regard to the introductory paragraph on page two of Plaintiff's Complaint, Defendant denies the statements made therein as the Defendant believes that no "Professional Corporation" named "Charles Novins, ESQ., P.C." exists under the laws of New Jersey as Plaintiff Charles Novins, Esquire has not complied with the provisions of the "Professional Services Act" (N.J.S.A. 14A17-1 through 18). Therefore, Plaintiff Charles Novins, Esq., P.C. is not a real party in Interest under R. 4:26-1.

## As to COUNT ONE - DEFAMATION

1. Defendant denies the statement in the first sentence in the first paragraph as Defendant believes that Plaintiff is not "incorporated as a Professional Corporation in the State of New Jersey". Moreover, since the Plaintiffs in the first sentence of the first paragraph have specifically elected to plead that an alleged incorporated Professional Corporation "practices" at the address "above" and that an individual Charles Novins "lives" at an unspecified address in the County of Ocean, the Defendant reads this limitation as applying to the paragraphs that follow and the Complaint as a whole. With respect to the remaining allegations alleged in the first sentence of the first paragraph, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the first paragraph and leaves Plaintiffs to their proofs regarding same. Additionally, the first sentence of the first paragraph is denied inasmuch as same is improper in a

pleading of this sort, being a statement of law.  The
Defendant will rely instead upon applicable Court
decisions, both Federal and State, for this test of
liability.  Defendant denies the allegations in the second
sentence of the first paragraph.

2. Defendant denies the statements in the first sentence
of the second paragraph with respect to the allegations
regarding "Plaintiff's law firm", as the Plaintiff's have
specifically elected to indicate that an alleged
incorporated Professional Corporation "practices" in the
State of New Jersey and an individual "lives" in the County
of Ocean.  Therefore, since an unincorporated Professional
Corporation can not practice law in the State of New
Jersey, Defendant denies the above-referenced allegations.
With respect to the second sentence of the second
paragraph, Defendant denies the allegations which are
directed to alleged harm to "Plaintiff's practice" which as
set forth above refers to an unincorporated Professional
Corporation.   Moreover, Defendant is without information
sufficient to form a belief as to the truth of the
allegations contained in the second paragraph as a whole
and leaves Plaintiffs to their proofs regarding same.

3. Defendant denies the statements in the first sentence
of the third paragraph as the allegations there allege that
"several clients" deferred from electing "representation"
by an unregistered Professional Corporation, an entity
without the ability to practice law in the state of New
Jersey.  Defendant similarly denies the allegations in the
second sentence of the third paragraph which claim that

- 3 -

"individuals" wished "to employ the firm" and were influenced not to employ the firm. Defendant denies the statement contained therein as Defendant supports the decision of clients not to employ an entity which is not licensed to practice law in the state of New Jersey. With regard to the remaining allegations in the third through fifth sentences of the third paragraph and the WHEREFORE Clause that follows it, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the those sentences and leaves Plaintiffs to their proofs regarding same.

### As to the FIRST COUNT TWO - DEFAMATION

4. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

5. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the fifth paragraph and leave Plaintiffs to their proofs regarding same.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the sixth paragraph and leave Plaintiffs to their proofs regarding same.

7 Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the

seventh paragraph and leave Plaintiffs to their proofs regarding same.

### As to the Second COUNT TWO - DEFAMATION

8. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

9. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the ninth paragraph and leave Plaintiffs to their proofs regarding same.

10. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the tenth paragraph and leave Plaintiffs to their proofs regarding same

11. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the eleventh paragraph and leave Plaintiffs to their proofs regarding same.

### As to COUNT THREE - DEFAMATION

12. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the

thirteenth paragraph and leave Plaintiffs to their proofs
regarding same.

14. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
fourteenth paragraph and leave Plaintiffs to their proofs
regarding same.

15. Defendant is without information sufficient to form
a belief as to the truth of the allegations contained in
the fifteenth paragraph and leave Plaintiffs to their
proofs regarding same.

### As to the Third COUNT TWO - DEFAMATION

16. Defendant repeats and reincorporates his responses to
the foregoing paragraphs as though fully set forth at
length herein.

17. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
seventeenth paragraph and leave Plaintiffs to their proofs
regarding same.

18. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
eighteenth paragraph and leave Plaintiffs to their proofs
regarding same

19. Defendant is without information sufficient to form
a belief as to the truth of the allegations contained in

the nineteenth paragraph and leave Plaintiffs to their proofs regarding same.

### As to the Fourth COUNT TWO - DEFAMATION

20. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

21. Defendant denies knowing the Plaintiffs for the past six years as alleged in the first sentence of the twenty-first paragraph. Moreover, the first sentence of the twenty-first paragraph alleges "damaging libel regarding Plaintiff's law firm" which the Plaintiff's have identified as an alleged incorporated Professional Corporation. As explained above in paragraphs one through three of this Answer, the Defendant denies those allegations because he believes that the entity claimed to be practicing law is doing so illegally. With respect to the remaining allegation regarding the Plaintiff individually, the Defendant denies that allegation and leaves Plaintiffs to their proofs regarding same.

22. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the twenty-second paragraph and leaves Plaintiffs to their proofs regarding same.

23. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in

the twenty-third paragraph and leaves Plaintiffs to their proofs regarding same.

### As to the Fifth COUNT TWO - DEFAMATION

24. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the twenty-fifth paragraph and leaves Plaintiffs to their proofs regarding same.

26. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the twenty-sixth paragraph and leaves Plaintiffs to their proofs regarding same

27. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the twenty-seventh paragraph and leaves Plaintiffs to their proofs regarding same.

### As to the Sixth COUNT TWO - DEFAMATION

28. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

29. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the

twenty-ninth paragraph and leaves Plaintiffs to their proofs regarding same.

30. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the thirtieth paragraph and leaves Plaintiffs to their proofs regarding same

31. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the thirty-first paragraph and leaves Plaintiffs to their proofs regarding same.

### As to the Seventh COUNT TWO - DEFAMATION

32. Defendant repeats and reincorporates his responses to the foregoing paragraphs as though fully set forth at length herein.

33. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the thirty-third paragraph and leaves Plaintiffs to their proofs regarding same.

34. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the thirty-fourth paragraph and leaves Plaintiffs to their proofs regarding same

35. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in

the thirty-fifth paragraph and leaves Plaintiffs to their
proofs regarding same.

### As to the Eight COUNT TWO - DEFAMATION

36. Defendant repeats and reincorporates his responses to
the foregoing paragraphs as though fully set forth at
length herein.

37. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
thirty-seventh paragraph and leaves Plaintiffs to their
proofs regarding same.

38. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
thirty-eighth paragraph and leaves Plaintiffs to their
proofs regarding same

39. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
thirty-ninth paragraph and leaves Plaintiffs to their
proofs regarding same.

### As to the Paragraph under the heading "DEMAND FOR JURY TRIAL"

40. Defendant is without information sufficient to form a
belief as to the truth of the allegations contained in the
second paragraph and leaves Plaintiffs to their proofs
regarding same.  Moreover, the plaintiffs have not set
forth any statement of facts on which the claim of "assault

- 10 -

on the Plaintiff" is based, and therefore have failed to show that the pleader is entitled to relief pursuant to R. 4:5-1.

**WHEREFORE**, Defendant demands judgment dismissing this action with prejudice and with costs and attorney fees and such others and further relief as the Court deems just and proper.

### FIRST SEPARATE DEFENSES

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSES

Plaintiff Charles Novins, Esq. P.C. lacks the capacity to sue the Defendants in this action.

### THIRD SEPARATE DEFENSE

Defendant is not an owner, manager, editor, publisher or reporter of any newspaper, magazine, periodical, serial or other publication in the State of New Jersey.

### FOURTH SEPARATE DEFENSES

Plaintiffs have not mitigated any alleged damages by properly serving a request to retract alleged libelous charge within a reasonable time on an owner, manager, editor, publisher or reporter of any newspaper, magazine, periodical, serial or other publication in the State of New Jersey. Therefore, Plaintiffs' claims and alleged damages,

if any, are barred or limited to the actual damages proven and specially alleged in the Complaint.

### FIFTH SEPARATE DEFENSE

Plaintiffs' alleged damages, if any, were caused by their own acts and omissions.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claim and damages are barred in whole or in part by the applicable Statute(s) of Limitations.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' damages are barred by the doctrine of equitable estoppel.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Waiver.

### NINTH SEPARATE DEFENSE

Any statements allegedly made by the Defendant were made as an act in furtherance and defense of their own legitimate affairs and interest and are, therefore, privileged and non-actionable.

### TENTH SEPARATE DEFENSE

Defendant is a public figure.

### ELEVENTH SEPARATE DEFENSE

Defendant's actions are protected by the United States and New Jersey Constitution.

### TWELFTH SEPARATE DEFENSE

Defendant at all times acted in good faith. Plaintiffs have suffered no actual or special harm, damages or injuries.

### THIRTEENTH SEPARATE DEFENSE

The actions of the Defendant, if any, were not the proximate cause of any injury or damage to the Plaintiffs.

### FOURTEENTH SEPARATE DEFENSE

Defendant is not a proper party defendant and owed no duty to the Plaintiffs.

### FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims and/or damages are barred, either in part or in whole, by the economic loss doctrine.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs lack subject matter jurisdiction over the Defendants.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiffs voluntarily assumed the risks arising from and attendant to the events constituting the subject matter of this action.

### EIGHTEENTH SEPARATE DEFENSE

The alleged "libelous publication" and other alleged "various instances of libel *per* se" and "various other

instances of damaging libel regarding Plaintiff's law firm"
and instances of libel regarding the Plaintiff being a
"person of ill repute" are not actionable because they are in
whole or in part true.

## NINETEENTH SEPARATE DEFENSE

The alleged damages to the Plaintiffs, if any, were caused
as a result of Plaintiffs' failure to exercise reasonable and
ordinary care, causation or vigilance.

## COUNTERCLAIM

Counter-Claimant Richard "Vince" Lamb ("Counter-
Claimant" or "Lamb"), by way of counter-claim against
Plaintiffs, says:

## PARTIES

1.     Counter-Claimant Richard "Vince" Lamb is an
individual and resident of the State of Michigan and is on
a tenure track to be a tenured college Professor at a
community college in the state of Michigan.


2.     Plaintiff Novins, upon information and belief, is
a resident of County of Ocean, New Jersey, and a licensed
member of the bar of New Jersey.  Novins has been
associated with or has used the usernames or profiles of
Charles Novins <taxslave@free-market.net>; Robert Charles
<taxslave@free-market.net>; NewParadigmLawfirm

- 14 -

cnjlaw@gmail.com, The Altas Bugged Experience; and Charles Novins.

