CHARLES NOVINS, ESQ.
54 EAST WATER STREET
TOMS RIVER, NEW JERSEY 08754
(732) 341-4077
Plaintiff *pro se*

FEB 13 2009

| | |
|---|---|
| Charles Novins, ESQ., P.C. And Charles Novins, Personally <br><br> PLAINTIFFS <br><br> v. <br><br> Kevin A. Cannon, <br> Kevin Michael Fries, <br> Jim Kelso <br> Rhonda Lea Kirk AKA Fries <br> Vincent Lamb, <br> Carl R. Osterwald, <br> Rick Mather <br> Albert C. Young, <br> Sean Monaghan, <br> Google, Incorporated, A Corporation Doing Business in the State Of New Jersey, <br> TSB Bearings, Inc., A Corporation Doing Business in the State Of New Jersey, <br> Databasix, A Corporation Doing Business in the State Of New Jersey, <br> Oakland Community College, Bloomfield Hills, MI <br> XYZ Partnerships (1-100) <br> John and Jane Does (1-100), <br> ABC Entities/Corporations (1-100), <br> John and Jane Roes (1-100,) <br> including, but not limited to, unnamed and/or unknown defendants yet to be discovered used by these defendants and others. <br><br> DEFENDANTS | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, OCEAN COUNTY <br><br> DOCKET NO. L-705-09 <br><br> CIVIL ACTION <br><br> COMPLAINT, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR TRIAL BY JURY. <br><br>  |

Plaintiffs, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing *Pro Se*, by way of Complaint against Defendants listed above, and others yet to be discovered, hereby avers as follows:

<u>Count I - Kevin A. Cannon</u>

COUNT ONE - DEFAMATION

1. Plaintiff is and at all times material hereto was an adult individual, incorporated as a Professional Corporation in the State of New Jersey, and practicing at the above address, where contact may be made, and was an individual living at a residential address in the County of Ocean (the specifics of which are not relevant to this action.). Plaintiff has at all times enjoyed a good name and reputation in the community in which he resides.

2. Defendant Kevin A. Cannon, on February 13, 2008, caused to be published a libelous publication in a world-wide forum, alleging Plaintiff's law firm was staffed by drug addicts, and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin A. Cannon, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

3. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider

2

employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin A. Cannon, for damages both compensatory and punitive, plus interest and costs of suit.

*Count II - Kevin A. Cannon*

COUNT TWO - DEFAMATION

4. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

5. Defendant Kevin A. Cannon, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin A. Cannon, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

6. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

7. WHEREFORE, Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se., demands judgment against Defendant, Kevin A. Cannon, for damages both compensatory and punitive, plus interest and costs of suit.

Count III - Kevin Michael Fries

~~COUNT TWO~~ - DEFAMATION

8. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

9. Defendant Kevin Michael Fries, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff

4

personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Kevin Michael Fries, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

10. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin Michael Fries, for damages both compensatory and punitive, plus interest and costs of suit.

11.    WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Kevin Michael Fries, for damages both compensatory and punitive, plus interest and costs of suit.

*Count IV - Jim Kelso*

## ~~COUNT THREE~~ - DEFAMATION

12. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

13. Defendant Jim Kelso on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Jim Kelso, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

14. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands

6

judgment against Defendant, Jim Kelso, for damages both compensatory and punitive, plus interest and costs of suit.

15. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Jim Kelso, for damages both compensatory and punitive, plus interest and costs of suit.

## Count V - Rhonda Lea Kirk Fries ~~COUNT TWO~~ - DEFAMATION

16. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

17. Defendant Rhonda Lea Kirk, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Rhonda Lea Kirk, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

18. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced

their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Rhonda Lea Kirk, for damages both compensatory and punitive, plus interest and costs of suit.

19. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,. demands judgment against Defendant, Rhonda Lea Kirk, for damages both compensatory and punitive, plus interest and costs of suit.

Count VI - Vincent Lamb
~~COUNT TWO~~ - DEFAMATION

20. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

21. Defendant Vincent Lamb, on various dates within the preceding six years, caused to be

published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Vincent Lamb, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

22. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Vincent Lamb, for damages both compensatory and punitive, plus interest and costs of suit.

23. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional

Corporation registered and operating in the State of New Jersey, and appearing Pro Se, demands judgment against Defendant, Vincent Lamb, for damages both compensatory and punitive, plus interest and costs of suit.

**Count VII – Carl R. Osterwald**
~~COUNT TWO~~ - DEFAMATION

24. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

25. Defendant Carl R. Osterwald, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Carl R. Osterwald, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

26. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually

experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,. demands judgment against Defendant, Carl R. Osterwald, for damages both compensatory and punitive, plus interest and costs of suit.

27. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,. demands judgment against Defendant, Carl R. Osterwald, for damages both compensatory and punitive, plus interest and costs of suit.

Count VIII - Rick Mather

~~COUNT TWO~~ - DEFAMATION

28. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

29. Defendant Rick Mather, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Rick Mather, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation

11

emotional distress.

30. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Rick Mather, for damages both compensatory and punitive, plus interest and costs of suit.

31. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Rick Mather, for damages both compensatory and punitive, plus interest and costs of suit.

Count IX - Albert C. Young

~~COUNT TWO~~ - DEFAMATION

32. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

33. Defendant Albert C. Young, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. A copy of this publication is attached as Exhibit "A" and was repeatedly published numerous times thereafter by the Defendant, Albert C. Young, with specific intention of harming the Plaintiff's practice, and also with the intent to cause humiliation emotional distress.

34. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Albert C. Young, for damages both compensatory and punitive,

plus interest and costs of suit.

35. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Albert C. Young, for damages both compensatory and punitive, plus interest and costs of suit.

## Count X - Sean Monaghan

~~COUNT TWO~~ - DEFAMATION

36. Plaintiff repeats each and every allegation set forth in Count One of the Complaint as if fully set forth herein.

37. Defendant Sean Monaghan, on various dates within the preceding six years, caused to be published a libelous publication in a world-wide forum, alleging various instances of libel *per se* and various other instances of damaging libel regarding Plaintiff's law firm and that Plaintiff personally was a person of ill repute. Defendant, Sean Monaghan, had specific intention of harming the Plaintiff's practice, and also had the intent to cause humiliation and emotional distress.

38. As a result of the intentional publication of the false and defamatory allegations to a worldwide forum, several clients indicated they had read and found the comments influenced their decisions regarding representation. Also, individuals wishing to be employed by the firm

14

commented several times that the false publication had influenced them to reconsider employment in the Novins firm. Colleagues in the legal community expressed concern regarding the defamatory comments. The revenues of the business declined demonstrably during this period after the publication on February 13, 2008. Moreover, the Plaintiff individually experienced emotional distress and humiliation as a result of the publication.

WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se., demands judgment against Defendant, Sean Monaghan, for damages both compensatory and punitive, plus interest and costs of suit.

39. WHEREFORE, the Charles Novins, Esquire, appearing personally, and as a Professional Corporation registered and operating in the State of New Jersey, and appearing Pro Se,, demands judgment against Defendant, Sean Monaghan, for damages both compensatory and punitive, plus interest and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

40. Defendants ABC Corporation 1-10, XYZ Partnership 1-10, and John and Jane Doe 1-100, are fictitious named identities of persons, identities unknown, who acted, assisted and/or participated in the assault of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants ABC Corporation, XYZ Partnership and John and Jane Doe's jointly, severally and together with interest and costs of

suit.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R.4:10-2(b), demand is hereby made that Defendants disclose to Plaintiffs whether there are any insurance agreements or policies under which any person or firm carrying on insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby stated that no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

Dated: February 13, 2009

_____
CHARLES NOVINS, ESQ.

16

...... hires drug addicts to fill your legal nee...   http://groups.google.com/group/alt.culture.alaska/msg/30a79dd41c48..

**Google Groups** atlasbuggedBYspam@gmail.com | My Groups   | Favorites | Profile | Help | My Account | Sign out

## alt.culture.alaska

Search this group | Search Groups

Message from discussion Law Offices of Charles Novins hires drug addicts to fill your legal needs

View parsed - Show only message text

```
Path: g2news1.google.com!postnews.google.com!e25g2000prg.googlegroups.com!not-for-mail
From: Kevin.Cannon....@googlemail.com
Newsgroups: alt.culture.alaska, alt.battlestar-galactica, alt.tv.scifi.channel,
     alt.tv.firefly, alt.tv.stargate-atlantis
Subject: Law Offices of Charles Novins hires drug addicts to fill your legal
     needs
Date: Tue, 12 Feb 2008 23:15:05 -0800 (PST)
Organization: http://groups.google.com
Lines: 54
Message-ID: <0f93bd9c-b4a7-4d17-8eb2-f793166900f7@e25g2000prg.googlegroups.com>
NNTP-Posting-Host: 85.25.136.135
Mime-Version: 1.0
Content-Type: text/plain; charset=ISO-8859-1
Content-Transfer-Encoding: 7bit
X-Trace: posting.google.com 1202886905 3679 127.0.0.1 (13 Feb 2008 07:15:05 GMT)
X-Complaints-To: groups-abuse@google.com
NNTP-Posting-Date: Wed, 13 Feb 2008 07:15:05 +0000 (UTC)
Complaints-To: groups-abuse@google.com
Injection-Info: e25g2000prg.googlegroups.com; posting-host=85.25.136.135;
     posting-account=7iJreAoAAAA6bynTmf5I2nFzosKYMIQ9
User-Agent: G2/1.0
X-HTTP-UserAgent: Opera/9.25 (X11; Linux i686; U; en),gzip(gfe),gzip(gfe)
```

