# Joseph A. Manzo, Esq.
Attorney At Law                                                           Member of the NJ, NY and FL Bars

www.attynj.com                                                                                        PO Box 72
jamanzoesq@gmail.com                                                       Rockaway, New Jersey 07866
                                                                                                                         Ph.  (973) 794-1179
                                                                                                                         Fax  (973) 794-0090

January 30, 2010

**VIA FACSIMILE AND REGULAR MAIL**

Charles Novins, Esq. and Charles Novins, Esq. P.C.
54 East Water Street
Toms River, NJ 08754

        Re: *Novins v. Cannon, et al.* - Interrogatory Answers and Request to Vacate Default
             Judgment

Dear Mr. Novins:

      I have reviewed your answers to the interrogatories of Kevin Cannon and Carl Osterwald. The answers are entirely deficient, evasive, and obfuscatory. In addition, you have seemingly ignored the lengthy general instructions that accompanied the interrogatories. You have failed to properly respond to the even the simplest of requests – those for a law school transcript or the manufacturer and model of your present computer equipment. You claim to not recall supervisors at prior jobs that you attended daily – for years, and you provide few details of the approximate dates of publications and topics of the legal articles you purportedly published, instead telling me to search for myself. You previously claimed millions of dollars of lost legal business occasioned by my clients' alleged defamation, but, incredibly, you purport to have no prepared financial accounting records supporting the annual earnings of your law business. Finally, you improperly plead and incorrectly interpret the rules of attorney-client privilege, improperly utilize F.R.C.P. 33(d), unilaterally decline production of documents, and make an unprofessional and disparaging remark about the author of the interrogatories, who just happens to be me. You seemingly use your responses as a transparent attempt to justify why you should not have to answer the propounded interrogatories, instead of answering them fully, as instructed by Judge Nemeth in his Order of September 25, 2009.

      Mr. Novins, I am neither obligated nor desirous to waste my clients' hard-earned money citing to you endless case law or court rules explaining why you need to provide full discovery in a lawsuit that you brought against my clients. Suffice it to say that if you aspire for your cases to be reinstated against Messrs. Cannon and/or Osterwald without opposition, full compliance with Judge Nemeth's Order is necessary, in particular the portion of the Order requiring "fully answering the first set of interrogatories" propounded by Mr. Cannon and Mr. Osterwald.

      Magistrate Judge Arpert has stated that we are not to bring discovery motions without attempting to confer with our adversary regarding any outstanding issues. Consider this my first effort at doing so. As such, please be on notice that I will allow you at least two additional weeks from today to provide more specific answers to these interrogatories. Not receiving that,

and without obligation to further warn you, I will seek the court's approval on a motion to compel disclosure, or, alternatively, I will motion the court to dismiss your cases with prejudice, for failure to provide discovery in compliance with the Federal Rules, Judge Arpert's case management order, and the aforementioned September 25, 2009 New Jersey Superior Court Order. Amazingly, Mr. Novins, April 17, 2010 will represent the <u>one-year</u> anniversary since Kevin Cannon initially propounded interrogatories upon you, and we still do not have anything that remotely resembles complete answers from you.

Although I would prefer that all future communications between you and me on this topic be in writing, I will consent to discuss this matter with you via telephone, with the proviso that the call must be scheduled, as I intend to have an assistant or another attorney present during all future telephonic conversations with you.

Finally, regarding your threatening demand on January 19, 2010 that the properly obtained default judgment against Charles Novins, Esq. P.C. be vacated at the risk of incurring fee and cost sanctions – your request is hereby denied. Proceed with your motion, Mr. Novins.

<u>Very Truly</u> Yours,

Joseph A. Manzo

cc:   K. Cannon, via electronic mail
      D. Duncan, via electronic mail
      C. Osterwald, via electronic mail
      R. Ragsdale, via electronic mail