# DAVIDSON, SOCHOR, RAGSDALE & COHEN, L.L.C.

ALAN A. DAVIDSON, P.A.
ROBERT A. SOCHOR
RICHARD A. RAGSDALE (NJ & CA BAR)
KENNETH R. COHEN

JODI C. LIPKA (NJ & NY BAR)

ATTORNEYS AT LAW
37 TAMARACK CIRCLE
SKILLMAN, NJ 08558
(609) 924-7179
FAX (609) 683-9501

611 RIVER DRIVE
ELMWOOD PARK, NJ 07407
(201) 791-7797
FAX (201) 791-7091

NJ-LAWYER.COM

Richard.Ragsdale@Verizon.Net

February 15, 2010

Hon. Anne E. Thompson
U.S. District Court Judge
Clarkson S. Fisher Courthouse, Room 4000
402 East State Street
Trenton, NJ 08608

By Electronic Filing
Courtesy Copy by Fax
609.989.2007

Re:  Charles Novins, Esq. v. Kevin A. Cannon, et al., U.S. District Court of NJ, Civil Action 3:09-CV-5354

Dear Judge Thompson:

We represent defendants Kevin Fries and Rhonda Lea Kirk Fries. We have filed a motion for judgment dismissing the complaint on the pleadings, returnable on February 16, 2010.

Plaintiffs failed to file any opposition by the February 1 deadline or to ask for an extension. On Friday, February 12, at about 2:30 p.m., plaintiffs filed a belated opposition memorandum. See attached.

We have reviewed the plaintiff's opposition memorandum. It fails to address the substance of our motion. Accordingly, we will not request an opportunity to reply even if the court accepts plaintiffs' late filing.

Respectfully submitted,

Richard A. Ragsdale

Enclosures
C:  Hon. Douglas E. Arpert (by fax: (609) 989-0451)
    Dennis J. Duncan, Esq. (by email)
    Joseph A. Manzo, Esq. (by email)
    Charles Novins, Esq. (by email)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

The Law Office of Charles Novins, Esq., PC
54 East Water Street
Toms River, NJ 08753
(732) 341-4077
Fax (732) 341-4490
ocnjlaw@gmail.com

| | |
|---|---|
| CHARLES NOVINS, ESQ., P.C. and CHARLES NOVINS, personally | Civil Action: 3:09-CV-5354 |
| Plaintiffs | |
| v. | |
| KEVIN A. CANNON, KEVIN MICHAEL FRIES, JIM KELSO, RHONDA LEA KIRK FRIES, VINCENT LAMB, CARL R. OSTERWALD, ET AL. | LETTER IN OPPOSITION TO DEFENDANTS' 12(c) MOTION |
| Defendants | |

Dear Judge Thompson:

Please accept this letter in lieu of a more formal document opposing the Defendants Fries's Motion to Dismiss, a motion in which all the remaining named defendants have now joined.

I have filed no formal papers in opposition to this simply because I believed opposition was not needed. The standard for review on such a motion is clear - the benefit of every inference must inure to the benefit of the pleader, i.e., the Plaintiffs in this case; a motion such as that pending is to be denied even where no opposition has been filed unless it can meet the legal burden, which rests entirely on the movant.

Also, while all Defendants have "joined" in the motion made by Mr. Ragsdale on behalf of the Fries's, very different considerations apply to the others, and, indeed, even Mr. Ragsdale's two clients are not similarly situated. The various Defendants all admit in their *Rule* 26 disclosures to having multiple anonymous posting identities.

