# Law Office of Dennis J. Duncan, LLC

599 Bloomfield Avenue
Bloomfield, New Jersey 07003
Phone: (973) 743-7100 ♦ Fax: (973) 743-7101 ♦ E-mail: dduncan@dennisduncanlaw.com

Admitted in DC, NJ, and NY
Registered to Practice before the USPTO

February 15, 2010

**VIA ECF**
Hon. Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher U.S. Courthouse
402 E. State Street, Room 2020
Trenton, New Jersey 08608

      Re:    <u>Charles Novins, Esq., P.C. et al. v. Kevin A. Cannon, et al.</u>
              U.S. District Court, Dist. of NJ - Trenton  Vicinage
              Civil Action: **09-CV-5354-AET-DEA**

Dear Judge Thompson:

      I represent defendant and counter-claimant Richard "Vince" Lamb and join Mr. Joseph A. Manzo, Esq. in objecting to plaintiffs' last minute reply to the pending motion to dismiss the plaintiffs' complaint for failure to state a claim.  That motion is  returnable Tuesday, February 16, 2010.

      Mr. Charles Novins, Esq.'s letter to Your Honor of February 12, 2010 states that he intends to appear for oral argument of the motion on February 16 despite the fact that no the Court has not granted oral argument on the motion.  I do not know whether Mr. Novins intends to submit additional papers in opposition to the motion on that day, but if he does, defendant Lamb objects to any such filing.  I mention this possibility because a similar event occurred earlier in this litigation.  Although Mr. Novins had an obligation to propose a discovery plan prior to the initial meeting of counsel under Loc. Civ. R. 26.1(b), Mr. Novins did not submit (or serve) such a plan until the day of the December 10, 2009 Fed. R. Civ. P. 26(f) meeting before Magistrate Judge Arpert.  As Mr. Novins' letter of February 12 was an improper filing (it was late, filed on a court holiday and after a week in which the court was closed for several days due to snow), any submission on February 16 also would be improper. Moreover, regarding oral argument, like Mr. Manzo, I have obligations and commitments on that day (Creditor's Meeting before Chapter 13 Trustee in Newark) and changing my schedule at the last minute to appear in Trenton would be very difficult.

Letter to Judge Thompson
February 15, 2010
Page 2

      My client's position is that no proper opposition to the motion has been filed with the Court. In addition to the deficiencies mentioned above, plaintiffs' papers are also objection able for the reasons set forth in Mr. Manzo's February 13, 2010 letter to Your Honor. Furthermore, even if the plaintiffs could cure those deficiencies, their opposition is rife with misstatements which are not only misleading but also have the effect of diverting attention from the motion before the Court. For example, Mr. Novin's opposition makes the misrepresentation that my client's counter-claim "establishes that all Defendants were associated, knew each other, and inhabited the same internet fora." That is simply not true. Furthermore, it is irrelevant to the motion to dismiss before the Court under Fed. R. Civ. P. 12(b) & (c) which concerns the allegations in the plaintiffs' complaint.

      There is precedent in the District of New Jersey that supports the rejection of plaintiffs' late and otherwise deficient opposition papers where the litigant involved deliberately flouts the applicable court rules. See NL Industries, Inc. v. Commercial Union, No. 90-2125 (D.N.J. slip op. filed July 12, 1991 (Sarokin, J.) (rejecting plaintiff's 'reservation' of a 'right' to respond out-of-time to defendant's motion because of its own pending motion; such action flaunts [plaintiff's obligation to comply with [former] Local Rule 13(a) [now *Loc. R.* 6.1]." See Lite, New Jersey Federal Practice, Comment 4 to Local Civil Rule 6.1 (p. 35-36 of the 2007 edition). In NL Industries, the plaintiff "fil[ed] a one page memorandum seeking to reserve its right to respond substantively to a defense motion at a later date on the date opposition papers to the motion [to dismiss] were due" That Court found that the plaintiff "flaunts its obligation to comply with [former] Local Rule 12(c) [now Local Rule 7.1]."[1] See. Lite's Comment 3b(2) to Local Rule 7.1 at p. 42 of 2007 edition.

      In addition to the plaintiffs' failure to comply with the above-referenced Local Civil Rules, the plaintiffs also are in violation of Rule 101.1(d), which requires strict adherence to schedules and timetables for governing motion practice and other aspects of federal litigation and which authorizes the Court to impose sanctions on all counsel – including pro se litigants – who fail to comply with the rule's mandates.

---

[1] "Note that dilatory conduct of opposing counsel in failing to provide response papers despite numerous requests of the moving party, and then providing inadequately briefed material pursuant to court order, may result in the court treating the motion as unopposed. See Dascoli v. United States Postal Service, No. 92-2549 (D.N.J. slip op. filed Nov. 17, 1992) (Sarokin, J.). So too may a failure to file responding papers. Green v. Essex Co. Superior Court Clerk, 2006 U.S. Dist. LEXIS 22151 (D.N.J. April 6, 2006) (Brown)." See Lite, New Jersey Federal Practice Rules Comment 4b(1) at p. 49 of 2010 edition

Letter to Judge Thompson
February 15, 2010
Page 3

      In addition to more serious deficiencies discussed above, the plaintiffs' opposition papers also should be rejected for failure to comply with the electronic filing rules of this District.  Under the local rules, an affidavit should have been attached plaintiffs' February 12, 2010 email which set forth a legitimate "technical failure" (as defined by *Loc. Civ. R*. 5.1.1(k)) and also recounted plaintiffs' attempts to file electronically.  (The rule requires at least two such attempts at least one hour apart after 12:00 noon).  (See. also "Attachment D," to Mr. Manzo's February 13, 2010 letter).  Moreover, the plaintiff's February 12, 2010 email was required to be directed to the ECF Help Desk's email address, or an indication should have been made that the reply was filed trough a facsimile transmission to the Clerk's Office via the Trenton fax number (See *Loc. Civ. R*. 5.1 and ECF User Manual Rev. 9/24/09).  No evidence has been presented to defense counsel that the plaintiffs' complied with these rules.

      Furthermore, as Mr. Manzo mentioned in his February 13, 2010 letter to the Court, Mr. Novins does not appear to have an *active* ECF account despite the mandate found in this Court's Standing Order # 05-01 (promulgated by Chief Judge Bissell) and *Loc. Civ. R*. 5.1.  Mr. Novins would have likely discovered that he did not have an active account had he not ignored his obligation to file a corporate disclosure statement with respect to his law firm entity pursuant to Fed. R. Civ. P. 26(a)(1). See. Local Form DNJ-CMECF-005 5/2/08.  (I provided Mr. Novins with a reminder regarding this obligation in a letter dated January 20, 1010 letter.  Although this procedural deficiency is hardly the most serious procedural deficiency associated with the plaintiffs' filing in this litigation, it serves as another example that the plaintiffs do not feel bound by the Court Rules.

      In conclusion, for the reasons set forth above, defendant and counter-claimant Lamb respectfully requests that Your Honor reject plaintiffs' untimely and otherwise deficient opposition papers and grant the motion now before the Court..

                                              Respectfully,

                                              /s/ Dennis J. Duncan
                                                Dennis J. Duncan

Encl.
cc: Charles Novins, Esq. (via e-mail)
    Richard Ragsdale, Esq.  (via ECF)
    Joseph Manzo, Esq. (via ECF)