NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES NOVINS, ESQ., P.C., and Charles Novins, personally,

    Plaintiffs,

v.

Kevin A. CANNON, et al.,

    Defendants.

Civ. No. 09-5354

OPINION & ORDER

THOMPSON, U.S.D.J.

INTRODUCTION

    This matter comes before the Court upon Defendants Kevin Michael Fries and Rhonda Lee Kirk Fries's Motion to Dismiss and for Judgment on the Pleadings [docket #7]. Defendants Vincent Lamb, Kevin Cannon, and Carl Osterwald subsequently joined that motion [10] & [11]. Thereafter, Plaintiff voluntarily dismissed his claims against Defendants Kevin Michael Fries and Rhonda Lee Kirk Fries. However, as other parties have joined in the Fries' motion, that motion has not been terminated, and the Court has proceeded to decide the motion based upon its consideration of the parties' written submissions. For the reasons given below, the motion is GRANTED.

BACKGROUND

    This lawsuit concerns allegations that Defendants posted defamatory statements about Plaintiff on the internet. Specifically, Plaintiff alleges that each defendant "caused to be published" a certain message that appears as an appendix to the Complaint. That message states

1

that Plaintiff hires drug addicts, that Plaintiff's clients have suffered identity thefts, and that Plaintiff is mentally ill.  The message lists the name "Kevin Cannon" in the "From" line.

Plaintiff, a New Jersey resident, brought suit initially in New Jersey Superior Court on February 13, 2009.  On September 18, 2009, the Superior Court dismissed several defendants, including all of the New Jersey defendants.  This created complete diversity between the parties, and Defendants promptly removed the case to federal court.

## ANALYSIS

I. Standard of Review

To survive a motion to dismiss, a plaintiff must plead sufficient factual matter to enable a court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  As the Third Circuit has noted, this requires the Court to undertake a two-step analysis:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949-50).  At step one, the Court sets aside any legal conclusions and "recitals of elements of a cause of action."  *Iqbal*, 129 S.Ct. at 1949.  At step two, the Court accepts the remaining allegations as true and assesses whether or not they support a reasonable inference that the defendant is liable.  *Id.*  Rather than alleging facts that are "'merely consistent with' a defendant's liability," the Complaint must allege facts that, if true, "give rise to an entitlement to relief."  *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  In other words, an inference of liability is not reasonable if the factual allegations are more likely

explained by lawful behavior than unlawful behavior. *Id.* at 1950. In performing this analysis, a judge may not, of course, assess the plausibility of the facts themselves. The Court must accept well-pleaded facts as true (*Id.*), even if "actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

II. Elements of a Claim for Defamation

To prove a claim for defamation, a plaintiff must show that (1) defamatory statements (2) made by the defendant (3) were published to a third party, (4) and that the third party understood the statements as relating to the plaintiff. *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 767-68 (1989). In order to survive a motion to dismiss or a motion for judgment on the pleadings, Plaintiff must allege facts which, if accepted as true, support a plausible inference that each of these elements will be found. Between the facts contained in the Complaint itself and the substance of the internet post which is attached to the Complaint, this Court has no trouble concluding that elements (1), (3), and (4) are properly supported. In any event, Defendants do not contest the existence of these elements.

Defendants' first argument is that the Complaint is deficient in that it does not allege an author for the defamatory statement. However, the Complaint specifically names several different individuals, all of whom are alleged to have published the defamatory statements in question. Defendants' argument that the Complaint must fail as a matter of logic because nine different defendants cannot have published a single defamatory statement is incorrect. The Complaint alleges that the defamatory statement at issue in this case was republished by each of the named defendants over a period of time. As a matter of state law, these allegations are sufficient to state a claim for defamation against each defendant. Defendants' contention that

only one defendant could have been the original author of the defamatory statements is not relevant to the elements of a claim for defamation.

