UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

The Law Office of Charles Novins, Esq., PC
54 East Water Street
Toms River, NJ 08753
(732) 341-4077
Fax (732) 341-4490
ocnjlaw@gmail.com

| | |
|---|---|
| **CHARLES NOVINS, ESQ., P.C. and CHARLES NOVINS, personally** | Civil Action: 3:09-CV-5354 |
| **Plaintiffs** | |
| v. | |
| **KEVIN A. CANNON, KEVIN MICHAEL FRIES, JIM KELSO, RHONDA LEA KIRK FRIES, VINCENT LAMB, CARL R. OSTERWALD, ET AL.** | **DECLARATION OF CHARLES NOVINS, ESQ.** |
| **Defendants** | |

I am the Plaintiffs and I make this Declaration in support of the within motion pursuant to FRCP 55 and to amend the pleading:

1. After Plaintiff's initial filing of the Complaint in the above referenced matter, Plaintiff was served with an Answer and Counterclaim by counsel for Defendant Richard "Vince" Lamb which had been filed on June 12, 2009.

2. On June 24, 2009, Plaintiff served an Answer to said Counterclaim, but failed through inadvertence and error to name both the individual and the corporation in the caption, both named "Charles Novins". The case was unique in that it was the only time the firm and attorney – with virtual identity between them – had been "clients" instead of acting solely as counsel. The mistake was purely typographical in nature.

3. On July 24, 2009, counsel for Defendant Lamb sought and obtained a Default respecting the Counterclaim based upon the omission of the corporate Plaintiff from the caption. The default was entered by the clerk on September 8, 2009. Counsel for Defendant Lamb never notified me he was seeking a default.

4. At no time – ever – did counsel for Defendant Lamb notify me that he had obtained a default. The default had been included along with the hundreds of pages appended to the Notice of Removal to Federal Court. Said removal was filed shortly subsequent to October 20, 2009.

5. The first time I became aware that there had been an application and subsequent entry of default was when it was (apparently) inadvertently mentioned by Counsel Duncan during discussions and communications prior to my motion to vacate the default which had been previously obtained by Defendant Osterwald.

6. The error which lead to entry of default in both cases was the same, i.e., the inadvertent failure to specify "Charles Novins" both personally and corporately in filing the answers to counterclaims. However, Counsel for Osterwald did notify me of the entry of default obtained shortly after having done so. As previously set forth, I then explained to Osterwald's counsel that the omission had been due to innocent error and I tried to resolve the matter by a consent motion, albeit refused by counsel. I never discussed the entry of default with Defendant Lamb's lawyer because he never notified me thereof.

7. Both counsel, however, proceeded with the matter as if no default had been entered. All subsequent motions, pleadings, discovery actions, without exception, addressed themselves to both Plaintiffs, both as to liability, and both as to respondents on the counterclaims. Moreover, when Mr. Duncan was apprised of the *F.R.C.P.* 33(a)(1) 25-question limitation (he had served over 300 interrogatory questions previously,) he sought (and gained) my consent to serve 50 questions on the basis of the fact that Plaintiffs consisted in two parties, but never suggested at any time that "one" of them had been subjected to default, and therefore not subject to questioning with respect to any aspect of the

matter where the relevance would rest upon the corporation's status regarding liability. Counsel for Defendant was clearly trying to intentionally mislead by omission.

8. Pursuant to instructions from Judge Arpert, I made a motion to vacate default solely as to Defendant Osterwald's matter on. At no time during the various pre-trial discussions was the existence of a default as to Defendant Lamb made known to Judge Arpert. Had this ever have been discussed, my motion would have combined the similar applications, and Judge Arpert would likely have so required.

9. Significantly, in the months since default was entered, neither Defendant ever moved, either at the state level, nor after federal removal, to acquire a default judgment.

10. Also, no prejudice could possibly accrue as the result of the technical error in the pleading since the Answering parties have the same name, location, circumstances and activities, the only difference being the corporate form versus the personal. The default entry deals only with liability of a party (not damages,) and the response to all questions regarding liability would be identical as and between the corporate and the personal entities.

11. I have also amended the attached proposed amended answer to reflect concerns by Defendants' counsel regarding my failure to address directly each and every paragraph of the complaint. Without conceding that the previous answer was improper (pleading is for notice purposes and a blanket denial is also proper pursuant to the Rules,) counsel have indicated that they utilized their pleadings, as it were, as a form of discovery, and they have had to engage in extra discovery because of the blanket denial in my complaint. To address any such concerns, whether valid or not, it is my intention to cooperate fully in any and all discovery, and I have thus amended my pleading to reflect this.

   Wherefore, Plaintiffs ask the Court for an Order:

12. reinstating Plaintiffs' Answer to Counterclaim as herewith amended and attached.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 7th day of July, 2010

<u>/S/ Charles Novins, Esq.</u>
Charles Novins, Esq., personally and for the firm
The Law Offices of Charles Novins, Esq., PC
54 East Water Street, Toms River, NJ  08753
732-341-4077			732-341-4490 (fax)
ocnjlaw@gmail.com