LAW OFFICE OF DENNIS J. DUNCAN, LLC
599 BLOOMFIELD AVENUE
BLOOMFIELD, NEW JERSEY 07003
PH: (973) 743-7100 FAX: (973) 743-7101
ATTORNEYS FOR DEFENDANT,
RICHARD "VINCE" LAMB

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES NOVINS, ESQ. P.C. and CHARLES NOVINS, Personally, | Civil Action No. 09-CV-5354-AET-DEA |
| Plaintiffs, v. | **DECLARATION OF DENNIS J. DUNCAN IN SUPPORT OF MOTION TO COMPELL PLAINTIFFS TO PROVIDE MORE SPECIFIC ANSWERS TO INTERROGATORIES** |
| Kevin A. Cannon, et al. | |
| Defendants | |

Pursuant to 28 U.S.C. §1746, **DENNIS J. DUNCAN** declares and states as follows:

1.   I am a member of the Bar of New Jersey and admitted to practice before the U.S. District Court for the District of New Jersey.  I represent Counterclaimant Richard Vince Lamb and as such I am personally familiar with the facts set forth herein. I make this declaration in support of Counterclaimant Lamb's motion to compel plaintiffs to provide more specific answers to the Lamb's Interrogatories which where propounded over a year ago on June 24, 2009.

2.   Below I have set forth my good faith, yet unsuccessful, attempts to resolve the dispute without court intervention pursuant to L. Civ. R. 37.1(B)(1).

3. On June 24, 2009 I propounded interrogatories upon plaintiffs. (See June 24, 2009 Letter to plaintiffs attached as "**Exhibit A**").

4. On or about September 30, 2009, plaintiffs were made aware that they had passed the deadline to provided certified answers to interrogatories pursuant to *N.J. Ct. R*. 4:18-1(b).  To that end, I prepared a deficiency letter on the afternoon of September 28, 2009 wherein I informed the plaintiffs that they failed to provide responses to Defendant Lamb's June 29, 2009 interrogatories. (See letter dated September 29, 2009 to plaintiffs attached as "**Exhibit B**") (I inadvertently informed plaintiffs of the wrong date that I propounded interrogatories.  I actually propounded interrogatories on plaintiffs on June 24, 2009 as set forth above in paragraph 3.).  My intent was to mail the deficiency letter by certified mail the very next day -- September 29, 2009 (since I had a late evening client scheduled and had no time to get to the post office before 7:00 pm).  However, that client called to reschedule so I had time to mail the deficiency letter out late on the afternoon of September 28, 2009.  I neglected to correct the date on the letter to reflect September 28, 2009.  On that same date, September 28, 2009, I prepared a certified letter to plaintiffs containing a September 9, 2009 notice of default as to plaintiff's corporate PC.  Accordingly, I intended to separately serve two certified mailings to the plaintiffs containing the notice of default as to the corporate PC and the deficiency letter. However, as I appeared at the post office I realized I left my wallet in my office and only had enough cash to pay for one certified mailing.  Accordingly, I opened the letters and carefully put the deficiently letter and notice of default in one certified mailing (notice of default on top).  In doing so I arbitrarily selected one of the green cards to utilize.  At the time I did not consider that the green card article number **7008 1830 0004 9946 2342** did

- 2 -

not match the article number **7008 2810 0000 2651 2451** set forth in the September 29, 2009 letter (See attached Green Card and Track & Confirm record attached as "**Exhibit C**").

5. Plaintiffs did not respond to the September 29, 2009 deficiency letter. Moreover, plaintiffs were likewise deficient in their answers to defendant Kevin Cannon and Karl Osterwald's interrogatories which resulted in a September 24, 2009 Order dismissing the complaint as to those parties for failure to answer discovery.

6. On October 20, 2009 this matter was removed to the Federal District Court which prevented Lamb from seeking a similar order under the N.J. Rules of Court dismissing plaintiffs' case for failure to answer discovery.

7. On December 3, 2009, counsel for defendants Lamb, Cannon, Osterwald and the Fries collectively submitted to plaintiffs a joint discovery plan which, *inter alia,* granted plaintiffs an additional 30 days to provide complete and responsive answers to the interrogatories propounded by defendant Lamb on June 24, 2009. No response was received from plaintiffs regarding that proposed discovery plan until the start of the December 10, 2009 Initial Conference before Magistrate Judge Douglas E. Arpert.

8. At the December 10, 2009 Initial Conference, Magistrate Judge Arpert was informed of plaintiffs' deficiencies with respect to their answers to interrogatories. Accordingly, the Court required that plaintiffs provide responses by January 15, 2010.

9. (See December 11, 2009 Scheduling Order attached as "**Exhibit D**").

10. At that same meeting, plaintiffs indicated that they had a concern with the number of interrogatories propounded. In response, Judge Arpert asked counsel for Lamb and counsel for plaintiffs to try to work out a solution amongst themselves.

