# Law Office of Dennis J. Duncan, LLC

599 Bloomfield Avenue
Bloomfield, New Jersey 07003
Phone: (973) 743-7100 ♦ Fax: (973) 743-7101 ♦ E-mail: dduncan@dennisduncanlaw.com

Admitted in DC, NJ, and NY
Registered to Practice before the USPTO

July 12, 2010

**VIA ECF**
Hon. Douglas E. Arpert,
U.S. Magistrate Judge
Clarkson S. Fisher U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

      Re:    <u>Charles Novins, Esq., P.C. et al. v. Kevin A. Cannon, et al.</u>
                U.S. District Court, Dist. of NJ - Trenton
                Civil Action: **09-CV-5354-AET-DEA**

Dear Judge Arpert:

      Please accept this letter in lieu of a more formal brief in support of Counterclaimant Lamb's motion to compel the plaintiffs to provide answers to interrogatories. As set forth in my contemporaneously-filed declaration, plaintiffs have a history of dilatoriness in responding to requests for discovery. In fact, it took almost a year after sending letters to the plaintiffs, discussing the plaintiffs' deficient or non-existent discovery responses in multiple conferences before the Court and between counsel as well as a May 10, 2010 Discovery Order to get anything from the plaintiffs.

      On May 21, 2010 the plaintiffs provided interrogatory answers which are incomplete, unclear, non-responsive and evasive (see May 21, 2010 interrogatory answers attached as "**Exhibit A**").

      In response, I provided a detailed statement to plaintiffs' counsel specifically detailing each deficiency in plaintiffs' responses. See June 22, 2010 letter to plaintiffs' counsel attached as "**Exhibit B**"). The plaintiffs did not respond to that letter. An example of an incomplete answer supplied by plaintiffs is found in plaintiffs' answer to Interrogatories 2 and 8 which requested the names of persons the plaintiffs' contacted at Lamb's place of employment (a college in Michigan). In Lamb's initial disclosure supplied to plaintiffs on December 31, 2009, three documents each having a different date (September 18, 2007, October 4, 2007 and February 19, 2009) were provided to plaintiffs, each signed by Charles Novins and addressed to Gray Casey, an official at the college. See Lamb's December 31, 2010 initial disclosure at LAMB-25 and LAMB-42). Despite that disclosure by Lamb, the plaintiffs' answers to Interrogatories Numbers 2 and 8 assert that only one letter was sent to Mr. Casey.

Furthermore, plaintiffs' answers to Interrogatories Nos. 4, 12, 15 and 16 are vague, unclear or otherwise unsatisfactory. For example, in their answer to interrogatory No. 16 the plaintiffs again accuse Lamb of participating in hate groups ((thereby suggesting criminal activity) and violating civil laws, but no adequately specific information is supplied to support those statements. Plaintiffs' answer to Interrogatory No. 25 oddly claims that they never made any libelous statements toward Lamb.

In response to Interrogatory No. 37, the plaintiffs indicated that Lamb wanted to be sued yet they provide no evidence to support such a bizarre, unlikely request.

In response to Interrogatory No. 20 the plaintiffs refer to an attached June28, 2007 USENET posting which predates the filing of plaintiff's law suit by over two (2) years. That posting makes a reference to the following statements attributed to Lamb: "Oh, good, a kooksuit. Do keep the kookologists informed of its process. AUK hasn't seen one of those in months." (See plaintiffs' May 21, 2010 responses to interrogatories attached Exhibit A - last page). That comment was made after one of the plaintiffs (speaking through his Atlas Bugged handle) indicated that he would "catch up to "Lio" and the plaintiffs would "probably file this week." Accordingly, a reasonable reading of the June 28, 2007 statements attributed to Dr. Lamb does not support the conclusion that Lamb asked to be sued by the plaintiffs.

In response to Interrogatory No. 50 the plaintiffs indicate that the interrogatory is senseless and that they need clarification of the term "handle." In response, the undersigned counsel provided plaintiffs with a reference wherein the plaintiffs referred to their Atlas Bugged account as their handle. During the June 18, 2010 hearing before Judge Thompson, the plaintiffs referred to their Atlas Bugged account as their handle. Thus, the undersigned counsel finds the plaintiffs' response to Interrogatory No. 50 disingenuous and purposely evasive.

