UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Charles NOVINS, Esq., P.C. and Charles Novins, personally, | : : : : | Civ. No. 09-5354 |
| Plaintiffs, | : : | **OPINION & ORDER** |
| v. | : : |  |
| Kevin A. CANNON, et al., | : : |  |
| Defendants. | : : |  |

      This matter has come before the court upon Plaintiffs Charles Novins, Esq., P.C. ("Novins P.C.") and Charles Novins's ("Novins") Second Motion to Vacate Default [docket # 33] and amend the pleadings and Defendants Carl Osterwald and Vincent Lamb's Motion[1] [42] to deem all paragraphs of their counterclaims not admitted or denied in Plaintiffs' original Answers to those counterclaims as admitted. The Court has decided the motions upon consideration of the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78(b).[2] For the reasons set forth below, and for good cause shown, Plaintiffs' Second Motion to Vacate Default is denied and Defendants' Motion to deem all paragraphs of their counterclaims not admitted or denied as admitted is granted.

## BACKGROUND

      Plaintiffs filed their original Complaint against Defendants in the Superior Court of New

---

[1] The Motion was originally brought on behalf of Osterwald. Defendant Lamb joined in the motion on August 2, 2010. (Lamb's Br. Support Mot Deem Admitted [47].)

[2] Plaintiffs have not submitted an opposition brief to Defendants' Motion to deem certain paragraphs of their counterclaims as admitted.

-1-

Jersey, Ocean County, on February 13, 2009.[3] Defendant Osterwald and his wife, Yvonne Osterwald, filed an Answer to the Complaint and asserted counterclaims of defamation and invasion of privacy/false light on April 27, 2009.  On May 26, 2009, Novins filed an Answer which denied the two counts but did not address any of the Osterwalds' numbered paragraphs of factual allegations.  On June 17, 2009, the Clerk of the Superior Court entered default against Novins P.C. for failure to answer and defend against the Osterwalds' counterclaims.

On June 12, 2009, Defendant Lamb filed an Answer to the Complaint and asserted counterclaims of defamation, false light, private facts, intrusion/invasion of privacy, interference with contract, interference with prospective economic advantage, tortious harassment, abuse of legal process and filing a frivolous lawsuit.  As before, an June 24, 2009, Novins filed an Answer which denied each of the nine counts but did not address any of Lamb's numbered paragraphs of factual allegations.  On September 8, 2009, the Clerk of the Superior Court entered default against Novins P.C. for failure to answer and defend against Lamb's counterclaims.

The action was properly removed to this Court on October 20, 2009.  On May 14, Plaintiffs moved to set aside the state court's entry of default on the Osterwalds' counterclaims. After hearing oral argument on May 17, the Court found that Plaintiffs had failed to show good cause as to why the entry of default should be set aside and denied the motion.

Plaintiffs have now moved to vacate the state court's entry of default on Lamb's counterclaims, arguing that they were not timely informed of the entry of default and that the

---

[3]The original Complaint named a number of defendants other than Lamb and Osterwald who were either never served or who were dismissed from the case at various stages of the proceedings.  All of Plaintiffs' claims against Lamb and Osterwald have been dismissed.  (Apr. 27, 2010 Opinion and Order [18].)  Plaintiff has surviving claims against Defendant Kevin Cannon, who is not involved in the present motions.  In addition, Defendants Lamb and Osterwald have outstanding counterclaims against Plaintiffs, the status of which is the subject of the current motions.

default was the result of a purely typographical mistake in that Novins P.C. had been inadvertently left out of the caption of the Answer to the counterclaims. Defendants argue that Novins had adequate notice of the default and failed to timely move to vacate it. In addition, they argue that Novins has failed to provide an adequate answer to their counterclaims and that therefore all the factual allegations not specifically denied should be deemed admitted.

## ANALYSIS

**1.     Motion to Vacate Entry of Default**

A district court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). Plaintiffs' arguments as to why the entry of default against Novins P.C. for failure to answer Lamb's counterclaims should be vacated is essentially a reprisal of their earlier arguments as to why the entry of default on the Osterwalds' counterclaims should have been set aside.[4] As the Court previously determined, Plaintiffs have not shown good cause as to why the entry of default should be set aside or vacated and the Court will therefore deny the motion.