3.   On information and belief, Plaintiff Novins is an attorney that believes he is **not "limited" by the New Jersey Court Rules**. As he explained in a recent Usenet posting:

> Here's the thing, when you're the *best* at what you do - you are creative, and alternatives are limited only by your imagination, abilities, and tools, not by the Court Rules.
>
> The paint-by-numbers lawyers get clobbered by me, even when my facts are sub-ideal.

### FACTS COMMON TO ALL COUNTER-CLAIMS

4.   On information and belief, "Rodger" is Plaintiff Novins' Usenet nemesis and an unknown individual (or individuals) who appear to have had a long standing dispute with Plaintiff Novins and who has numerous handles and e-mail addresses associated with him (or her or them) such as Dorkless Von Heinybeiter" and "Lio Convoy".

5.   On information and belief, Gregory Hall is an unknown individual who appears to be an online ally of Plaintiff Novins or an ally of another username or profile used by Plaintiff Novins.  Gregory Hall frequently posts

messages in support of Charles Novins on various Usenet newsgroups.

6. Google Technology Inc. (hereafter "Google") is a corporation organized under the laws of the state of California with offices located at Mountain View, California.

7. The Usenet is a portmanteau of "user" and "network" which predates the Internet and is a worldwide distributed discussion system where subscribers (using special news reading software) can read and post public messages either under their own names or under assumed fictitious names to one or more hierarchical categories, known as "newsgroups." The terminology related to Usenet users can be a bit confusing to the uninitiated; the following are TERMS commonly used on the Usenet:

Article – is a post or message.

Discussion/Thread – a series of Usenet articles consisting of an initial post and all of the follow-up posts. Google and newsreader software clients organize threads to show responses in a nested style with consistent timestamps and ">" characters are added to the beginning of

each line of the text in each prior posting allowing users to provide line-by-line or paragraph-by-paragraph response/comments to the previous poster.

Follow-up/Reply – an article that is posted in response to an original article's subject manner.

Handle – a username or alias selected by a Usenet participant

Post – a single message on the Usenet

Subscribe – the process of selecting and monitoring newsgroups that a Usenet participant considers interesting.


8. The Usenet is organized hierarchically into several top-level newsgroup hierarchies (the "Big-8"). Some popular examples are: alt (alternative newsgroups – typically newsgroups devoted to offbeat discussions of alternative ways of looking at things), rec (recreational and hobbies), sci (science related newsgroups) and misc (miscellaneous grab-bag category). Each top-level newsgroup is appended by a "dot" to indicate a link to one or more subcategory news groups. For example: misc.jobs and misc.forsale.sites are newsgroups devoted to job seekers or various items forsale.

9.    alt.usenet.kooks ("AUK") is a Usenet group organized as a subtopic under the alternative top-level hierarchy and devoted to the presentation and examination of odd-ball behavior or debunking strange personalities found on the Usenet.  According to the AUK FAQ (frequently asked questions), the AUK newsgroup is for the discovery and discussion of Kooks on Usenet and the Internet.  These individuals are known technically as "net.kooks." According to the AUK FAQ a net.kooks is:

> If you post uniquely strange, preferably incomprehensible articles, or you manifest a persistent, extreme, and somewhat bizarre obsession, you just might be a net.kook. And more.
>
> It is important to note the subtle distinction between a net.kook, a net.cretin, a clueless newbie, troll, or garden-variety @$$hole. The newbie, one hopes, can acquire a clue on the installment plan even if he can't afford to buy one for cash; the cretin is merely stupid and/or irritating; the troll makes a fool out of himself by making a fool out of you, the @$$hole is, well, simply that. But a TRUE net.kook has a special fascination derived from his/her/its utter ineffability. Their behavior is irrational, if not downright weird, but they are seldom merely boring.
>
> It is not considered appropriate to nominate clueless newbies, trolls, or longwinded spambrains as net.kooks. It is acceptable to nominate net.cretins, or simply to present them, without nomination, for whatever minor amusement value they may have; but the real focus here is on net.kooks in all their raging, indomitable glory.
>
> Important Disclaimer: the fact that someone has been proclaimed a net.kook does not imply any psychological diagnosis in and of itself. A net.kook may or may not be clinically insane; that is not the concern of the AUK audience.
> We hope.

10.   AUK Awards are a suite of awards and titles or imaginary offices awarded to individuals who exhibit the above described behavior.  Chief among them is the "Kook of the Month award."  The Kook of the Month Award is the result of a monthly vote tally of all participants in the AUK group and the vote is tabulated by a group member holding the title "Friendly Neighborhood Vote Wrangler" (hereafter "FNVW").


11.   Google Search Engine is a very well-known and popular Internet search engine which also, *inter alia*, provides access to one of the most frequently used means of accessing the Usenet via their site "Google Groups". Google also provides the ability to search newsgroups via Google's "New Group Archives", a search engine which is the largest collection of indexed Usenet newsgroup achieves, including posts just hours old to posts dating back to May 12, 1981. In addition, Google Groups contains a Query language - a sophisticated and well-documented language which allows all standard types of searches using Boolean searches (AND, OR, and NOT) as well as phrase searching. Google Group websites are located at groups.Google.com.  On information and belief, a user who believes that he has

been libeled may at any time send an e-mail to the address groups-abuse@google.com describing the abuse and ask that the libelous material be removed.  Google provides this information in each posting on the Usenet.  For example, this information is prominently displayed on page one (1) of Exhibit A attached to the Plaintiffs' Complaint, in the header information, line 15, labeled "X-Complaints-To: groups-abuse@google.com".