Until recently, the website of Charles Novins aka Atlas Bugged
confessed to an embarrassing not-so-secret fact regarding Novin's
hiring practices.  Charles Novins hires drug addicts to fill your
legal needs, these drug addicts have full access to your confidential
information, and represent an ongoing potential exposure within the
realm of identity theft and breach of confidentiality.  A number of
his clients have experienced identity theft.  A number of his clients
have suffered staggering losses.  The savvy prospective client must
ask him or herself, do I really want to hire the services of a firm
that hires drug addicts?  Do I really want my confidential and
privileged information in the hands of those who pop pills and push
chemicals into their bodies without medical supervision?

Yes, Charles Novins made the unprofessional remarks disclosing that he
shuns drug testing and encouraging folks who "inhale" or "whatever" to
apply.  His law firm welcomes them.  He made these remarks due to his
inability to distinguish between reality and fantasy, to Novins, this
was a stab at the people who laugh at his inability to comport himself
properly on Usenet and Internet websites.  To Novins this "punished"
the people who laugh at him yet somehow such foolish disclosure did
not harm his practice.  If true that his practice is not harmed by his
public advertisement that he hires drug addicts, why were these
remarks about his hiring of drug addicts removed from his website?

Professional attorneys do not get into flame wars in newsgroups that
exist to headquarter people who flood other newsgroups with attacks
upon the "kookiness" of the inhabitants.  Professional attorneys do
not brag about their ability to insult others while attacking those
who insult others.  Professional attorneys, employed professional
attorneys do not have time for such silliness.  Charles Novins does,
though, because Charles Novins is not a professional attorney, he is a
progressive mentally ill embarrassment to his family.

Everything Novins does seems to revolve around Usenet and long hours
spent watching sci-fi and fantasy television.  One must ask themselves
why an alleged professional attorney is so obsessed with Usenet and
fantasy entertainment that he allowed his online conduct to cost him
his job working for his own father.  How bad does a son have to behave
for a father to throw him out and cut him off.

Just one more reason why the people of Toms River, New Jersey should
not be hiring the Law Offices of Charles Novins to perform their legal

*Exhibit A*

1 of 2

17

services. Confidential information seems to find its way into the hands of identity thieves, the offices of opposing counsel, and unsavory crooks in far away countries known to be hotbeds of criminal activity.

Do intelligent attorneys hire drug addicts? Do integral attorneys allow drug addicts access to privileged information? Do professional attorneys spend their free time cyberstalking those they claim are cyberstalkers?

Charles Novins, a legacy of unprofessional conduct, risky business practices, and hypocrisy.

**Create a group** - Google Groups - Google Home - Terms of Service - Privacy Policy
©2009 Google

Exhibit A

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: CK   CG   CA
CHG/CK NO.:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Charles Novins, Esq. | (732) 341-407 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Charles Novins appearing Pro Se | L 705-09 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 54 East Water St.  Toms River, NJ 08753 | Complaint |
| | JURY DEMAND  [X] YES  [ ] NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Charles Novins | Kevin A. Cannon, et al. |

CASE TYPE NUMBER (See reverse side for listing): 6 07

IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES [X] NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? [ ] YES [X] NO
IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? [X] YES [ ] NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
[ ] NONE  [X] UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? [X] YES [ ] NO
IF YES, IS THAT RELATIONSHIP: [ ] EMPLOYER-EMPLOYEE  [ ] FRIEND/NEIGHBOR  [X] OTHER (explain) ___
[ ] FAMILIAL  [ ] BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? [ ] YES [ ] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: **This matter involves libelous and other criminal acts committed via the internet and having a basis in contacts with the State of New Jersey.**

FILED
FEB 13 2009
SUPERIOR COURT, OCEAN COUNTY

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [ ] YES [X] NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ___

WILL AN INTERPRETER BE NEEDED? [ ] YES [X] NO
IF YES, FOR WHAT LANGUAGE: ___

ATTORNEY SIGNATURE: /s/

30 - Civil Case Information Statement (CIS)
Appendix XII-B1
Rev. 7/08   Effective 9/1/08   P9/08

Powered by HotDocs'

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.

19