Briefly, since the pleadings are all that may be examined in a motion such as this, the libelous posting (the nature of which is conceded by Mr. Ragsdale for purposes of his motion,) is signed by Defendant Cannon. Cannon's claim that he was impersonated is a question of fact. Similarly, neither Defendant Cannon nor Defendant Osterwald deny that they re-posted portions of the libelous material. Defendant Osterwald has a counterclaim based, in part, on the same reasoning Mr. Ragsdale cites in his brief to dismiss the Plaintiffs' claims. Similarly, Defendant Lamb has added nothing to the briefing by Mr. Ragsdale, even though his situation is also distinct. He too has overlapping counterclaims, and the narrative in his complaint establishes that all the Defendants were associated, knew each other, and inhabited the same internet fora. Nothing in Plaintiffs' complaint is spurious or random.

Most importantly, however, the motion is premature and inapposite. Judge Arpert was advised of Mr. Ragsdale's intention to get the matter dismissed by relying on *Rosenthal* and *Dendrite*, but at the *Rule* 26(f) case conference, Magistrate Arpert instead insisted on a schedule for discovery, which was set forth in the Order issued after the December 10, 2009, case conference.

Moreover, while *Dendrite* is controlling in New Jersey, *Rosenthal* is a California Supreme Court Case. The problem is not that *Rosenthal* could not be viewed as persuasive, at minimum. The problem is that Mr. Ragsdale seeks to combine the two.

The result, if *Rosenthal* were added to *Dendrite* as controlling New Jersey procedure, would be that the cause of action for defamation would be rendered a practical nullity. A defamer could simply post anonymously, then others - or even the same individual - could

openly quote and re-publish the defamation at will, citing *Rosenthal*. Then, no one could survive a 12(b)(6) motion, and the discovery opportunities of *Dendrite* would never be invoked, so the initial anonymous poster would never be subject to legal process.

Even the *Rosenthal* Court believed their decision would cause such problems in and of itself, but declined to "legislate from the bench." But that Court did not work in a context wherein *Dendrite* controls the ability to discover the identities of those who violate well-established civil law.

Either way, the present motion should be denied so that basic discovery can be completed. Judge Arpert set forth a schedule for this purpose, and verbally denied Mr. Ragsdale's case-conference request to short-circuit the process. This motion can only be properly brought as a motion for summary judgment and is completely premature as to all parties at this time.

Moreover, I note that Mr. Ragsdale seeks only a dismissal without prejudice. This would simply prolong the case and add nothing, since the case must be filed in order for legal discovery and subpoenas to ensue. And it is obvious, based on the anonymous potential defendants and the John and Jane Doe pleadings that an amended complaint was always contemplated. Plaintiffs are as interested in dismissing against any non-liable Defendants as the Defendants themselves. But this cannot happen before discovery.

For these reasons, I respectfully ask that the motion be denied, or, in the alternative, postponed until appropriate discovery (which is already under way) can be completed, thus converting the motion to a *Rule* 56 application.

Because Defendants have all requested oral argument, I will appear on Tuesday, February 16, 2010, if the Court should require any further argument.

Respectfully submitted,

/S/ Charles Novins, Esq.
Charles Novins, Esq.
The Law Offices of Charles Novins, Esq., PC
54 East Water Street, Toms River, NJ  08753
732-341-4077            732-341-4490 (fax)
ocnjlaw@gmail.com

Dated: February 12, 2010

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court on February 12, 2010 and served upon the following counsel of record and/or *pro se* parties:

Joseph A. Manzo, Esq.
Jamanzoesq@gmail.com
P.O. Box 72
Rockaway, NJ 07866

Law Office of Dennis J. Duncan, LLC
Djduncanlaw@gmail.com
599 Bloomfield Avenue
Bloomfield, NJ 07003

Davidson, Sochor, Ragsdale & Cohen, L.L.C.
Richard A. Ragsdale, Esq.
Richard.Ragsdale@verizon.net
37 Tamarack Circle
Skillman, NJ 08558

/S/ Charles Novins, Esq.
Charles Novins, Esq.
The Law Offices of Charles Novins, Esq., PC
54 East Water Street, Toms River, NJ  08753
732-341-4077       732-341-4490 (fax)
ocnjlaw@gmail.com