   III. The Communications Decency Act

Defendants' argument that the alleged defamatory statements have only one original author is relevant, however, to the Communications Decency Act ("CDA"). That federal law immunizes various internet-related activities from liability under state law. It provides in relevant part that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "Information content provider" is defined to mean "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet." 47 U.S.C. § 230(f)(3). Finally, the law explicitly states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Read in conjunction, these subsections add up to the proposition that, for purposes of a defamation claim, no "user of an interactive computer service" counts as a "publisher" of any information that was provided to the user by the person who created that information in the first place.

This law has been most straightforwardly applied to protect internet service providers ("ISPs"). By providing the public with access to the internet, ISPs could be conceived as "publishers" of just about any internet content that is accessed by their subscribers. Congress sought to shield these providers from defamation liability in order to "to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services." 47 U.S.C. 230(b)(2); *see Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003). The CDA is worded broadly enough to protect not only ISPs, but also individuals who

operate websites and web forums to which other individuals can freely post content. *Donato v. Moldow*, 374 N.J. Super. 475, 487-88 (App. Div. 2005) (citing cases). Plaintiffs' allegations in this case—as against all of the defendants other than Cannon—are very similar to the situation where a person operates a website that displays other people's comments. Defendants are alleged to have republished a defamatory web posting or email originally authored by Cannon. (*See* Compl. & Ex. A attached thereto.) As multiple courts have accepted, there is no relevant distinction between a user who knowingly allows content to be posted to a website he or she controls and a user who takes affirmative steps to republish another person's content; CDA immunity applies to both. *See Barrett v. Rosenthal*, 40 Cal. 4th 33, 62 (2006); *Carafano v. Metrosplash.com Inc.*, 339 F.3d 1119, 1123-25 (9th Cir. 2003); *Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc.*, 206 F.3d 390 (10th Cir. 2000). As the Ninth Circuit aptly noted in *Batzel v. Smith*, "The scope of immunity cannot turn on whether the publisher approaches the selection process as one of inclusion or removal, as the difference is one of method or degree, not substance." 333 F.3d 1018, 1032 (2003). Similarly, it does not matter *how* Defendants republished the alleged defamatory statements—whether by email, website post, or some other method. The point is that all the Defendants in this case—with the exception of Cannon—acted as re-publishers of another person's information, and as such they are protected by the CDA.

     Accepting as true all the factual allegations contained in the Complaint, it is clear that Plaintiff does not have a plausible claim for relief against any of the defendants other than Cannon. Therefore, all claims against those defendants must be dismissed. In light of this conclusion, the Court does not need to reach Defendants' further argument that Plaintiff failed to comport with the requirements of *Dendrite International, Inc. v. John Doe*, 342 N.J. Super. 134 (App. Div. 2001).

IV. Other Defendants in this Case

Defendants Jim Kelso, Albert Young, Rick Mather, Sean Monaghan, Google Inc., TSB Bearings, Inc., Databasix, and Oakland Community College, were dismissed as parties in this action before removal by order of the New Jersey Superior Court due to Plaintiff's failure to prosecute his claims against those defendants. (Notice of Removal Ex. C-27.) These parties therefore should be terminated as parties in this action.

The claims against Defendant Cannon were also terminated in the course of the state court litigation. (*See* Notice of Removal Ex. C-28.) However, it appears that Cannon has been participating in the federal court litigation up to this point and has not yet moved to terminate his involvement in this lawsuit. Therefore, the Court will not, at this time, enter an order terminating Cannon as a party in this action.

## CONCLUSION

For the foregoing reasons, it is ORDERED, this 27th day of April, 2010 that Defendants' Motion to Dismiss and for Judgment on the Pleadings [7] is GRANTED; and it is further

ORDERED that all claims against Vincent Lamb and Carl Osterwald are DISMISSED; and it is further

ORDERED that Defendants Jim Kelso, Albert Young, Rick Mather, Sean Monaghan, Google Inc., TSB Bearings, Inc., Databasix, Oakland Community College, Vincent Lamb, and Carl Osterwald are TERMINATED as parties in this action.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.