11. On January 5, 2010 counsel provided plaintiffs with a deficiency letter which detailed plaintiffs' conduct in failing to answer interrogatories and also demanded that plaintiffs comply with the December 11, 2010 Scheduling Order (See January 5, 2010 letter to plaintiffs attached as "**Exhibit E**") (for example, plaintiffs made several factual misrepresentation regarding their attempts to answer interrogatories). A reformulated set of interrogatories was provided to plaintiffs limiting the number to twenty-five per party (for a total of 50) (See reformulated interrogatories attached as "**Exhibit F-1, F-2, F-3, and F-4**"). I also provided plaintiffs with yet another extension of time to answer to January 22, 2010.

12. On January 25, 2010, after being met by silence from plaintiffs, I informed them that they failed to respond by the deadline set forth in the January 5, 2010 deficiency letter. (See January 25, 2010 e-mail to plaintiffs attached at "**Exhibit G**").

13. By letter dated January 29, 2010, I informed Magistrate Judge Arpert of the discovery dispute and requested his assistance in mediating this dispute through a

telephonic conference.  (See January 29, 2010 letter to Judge Arpert attached as "**Exhibit H**").A copy of that letter was provided to plaintiffs.

14.     Plaintiffs completely ignored the January 29, 2009 letter and failed to supply the outstanding discovery response.  I subsequently called chambers to follow up on the letter on several occasions.

15.     On April 13, 2010 during a rescheduled telephonic status conference, Judge Alpert reminded the Plaintiffs of their discovery deficiencies.  In response, Plaintiffs made a settlement offer to Mr. Lamb and the Fries but did not similarly make an offer to defendant Cannon.  Defendant Lamb later made a counter-offer which was rejected by in its entirety.   Moreover, in response to the Court's inquiries as to why Plaintiffs failed to meet their outstanding discovery (obligations and other related issues such as reinstating plaintiffs' case as to Cannon and Osterwald).  Plaintiffs indicated that they believed that a pending motion to dismiss their case seemed to make that task moot as the motion was likely to be granted.

16.     On April 30, 2010 during the Court-ordered meeting to resolve any outstanding discovery or case management disputes the plaintiffs indicated to defense counsel that they would "by next week" provide responses to, *inter alia* Lamb's interrogatories.  Based upon Mr. Novins history of dilatoriness, a proposed Order was forwarded to the Court copying both Plaintiffs and Mr. Manzo, counsel for the Osterwalds and Cannon.

(See redacted April 30, 2010 letter to Judge Arpert together with a proposed form of order attached as "**Exhibit I**").

17. On May 4, 2010, I submitted a new proposed Discovery Order pursuant to a request from Judge Arpert and included a cover letter which provided notice to both Plaintiffs and Mr. Manzo. (See May 4, 2010 letter to Judge Arpert attached as "**Exhibit J**") .

18. Not receiving a response from Plaintiffs on May 4, 2010, the Court entered my proposed Discovery Order which , again was attached to my May 4, 2010 letter.(See May 10, 2010 Discovery Order attached as "**Exhibit K**").

19. On May 21, 2010 plaintiffs provided answers to Lamb's interrogatories (See plaintiffs answers to interrogatories attached as "**Exhibit L**").  However, a review of those answers shows them to be seriously deficient.

20. On June 18, 2010 while arguing in support of his motion to vacate a default entered against his corporate plaintiff , Mr. Novins made the following comment.[1] Counsel for plaintiffs indicated that undersign counsel had somehow deceptively got the plaintiffs to answer fifty (50) interrogatories instead of twenty-five (25) interrogatories because the plaintiffs allegedly were not aware of the default.  Evidently, this comment was based upon plaintiffs' erroneous belief that since his corporate party was in default

---

[1] Not having the benefit of a transcript of the June 18, 2010 hearing the unsigned counsel makes this statement upon information and belief.

- 6 -

for failing to comply with a court rule that the plaintiffs could somehow rely upon their default to avoid later compliance with another court rule (i.e, the obligation to respond to discovery requests).

21.     On June 22, 2010, I provided plaintiffs with a detailed letter setting forth their deficiencies in not answering specific interrogatories.  That letter cited the court rules where appropriate and also referred to specific documents submitted by Lamb via his initial disclosure.  In that letter I gave plaintiffs seven additional days to provide corrective answers.  (See June 22, 2010 letter to Plaintiffs attached at "**Exhibit M**").

22.     The plaintiffs failed to provide the required additional responses by the deadline set forth in my June 22, 2010 letter.

23.     In conclusion, since plaintiffs have failed to provide responsive answers to Lamb's June 24, 2009 interrogatories despite repeated opportunities to do so, counterclaim Lamb request that plaintiffs be order to provide more specific answer within a time period prescribed by the court or have their Answer stricken.

    I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. §1746, that the foregoing statements are true and correct.

            **Law Office of Dennis J. Duncan, LLC**
            Attorneys for Defendant,
            Richard "Vince" Lamb

            By: ___/s/ Dennis J. Duncan_____

Dennis J. Duncan

Executed on July 12, 2010