Finally, in response to Interrogatories Nos. 15, 17, 18, 19, 21, 32 and 33 the plaintiffs demonstrate a lack of understanding of the Federal Rules of Procedure. In particular, they fail to appreciate that contention interrogatories are legitimate interrogatories pursuant to *Fed. R. Civ. P*. 33(b)(2). Then the plaintiffs claim an improper and unsupported blanket privilege with respect to Interrogatories Nos. 32 and 33. Given the requirements of the applicable rules, response was clearly inadequate and suggests bad faith. At the December 10, 2009 Initial Conference Magistrate Judge Arpert provided counsel for the plaintiff with clear instructions to obtain a protective order if a claim of privilege is sought. Further clear instructions on that point appeared in the Court's December 11, 2009 scheduling order. In addition, attorney Manzo informed plaintiffs' counsel on several occasions of the requirement to obtain protective orders rather than just assert a claim of privilege. The undersigned counsel for Dr. Lamb also communicated that point to counsel for the plaintiff.

In plaintiffs response to defendant Lamb's Interrogatories Nos. 17, 18, 19 and 20 they claim that Fed R. Civ. P. 33(d) supports not disclosing documents when the material "is publicly available and voluminous in scope." In plaintiffs' response to Osterwald's

interrogatories they responded in a similar way by including a reference to the Federal Rules decision Huthnance v. District of Columbia, 255 F.R.D. 285 (D.C. 2008).  The undersigned counsel has reviewed both Fed. R. Civ. P. 33(d) and that case and has found no support for the plaintiffs' position that they need not provide the requested information in the case at bar (which includes, inter alia, counts sounding in defamation, intentional interference with contractual relations and other closely related torts.  Rather, Rule 33(d) applies in situations where business records are clearly identifiable and equally accessible to each both parties.

Besides misapplying the above three Federal Court Rules, on June 19, 2010 plaintiffs' counsel demonstrated such a lack of comprehension of Rule 8(b) that the Court felt it necessary to read the rule to him.  Amazingly, this was one day after both attorney Manzo and undersigned counsel had discussed that particular rule at length.  The Rule is also was discussed in a brief submitted to the Court.  Given the efforts taken to inform the plaintiffs' of that rule, it is hard to avoid the conclusion that the plaintiffs are laughing at defendant Lamb and the Court.

Although counsel is permitted to take "an imaginative legal or factual approach to applicable law or an unduly harmless good faith call for reconsideration of settled doctrine," the positions taken by counsel for the plaintiffs in the case at bar do not fall within that description are sanctionable.  Oxfurth v. Siemens A.G. 142 F.R.D. 424 (D.N.J. 1991).  Should plaintiffs continue in their reliance on this inapposite Federal Rule and federal rules decision, defendant Lamb respectfully requests that the Court consider imposing compulsory legal education as a sanction.  See id. at 428.  That sanction for this type of conduct at bar was expressly contemplated in the 1993 Advisory Committee Notes to Rule 11.  See Bergeron v. Northwest Publications Inc., 165 F.R.D. 518, 522 (D. Del. 1996).

Accordingly, if the Court deems it appropriate, defendant Lamb respectfully suggests that the plaintiffs be given one last chance to provide responsive answers to Lamb's interrogatories within five days.  Lamb maintains that fully responsive answers must address each deficiency set forth in undersigned counsel's June 22, 2010 deficiency letter. (See June 22, 2010 letter to plaintiffs outlining deficiencies attached as "**Exhibit B**").  If fully responsive answers are not provided within that time, defendant Lamb respectfully requests that the plaintiffs' answers to Lamb's counterclaim be stricken.

Finally, in light plaintiffs' conduct an award of attorney fees is appropriate under these circumstance.  Accordingly, Counterclaimant Lamb respectfully requests the opportunity to submit an affidavit establishing his legal fees in connection with repeatedly demanding the outstanding discovery and bringing this motion. L. Civ. R. 54.2.

    Respectfully,
    /s/ Dennis J. Duncan

    Dennis J. Duncan

Encl.

cc: Charles Novins, Esq. (via ECF)
　　Joseph Manzo, Esq. (via ECF)