First, Plaintiffs failed to file their motion in a timely manner, resulting in potential prejudice to Defendant Lamb. Lamb asserts that Plaintiffs were in fact notified of the entry of default against Novins P.C. by certified letter on September 28, 2009. (Duncan Decl. ¶ 4 [37-1].) Regardless of the truth of that assertion, Plaintiffs were clearly on notice of the entry of default at the time the matter was removed to this Court, as the entry of default was included as part of the state court records and clearly identified in the list of exhibits in the Notice of Removal. (Notice of Removal, Ex. C [1-6].) Despite this, Plaintiffs did not move to set aside the entry of default until more than eight months had passed and the time that was originally set

---

[4]The only distinguishing fact appears to be that Plaintiffs acknowledge that the Osterwalds' counsel informed them of the entry of default shortly after it was obtained, while Plaintiffs contend they never received any such notification from Lamb's attorney.

for discovery to be completed had expired.[5]  (*See* Pretrial Scheduling Order [3].)

Second, and more importantly, Plaintiffs have failed to show good cause because they have yet to submit an Answer to Lamb's counterclaims that complies with Fed. R. Civ. P. 8 ("Rule 8").  Rule 8 requires a party to "admit or deny the allegations asserted against it by the opposing party."  Fed. R. Civ. P. 8(b)(1).  Further, "a denial must fairly respond to the substance of the allegation," and "a party that intends . . . to deny only part of an allegations must admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(2 & 4).  Plaintiffs initial Answer to Lamb's counterclaims failed to respond to the Lamb's factual allegations, consisting solely of a general denial of each count raised in the counterclaim.

Plaintiffs have submitted an amended answer that they contend cures any inadequacies in the initial Answer.  While the proposed amended answer does address each paragraph of Lamb's allegations individually, in reference to a number of paragraphs—14, 17, 24, 29, 34, 38, 41, 44, 46, 51, 56, 58, and 64—the proposed answer simply states that Lamb's averments are "denied in part and admitted in part."[6] (Am. Answer [33-1].)  The proposed answer thus fails to comply with Rule 8 as it fails to designate the part of the allegation that is true as compared to the part that is denied.  Fed. R. Civ. P. 8(b)(4).  Given that Plaintiffs have failed to submit an amended answer that would comply with the pleading requirements of Rule 8, the Court finds that good cause does not exist to set aside the entry of default for failure to answer or otherwise defend against Lamb's counterclaims.

---

[5]Although discovery was initially scheduled to be completed by March 31, 2010, disputes over discovery have continued past this date.  As recently as August 16, the Court entered two Orders requiring Plaintiffs to provide more responsive answers to Lamb's interrogatories and sanctioning Plaintiffs for failing to comply with Fed. R. Civ. P. 26(g).

[6]Paragraphs 1-33 are allegations of fact that are common to all of Lamb's counterclaims.  Paragraphs 34-65 address specific counterclaims.

**2.      Motion to Deem Paragraphs Not Denied as Admitted**

Defendants have moved to have the factual allegations in their counterclaims which were not specifically denied deemed to be admitted. If an allegation not relating to the amount of damages is not denied, and a responsive pleading was required, the allegation is considered admitted. Fed. R. Civ. P. 8(b)(6).

Novins P.C. has not filed an answer to Defendants' counterclaims. Novins's Answers, filed in state court on May 26 and June 24, 2009, did not respond to the substance of any of the factual allegations made by Defendants which supported their counterclaims. (Notice of Removal, Ex. C-7 & C-11.) Although a general denial is acceptable in limited circumstances, the Court does not believe it to be sufficient here.[7] Given that the type of general denial included in Novins's Answers to Defendants' counterclaims is insufficient in these circumstances, that Plaintiffs' have yet to submit an answer that complies with the requirements of Rule 8, and that no opposition has been submitted to Defendants' motion, the Court will deem paragraphs 1 through 23 of the Osterwalds' counterclaims and paragraphs 1 through 33 of Lamb's counterclaims to be admitted.

## CONCLUSIONS

For the above reasons, and for good cause shown,

IT IS this 27th day of August, 2010;

ORDERED that Plaintiffs' Second Motion to Vacate Default is DENIED; and it is

ORDERED that Defendants' Motion to Deem Paragraphs of their Counterclaims which

---

[7]According to Rule 8, a general denial is acceptable only when "a party . . . intends in good faith intends to deny all the allegations of a pleading—including the jurisdictional grounds." Fed. R. Civ. P. 8(b)(3). The Court finds it unlikely that Novins intended to deny all the allegations pled by Lamb as the proposed amended answer to Lamb's counterclaims admits either in whole or in part to a number of Lamb's allegations. (*See* Am. Answer.)

were not Denied as Admitted is GRANTED; and it is

ORDERED that Paragraphs 1-23 of the Osterwalds' counterclaims against Plaintiffs are hereby DEEMED ADMITTED; and it is

ORDERED that Paragraphs 1-33 of Lamb's counterclaims against Plaintiffs are hereby DEEMED ADMITTED.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.