12.  On or between June 17, 2007 to June 19, 2009, Counter-Claimant Lamb held the title "Friendly Neighborhood Vote Wrangler" (hereafter "FNVW") on AUK and encountered Plaintiff Charles Novins appearing under the name or handle "Atlas Bugged" on AUK.  On information and belief, Novins appeared to be having an online dispute with Novin's nemesis "Roger" who appeared on AUK with numerous handles such as "Dorkless Von Heinybiter" and "Lio Convoy".  On information and belief, the dispute between Plaintiff Novins and Roger appeared to have carried over from Novin's home newsgroup, alt.battlestar.galatica.  At the time period set forth above, Roger attempted to nominate Plaintiff Novins for the Kook of the Month Award under one of Rodger's identities "Dorkless Von Heinybiter", and attempted to second Novin's nomination under another handle

"Lio Convoy". Counter-Claimant Lamb refused to nominate Plaintiff Novins for a Kook award due to the lack of then existing evidence and due to Lamb's finding that the nomination was based upon multiple nominations by the same user (Roger).

13. On June 22, 2007, Plaintiff Novins claimed that Counter-Claimant Lamb had declared Roger a Kook. Counter-Claimant Lamb responded by indicating he did not declare Roger a Kook. In response, Plaintiff Novins posted additional postings on AUK on June 25, 2007, June 28, 2007, June 29, 2007 and June 30, 2007 wherein he indicated that Lamb must provide Novins with information on the identity of Roger or else "I'll probably file this week. I am an attorney". Counter-Claimant Lamb ended communication with Plaintiff Novins after this encounter.

14. At some point after September 30, 2007, Counter-Claimant Lamb read a September 13, 2007 e-mail from Charles Novins and a September 28, 2007 e-mail from the Oakland Community College Director of Human Resources (Counter-Claimant's employer). The September 13, 2007 e-mail from Plaintiff Novins originated from the e-mail address atlasbugged@gmail.com and contained a subject line: "Atlas

Bugged calling!" The message was sent at 4:44 a.m. in the morning. In a cryptic matter, Plaintiff Novins indicated that he was or was not Charles Novins. On information and belief, the stated purpose of the September 13, 2007 e-mail was to force Lamb to determine and/or reveal the identity of Roger. In that e-mail Novins indicated that Defendant Lamb would be

". . . served in a few days with a law suit. If you ain't the guy, it isn't going to matter, just go through the motions and you'll be done with it".

15. A September 28, 2007 e-mail from the Oakland Community College Human Resource Director to Lamb was prompted in response to a September 17, 2007 fax Charles Novins sent under his law firm's letterhead to that Human Resource Director.

16. Counter-Claimant Lamb never provided Plaintiff Charles Novins any personal information such as the name of his employer or work address. Upon information and belief Plaintiff Novins or Novins PC hired a private investigator (or other individual or corporation) to obtain private facts about Lamb.

17.   On or about October 3, 2007, Mr. Novins sent the Human Resource Director a second fax wherein he threatened and insulted the Director for not responding to him and threatened a law suit against Oakland Community College unless the Director complied with Novins's demands. Plaintiffs sought personal information on Lamb as well as information leading to identify of Novin's nemesis Rodger.

18.   On or about October 16, 2007 Plaintiff Novins sent a letter to Lamb's work address indicating that he had spoken to the personnel department at Oakland Community College.   In that letter Novins indicated that he was giving Lamb "a chance to avoid being named in a lawsuit [Novins or Novins PC] prepared and [was] readying for filing".   Novins also indicated that he would not file the lawsuit naming Lamb if, *inter alia*, Lamb provided Novins with "identifying data on various posters who participated in the [June 2007] thread".   On information and belief, Novins wanted information on his nemesis Rodger.   The letter concluded indicating that within two weeks from the date of the letter Lamb would receive a "summons, complaint, and subpoena".

- 23 -

19.  On October 19, 2007, Plaintiff Novins posted to the Usenet and bragged about reporting Counter-Claimant Lamb to his employer and that he was about to serve process on Lamb.

20.  On December 24, 2007, at 3:10 P.M., Novins sent Lamb an e-mail containing the following threat:

> You will either help me track down this psychotic vicious troll, or your going to stay on my radar.
> Naturally, I will instantly file a federal lawsuit with respect to this, and you'll be included, along with the college.

Counter-Claimant Lamb did not take any action with respect to that threat.

21.  On January 24, 2009, Counter-Claimant Lamb, as FNVW for AUK and on behalf of another Usenet user, posted a message entitled "WINNERS! Kook of the Year, 2008".  That posting was the yearly nominations for awards for AUK.  On information and belief, in that thread a nomination was made for Novins handle "Atlas Bugged's" (not the handle or name "Charles Novins").  The nomination was likely prompted because of Novin's obsession with the use of the notlong.com link as a candidate for "the kooksite of the year" award.  Novins handle only received one vote and did not win the award.

22.   On or about January 27, 2009 Plaintiff Novins posted a reply message on AUK to Lamb's January 24, 2009 thread.

> Pinku, leave my handle out of your posts, and don't mention me ever in your ridiculous "awards."
> So far, by ignoring me completely, you've displayed a smattering of brains unlike other AUKtards.
> If I see my handle in any post made by you, there will be consequences, as there will for even this one.
> Back on my radar.  No upside in that for you.

23.   After January 27, 2009, Lamb received a letter at his work address from Novins wherein Novins refers to the January 24, 2009 posting on AUK by Lamb.  In that letter Novins requested *inter alia* that Lamb provide identifying data on Novins' nemesis Roger as well as "various posters who participated in the thread, "including all offline communications with them, including headers where e-mails where exchanged."  Novins indicated that "information must lead to useful identification or this offer is unavailable."  The "offer" Novins' referred to was Novins' offer not to sue Lamb if Lamb gave Novins the real names of all the handles of the persons on AUK including Novins' nemesis Roger.  Moreover, on information and belief, Novins also demanded complete editorial control over the content of all discussion on AUK.

24.  On February 18, 2009, Novins contacted the Oakland Community College Director of Human Resources and indicated that a lawsuit was about to be filed. On that same date Plaintiff Novins posted a message on AUK entitled "PING: Pinku."  In that post, Plaintiff Novins invited Lamb to call him to discuss what he referred as the pending lawsuit.  Later, in a follow-up thread, Novins indicated that he talked to the Dean of Oakland Community College about Lamb "several times." In that thread, Novins also indicated that his motivation in contacting Lamb's employer was to get Lamb fired.  Novins further stated that he was preparing an article for publication in several local Michigan newspapers entitled "internet bullies" which would mention Lamb and Oakland Community College.

25.  On February 19, 2009, Novins posted on AUK, in a thread entitled "The Lowly Community College Biology Instructor" & Tranny . . . . "indicating that he talked to Lamb's employers several times and further indicated that he, Novins, might publish something in the local Michigan newspapers on the topic of "Internet bullies" which would refer to Lamb and his employer.  The Plaintiffs' reference to "Tranny" is intended to convey the false impression that this Defendant is a transvestite.

- 26 -

26.   On February 22, 2009, Novins demanded that the AUK awards discontinue and that he was engaging in economic warfare with against AUK to make "the costs more than the rent you pay".

27.   On or about March 2, 2009, Plaintiff Novins posted a message on AUK with the Subject Line "'Free Speech' Hypocrites" where he published a link to Lamb's employer, Oakland Community College, and further indicated that he would publish Lamb's home address "next week". Novins also indicated that he was considering publishing an article in "Michigan newspapers about the "community" college.

28.   On Sunday February 22, 2009, at 5:45 a.m., Novins posted an item on AUK entitled ""Kook Award" Conclude – Permanently" where he suggests that his motivation is economic warfare.

29.   On March 2, 2009, Novins posted a message again on the Usenet threatening to go to the Michigan newspapers to attempt to put pressure on Oakland Community College to fire Lamb.  On that same date, Novins posted a message on

AUK entitled "Free Speech" Hypocrites", wherein he claimed to have hired an investigator to look into various people on the Usenet (i.e., Usenet users). In that posting Novins posted Lamb's home address twice.

30. On or before March 3, 2009, Novins published Lamb's home and work address and Lamb's photo on Novins' Comcast webpage: http://home.comcast.net/~abcc/BuggedKookPage.htm. In addition, Novins falsely alleged that Lamb organized and assisted various hate groups so they could avoid prosecution. Lamb as well as other affected co-defendants have attempted to shut down Novins' website (i.e., his Comcast webpage) without success.

31. On March 5, 2009, Novins posted a message on the Usenet that his intent in filing the law suit is to get Lamb fired from his job.

32. On or about March 9, 2009, Novins posted on AUK and other sites entitled "Contact Pinku!" where he posted Lamb's home address, work address, date of birth and invited others to contact Lamb and his employer Oakland Community College to invade his privacy.

33.  On or about May 20, 2009, Novins on information and belief, caused a process server to trespass onto the property of Oakland Community College to serve a copy of the Plaintiff's complaint and summons upon Lamb while he was conducting a class before a group of students. Plaintiffs Novins and/or Novins PC did this after signing a May 15, 2009 stipulation to extend Lamb's time for filing responsive pleadings to the instant Complaint.  Plaintiff Novins and/or Novins PC's May 20, 2009 Service upon Lamb was therefore unnecessary and was done to harass and embarrass Lamb.

### CLAIMS FOR RELIEF

### COUNTER-CLAIM - COUNT ONE – DEFAMATION

34.  The Counter-Claimant repeats and realleges paragraphs 1 through 33, as if set forth at length herein.

35.  Plaintiff Novins and/or Novins PC's has intentionally published false and defamatory statements to a worldwide audience that Counter-Claimant Richard "Vince" Lamb organized and assisted various hate groups to help them avoid prosecution.  Plaintiff Novins and/or Novins PC's also intentionally published false and defamatory

statements to a worldwide audience that Counter-Claimant Richard "Vince" Lamb is a transvestite.

36.  Plaintiff Novins and/or Novins PC's published the above statements with actual knowledge of their falsity, or with reckless disregard of their truth or falsity, thereby causing Counter-Claimant Lamb damages.

37.  Counter-Claimant Lamb has been damaged by the above-referenced defamatory statements.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

<u>CLAIMS FOR RELIEF</u>

<u>COUNTER-CLAIM - COUNT TWO — FALSE LIGHT</u>

38.  The Counter-Claimant repeats and realleges paragraphs 1 through 37 as if set forth at length herein.

39.  Plaintiff Novins and/or Novins PC has made false assertions, innuendos and implications that counter-claimant Lamb organized and assisted various hate groups to

help them avoid prosecution, thereby placing Lamb in a false light before the public. Plaintiff Novins and/or Novins PC's have made false assertions, innuendos and implications that counter-claimant Lamb is a transvestite. Those depictions of Lamb were highly offensive presentations. Plaintiff Novins and/or Novins PC had knowledge of, or acted in reckless disregard as to the falsity of, the above publicized assertions and innuendos.

40. Counter-Claimant Lamb has been damaged by the above-referenced false depictions.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

## COUNTER-CLAIM - COUNT THREE – PRIVATE FACTS

41. The Counter-Claimant repeats and realleges paragraphs 1 through 40 as if set forth at length herein.

42. Plaintiffs Novins and/or Novins PC gave publicity to matters concerning the private life of Lamb on several occasions by publishing, *inter alia*, Lamb's photograph,

home and work addresses and his e-mail address on AUK and other USENET newsgroups as well as on Novins' webpage (his Comcast webpage). These private matters pertaining to Lamb that were publicized by Plaintiffs were of no legitimate concern to the public.

43. Counter-Claimant Lamb has been damaged by the above-referenced actions of the Plaintiffs.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

### COUNTER-CLAIM - COUNT FOUR - INTRUSION

44. The Counter-Claimant repeats and realleges paragraphs 1 through 43 as if set forth at length herein.

45. Plaintiff Novins and/or Novins PC's (either individually, or collectively through their agents) intentionally intruded, physically or otherwise, upon the solitude or seclusion of Lamb and his private affairs and concerns, thereby invading Lambs's privacy. On information and belief, said intrusions included surreptitious

surveillance, and/or traditional trespass by Plaintiffs and/or their agents. Furthermore, Plaintiffs and/or their agents gained access to information under false pretenses.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

### COUNTER-CLAIM - COUNT FIVE - CONTRACTUAL PERFORMANCE INTERFERED WITH BY OUTSIDER

46. The Counter-Claimant repeats and realleges paragraphs 1 through 45 as if set forth at length herein.

47. On information and belief, Plaintiff Novins knew of Lamb's position as an instructor or professor and of Lamb's contract of employment at Oakland Community Collage as a professor. Plaintiff Novins was not and is not a party to the contract between Lamb and Oakland Community College.

48. On information and belief, Novins on several occasions intentionally and without justification or excuse communicated with various administrative officials at Oakland Community College by way of telephone, fax,

- 33 -

traditional U.S.P.O. mail, e-mail and by physical trespass onto the property of Oakland Community College in order to disrupt or otherwise harm Lamb's relationship with Oakland Community College.

49. On information and belief, Plaintiffs Novins and/or Novins PC actually interfered with the performance of the above-referenced contract by the above described conduct. Furthermore, Novins and/or Novins PC has on numerous occasions publicly acknowledged his conduct in communicating with Oakland Community College and Novins further stated that he (Novins) previously worked for the government and that he knew that his conduct of harassment would eventually lead to Lamb being fired from his job.

50. Counter-Claimant Lamb has been damaged by the above-referenced conduct by the Plaintiffs.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

## COUNTER-CLAIM - COUNT SIX – PROSPECTIVE ECONOMIC ADVANTAGE INTERFERED WITH BY OUTSIDER

51.  The Counter-Claimant repeats and realleges paragraphs 1 through 50 as if set forth at length herein.

52.  On information and belief, Novins knew of Lamb's position of employment at Oakland Community College. Novins was not a party to the relationship between Lamb and that college.  At all times relevant hereto Lamb had prospect of continued employment and/or promotion with Oakland Community College.

53.  On information and belief, Novins on several occasions intentionally and without justification or excuse communicated to various administrative officials at Oakland Community College by way of telephone, fax, traditional U.S.P.O. mail, e-mail and by physical trespass onto the property of Oakland Community College in order to interfere with the relationship between Lamb and the College.

54.  On information and belief, Novins actually interfered with Lamb's prospective advantage with Oakland Community College by the above described conduct.

Furthermore, Novins and/or Novins PC has on numerous occasions publicly acknowledged his above-referenced conduct stating that he (Novins) previously worked for the government and that he knew that his conduct of harassment would eventually lead to Lamb not obtaining tenure at his job at the college.

55.   Counter-Claimant Lamb has been damaged by Plaintiffs' above-referenced conduct.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with the costs of suit.

### COUNTER-CLAIM - COUNT SEVEN - DERIVATIVE TORT OF CRIMINAL HARASSMENT PURSUANT TO N.J.S.A. 2C:33-4

56.   The Counter-Claimant repeats and realleges paragraphs 1 through 55 as if set forth at length herein.

57.   Novins purposely harassed and continues to harass Lamb by making or causing others to make communications in a manner that Novins and/or Novins PC knows or should have known is likely to cause annoyance or alarm.  Furthermore,

Plaintiffs have engaged in alarming conduct, repeatedly committing these acts with the purpose to alarm or seriously annoy Lamb.

**WHEREFORE**, Counterclaimant Lamb demands entry of judgment awarding compensatory and punitive damages, and the issuance of temporary restraints and a preliminary and permanent injunction against Novins and/or Novins PC, as follows:

a.  Prohibiting Plaintiffs from placing phone calls, sending e-mails or letters or any other mode of communications to Oakland Community College, its administration, faculty, staff or students unless said communication is on at least ten (10) days advanced notice to Counter-Claimant Lamb and

(i.)    Such communication is specifically related to a legitimate purpose in connection with this action; and

(ii.)    Is directed to Oakland Community Colleges' legal counsel; and

(iii.)    Occurs only after Oakland Community College has been properly served

with the instant complaint and all other

pleadings;

b.   Prohibiting Plaintiffs from causing any

investigators or other persons or entities

to contact Lamb without leave of Court and

requiring Plaintiffs to provide Lamb with

ten (10) days advance notice of any such

application to the Court;

c.   Awarding compensatory and punitive damages,

attorney fees, costs of suit; and

d.   Granting such other and further relief as

the Court deems equitable and just.

## COUNTER-CLAIM - COUNT EIGHT - ABUSE OF LEGAL PROCESS

58.   The Counter-Claimant repeats and realleges

paragraphs 1 through 57 as if set forth at length herein.

59.   On information and belief, since at least late

June 2007, Novins and/or Novins PC have been obsessed with

finding the identity of a USENET user with the handle

"Roger".  To that end, Plaintiffs have repeatedly

threatened, harassed and engaged in other alarming conduct

directed at Lamb and others to coerce them to provide

information about the true identity of "Rodger". Those
efforts have included the filing of the instant action
against Lamb. That filing by Plaintiffs was made for that
(and other) improper purposes. Moreover, on information
and belief, Novins and/or Novins PC has indicated that one
of his other improper reasons for filing the instant law
suit is to obtain editorial control over AUK and the
Usenet. Plaintiffs' conduct demonstrates that they have
filed and are maintaining the instant lawsuit for the two
above-referred improper purposes.

60. On information and belief, among other things,
Plaintiffs know or should know that their allegations
directed against Lamb in this action are without merit.
Examples of Plaintiffs' conduct indicating their improper
purpose include, threatening the filing of a law suit or
federal law suit on numerous occasions beginning on or
about June 30, 2007. Since that time the Plaintiffs made
at least three separate communications of this sort to Lamb
in September of 2007. In addition, the Plaintiffs made at
least one such communication in October 2007, one such
communication on December 24, 2007, at least two such
communications in January of 2009 and February of 2009.

61. In making certain of the above referenced communications, the Plaintiffs indicated that Novins would use his superior position as a lawyer to file and maintain a meritless action against Lamb (that would be costly for Lamb to defend) unless Lamb reveals the identify of Roger and helped Novins obtain censorship over AUK.

62. On information and belief, Plaintiffs have actually committed further acts of abuse of process after issuing legal process on February 19, 2009 against Lamb by: 1) causing his agent to trespass upon the property of Lamb's employer to serve a copy of the complaint and summons after signing a consent order extending Lamb's time to file responsive pleadings; 2) authoring and sending an e-mail to Lamb's co-defendant Rhonda Fries indicating that he (Novins) knows that co-defendant Cannon is not the author of Exhibit A to the instant Complaint; 3) posting several messages and replies to threads on various newsgroups on the Usenet indicating that Plaintiffs would settle the case if Plaintiffs receives from Lamb the contact information for Novins' nemesis Rodger and obtains editorial control over all discussion on AUK.

63. Accordingly, on information and belief, Plaintiffs' conduct in filing the instant Complaint was to coerce or oppress either through an intentional malicious use of process or issuance of process without reason or probable cause.

**WHEREFORE**, Counterclaimant Lamb demands entry of judgment awarding compensatory and punitive damages, and granting the issuance of temporary restraints and a preliminary and permanent injunction against Novins, as follows:

    a. Prohibiting Novins from posting on the Usenet, Internet or otherwise publicly communicating any non-public information relating to the instant law suit (or the defendants named in the action or their lawyers and/or jurists or judicial staff) without leave of Court and on at least ten (10) days advance notice to Counter-Claimant Lamb;

    b. Awarding compensatory and punitive damages, attorney fees and costs of suit; and

    e. Granting such other and further relief as the Court deems equitable and just.

## COUNTER-CLAIM - COUNT NINE - FRIVOLOUS LAWSUIT

64. The Counter-Claimant repeats and realleges paragraphs 1 through 63 as if set forth at length herein.

65. The Defendant asserts, for the foregoing reasons, that Plaintiffs' Complaint is frivolous as defined by N.J.S.A. 2A:15-59.1.

**WHEREFORE**, Counter-Claimant Lamb demands judgment against Plaintiffs, for compensatory and punitive damages, together with attorney' fees and costs of suit.

## CROSS-CLAIM FOR CONTRIBUTION

Should the Defendant be held liable to either or both of the Plaintiffs, this Defendant would be entitled to judgment over against all other defendants for contribution pursuant to the New Jersey Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53a-1, et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. and any other applicable statutory or decisional law.

## CROSS-CLAIM FOR INDEMNIFICATION

Should this Defendant be held liable to either or both of the Plaintiffs, this Defendant would be entitled to judgment over and against all other defendants for indemnification pursuant to contract, and/or the common and statutory law of New Jersey.

## NOTICE OF ALLOCATION

Pursuant to N.J. Court Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584, 592-93 (1991) this Defendant hereby advises that if any co-defendant or other party settles this matter with the Plaintiffs at anytime prior to trial, the liability of any settling co-defendant or other party shall remain an issue, and Defendant shall seek a percentage allocation of negligence by the finder of fact against any such settling co-defendant or other party, and/or credit in favor of Defendant consistent with such allocation.

## DEMAND FOR TRIAL BY JURY

This Defendant demands a trial by jury as to all issues so trialable.

## DEMAND FOR DOCUMENTS REFERRED TO IN THE PLEADING

Pursuant to N.J. Court Rule 4:18-2 Defendant hereby demands that Plaintiffs produce, within five (5) days of the service of this demand, all documents referred to in Plaintiffs' Complaint in this matter, including, but not limited to all documents to which Plaintiff refers in paragraphs 21 and 22 under the third heading "COUNT TWO – DEFAMATION".

## DESIGNATION OF TRIAL COUNSEL

In accordance with N.J. Court Rule 4:5-1(c) Dennis J. Duncan is hereby designated as trial counsel for Richard "Vince" Lamb.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to N.J. Court Rule 4:5-2 this Defendant hereby demands that the Plaintiffs furnish a statement of the amount of damages they claim with respect to each Count of their Complaint within five days after the service of this pleading.

By: _____
Dennis J. Duncan

Dated:   June 11, 2009

## DEMAND FOR INSURANCE AGREEMENTS OR POLICIES

Pursuant to N.J. Court Rule 4:5-2 this Defendant hereby demands that the Plaintiffs disclose to Lamb whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Defendant Richard "Vince" Lamb hereby certifies that based upon the knowledge and information available to him at this time, the matter in controversy is not the subject of any other action, nor of any pending arbitration proceedings.  This Defendant further states that he is currently unaware of the identities of any other parties who should be properly joined in this action.

By: _____

Dennis J. Duncan

Dated:  June 11, 2009

## RULE 4:6-1(d) CERTIFICATION AND CERTIFICATION OF SERVICE

1.   I hereby certify that the annexed Answer was served within the time allowed by N.J. Court Rule 4:6-1(d) as extended pursuant to the attached May 15, 2009 Consent Order agreed to by the Plaintiffs.

2.   I hereby certify that a copy of the annexed Answer (and its attached Civil Case Information Statement) was served upon the following party by Certified Mail, Return Receipt Requested on the date indicated below:

> Charles Novins, Esq.
> 54 East Water Street
> Toms River, NJ 08753
> Phone:  (732) 341-4077
> Fax:  (732) 341-4490
> *(Counsel for Plaintiffs,*
> *Charles Novins, Esq., P.C. and*
> *Charles Novins, Personally)*

3.   I hereby certify that a copy of the annexed Answer (and its attached Civil Case Information Statement) was served upon the following parties by Regular Mail on the date indicated below:

> Jospeh A. Manzo, Esq.
> 37 Rose Lane
> P.O. Box 72
> Rockaway, New Jersey 07866
> Attorney for Defendants
> Carl R. and Yvonne S Osterwald
>
> Kevin A. Cannon
> 19 St. Georges Avenue
> Monroe, NY 10095
> Pro Se Defendant

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dennis J. Duncan

Dated: June 11, 2009

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK   CG   CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME<br>**Dennis J. Duncan** | TELEPHONE NUMBER<br>( 973 ) 743-7100 | COUNTY OF VENUE<br>**Ocean County** |
| --- | --- | --- |
| FIRM NAME (If applicable)<br>**Law Office of Dennis J. Duncan, LLC** | | DOCKET NUMBER (When available)<br>**L-705-09** |
| OFFICE ADDRESS<br>**599 Bloomfield Avenue¶**<br>**Bloomfield, New Jersey 07003** | | DOCUMENT TYPE<br>**Answer with counterclaim** |
| | | JURY DEMAND<br>☒YES  ☐NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br><br>**Richard "Vince" Lamb** | CAPTION<br>**Charles Novins, Esq. P.C. and Charles Novins, Personally, Plaintifffs v. Kevin A. Cannon, et al., Defendants** |
| --- | --- |

| CASE TYPE NUMBER<br>(See reverse side<br>for listing)   **699 / 609** | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐YES ☒NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- |
| RELATED CASES<br>PENDING?<br>      ☐YES ☒NO | IF YES, LIST DOCKET<br>NUMBERS |
| DO YOU ANTICIPATE ADDING<br>ANY PARTIES (arising out of<br>same transaction or occurrence)?   ☐YES ☒NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br><br>☐NONE ☒UNKNOWN |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT,<br>PAST OR RECURRENT<br>RELATIONSHIP?  ☐ YES ☐ NO | IF YES, IS THAT<br>RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>☐ BUSINESS | ☐ OTHER (explain) _____<br>_____ |
| --- | --- | --- | --- | --- |

B. DOES THE STATUTE GOVERNING THIS
CASE PROVIDE FOR PAYMENT OF FEES
BY THE LOSING PARTY?      ☐ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS
THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY<br>DISABILITY ACCOMMODATIONS?  ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE<br>REQUESTED ACCOMMODATION: _____ |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED?   ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: _____ |

ATTORNEY SIGNATURE

**SIDE 2**        # CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT
- 505   OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)

**Track II — 300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 602   ASSAULT AND BATTERY
- 603   AUTO NEGLIGENCE - PERSONAL INJURY
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699   TORT – OTHER

**Track III — 450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV —— Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 240   REDUX/PHEN-FEN (formerly "DIET DRUG")      601   ASBESTOS
- 248   CIBA GEIGY      619   VIOXX
- 264   PPA

999 OTHER (Briefly describe nature of action) _____

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

---

30 - Civil Case Information Statement (CIS)
Appendix XII-B
Effective 4/1/05   P3/05

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510    Page 2