LAW OFFICE OF DENNIS J. DUNCAN, LLC
P.O. BOX 2582
599 BLOOMFIELD AVENUE
BLOOMFIELD, NEW JERSEY 07003
PH: (973) 743-7100 FAX: (973) 743-7101
ATTORNEY FOR DEFENDANT,
RICHARD "VINCE" LAMB

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHARLES NOVINS, ESQ. P.C. and<br>CHARLES NOVINS, Personally,<br><br>Plaintiffs,<br><br>v.<br><br>Kevin A. Cannon, et al.<br><br>Defendants | Civil Action No. 09-CV-5354-AET-DEA<br><br><br><br>**DECLARATION OF**<br>**DENNIS J. DUNCAN** |

Pursuant to 28 U.S.C. §1746, I, **DENNIS J. DUNCAN,** declare and state as follows:

1. I am a member of the Bar of New Jersey and admitted to practice before the U.S. District Court of New Jersey. I represent Counterclaimant Richard "Vince" Lamb (hereinafter "Defendant Lamb," or "Dr. Lamb") and, as such, I am personally familiar with the facts set forth herein. I make this declaration in Support of Counterclaimant Richard "Vince" Lamb's motion (a) to enter Default Judgment as to Plaintiff Law Offices of Charles Novins PC, [1] (b) to enter Default Judgment as to Plaintiffs Law

---

[1] The actual name registered with the New Jersey Department of Treasury is "Charles Novins PC" (See June 29, 2007 Certification of Incorporation attached as "**Exhibit A**"). Plaintiffs erroneously identified this party as "Charles Novins, Esq. PC" in their complaint (docket item no. **1-5**) and in subsequent correspondence (e.g. docket item no.59). Dr. Lamb's Answer (docket item no. **1-13**) identified this error and again brought it to Plaintiffs' attention in July of 2009 (docket item no. **1-21**). At the June 17, 2010 Status Conference before Magistrate Judge Arpert, Lamb's counsel demanded that Plaintiffs file a Corporate Disclosure statement pursuant to *Fed. R. Civ. P.* 7.1. Plaintiffs' July 25, 2009 disclosure

Offices of Charles Novins PC and Charles Novins, individually and (c) in the alternative, Partial Summary Judgment as to Count One (1) ("Defamation") , Count Two (2) ("False Light") and Count Eight (8) of Lamb's Counterclaim.  That motion is returnable on February 27, 2010.

## I. PROCEDURAL HISTORY

(A) New Jersey State Court Action

1. Plaintiffs Law Offices of Charles Novins PC and Charles Novins, individually instituted this action by the filing of a Summons and Complaint on February 13, 2009 or February 19, 2009[2] in the New Jersey Superior Court, Law Division, Civil Part, Ocean County (docket item 1-5).  That Complaint alleged that a February 13, 2008 USENET posting attached as Exhibit A to the Complaint defamed the Plaintiffs and was authored by 9 individual defendants. 3.  The "From" line in Exhibit A indicates that the USENET posting was sent from a Google Gmail account, "kevin.cannon....@googlemail.com," and contains a subject line "Law Offices of Charles Novins hires drug addicts to fill your legal needs."

2. On February 18, 2009 Plaintiffs faxed a letter to Gary Casey, the Director of Human Relations at Oakland Community College, a named Defendant in the law suit and Dr. Lamb's employer. (See. *Supra*, Exh. #, *LAMB-44).  The college was never served and was later dismissed pursuant to *N.J. Ct. R.* 1:13-7 along with eight other named defendants on September 18, 2009 (docket item no. 1, ¶ 11).

---

statement still contains the same erroneous information. (docket item no. **31**) .

[2] Two file stamps appear on the Complaint. One indicates a filing date of February 13, 2009 while the other indicates a filing date of February 19, 2009.  The file stamp indicating the February 19, 2009vdate bears hand written marks and notes (the number 19 has a strike through and a number 13 is circled above with the initials L.K. per T.T.).

[3] The caption page actually inexplicably names three corporations; Google, Incorporated, TSB Bearings, Inc. and Databasix, Counterclaimant Lamb's employer, Oakland Community College (a Michigan community college), and also lists several other additional fictitious names without making any reference to, or allegations against, them in the complaint.

3. Between March 24, 2009 and April 13, 2009 Plaintiffs communicated with Adam Barea, Esq, Litigation Counsel for Defendant Google, Inc.  (See March 24, 2009 to April 2009 email thread between Adam Barea and Charles Novins attached as "**Exhibit B**").  In those communications, Plaintiffs did not ask Defendant Google to disclose the name of the party who created the Google Gmail account *kevin.cannon....@googlemail.com* or any other identifying information.

4. On April 8, 2009 Plaintiffs dismissed Defendant Google with prejudice.[4]  (See. April 8, 2009 Stipulation of Dismissal attached as "**Exhibit C**").  Plaintiffs did not file the April 8, 2009 stipulation of dismissal with the New Jersey Superior Court, nor did they provide any of the Defendants with a copy of that stipulation nor copies of their correspondence[5] with Google

5. Defendant Kevin A. Cannon filed an Answer on April 13, 2009 (docket item **1-8**), Defendant and Counterclaim-Plaintiff Carl R. Osterwald filed an Answer and a Counterclaim together with his wife Yvonne on April 26, 2009 (docket item **1-9**) Defendant and Counterclaim-Plaintiff Richard "Vince" Lamb filed an Answer and Counterclaim on April 26, 2009 (PACER docket item **1-13**), and Defendants Kevin Michael Fries and Rhonda Lea Kirk filed an Answer on September 8, 2009 (docket item **1-28**).

6. Dr. Lamb propounded interrogatories on Plaintiffs on June 24, 2009.  Cannon and the Osterwalds previously propounded interrogatories upon Plaintiffs.  Subsequently, Plaintiffs served a deposition subpoena on Osterwalds, Cannon (and DataBasix) and Defendant Rhonda Lea Kirk's Daughter. (docket items nos. **1-11**, **1-23**, **1-24**, and **1-31**).  On June 22, 2009, Dr. Lamb served a subpoena on Google requesting information on several Google gmail accounts, including the e-mail account referenced in the Plaintiffs' complaint (docket item no. **1-15**).  Subsequently, a June 26, 2009 motion to

---

[4] Plaintiffs claimed a May 27, 2010 e-mail to Lamb's counsel that the original stipulation was misplaced or destroyed, and that they do not recall Google ever supplying them with a filed copy.
[5] The third party discovery (e.g. April 8, 2009 Stipulation of Dismissal and March '09 correspondences) were turned over to Dr. Lamb only after he obtained a May 10, 2010 Court Order (docket item no. **19**).

change venue was filed by Dr. Lamb and later withdrawn (docket item no. **1-17**). On July 14, 2009 Plaintiffs filed an OTSC to quash Dr. Lamb subpoena and to impose sanctions. (docket item no. **1-20**). That OTSC was granted in part with respect to quashing the subpoena on July 15, 2009 and the issue of sanctions was resolved by the parties. (docket item no. **1-27**).

7.   On September 25, 2009 Plaintiffs case against Cannon and the Osterwalds was dismissed without prejudice pursuant to *N.J. Ct. R*. 4:23-5(a) for failing to answer those parties' interrogatories (docket item no. **1-33**). Dr. Lamb's interrogatories remained unanswered.

8.   On October 20, 2009 the five Defendants, Cannon, Fries, Kirk, Lamb, and Osterwald removed this action on the basis of 28 U.S.C. § 1332(a)(1), subparagraph (a) of 28 U.S.C. § 1441 and second paragraph of 28 U.S.C. § 1446(b) (docket item no. **1**).

   (A) Federal Court Action

10.   On December 3, 2010 Defendants prepared a proposed joint discovery plan pursuant to Fed. R. Civ. P. 26(f) and forwarded it to the Plaintiffs (see. December 3, 2009 letter to Charles Novins attached as "**Exhibit D**"). That proposed plan recommended, *inter alia*, that Plaintiffs be required to obtain proof from Google as to the ownership of kevin.cannon....@googlemail.com before the parties engaged in written discovery. Defendants ignored that proposed joint discovery plan and instead submitted their own discovery plain <u>during</u> the December 10, 2010 Initial Scheduling Conference before Magistrate Judge Arpert. (<u>See</u> Duncan Decl. 36-1 ¶ 7, Exh. F)  In Plaintiffs' December 10, 2010 discovery plan they rejected Defendants' joint plan and indicated that instead they "will seek a special protective order, limiting what information may be released to the litigants and how it will be used." Moreover, at the meeting Plaintiffs rejected the suggestion that Plaintiffs obtain ownership information from Google.

11.    On December 11, 2009 Magistrate Arpert issued a Pretrial Scheduling Order which, *inter alia,* set deadlines for Rule 26 disclosure, set a January 15, 2010 deadline for Plaintiffs' response to outstanding written discovery, and provided Plaintiffs with another opportunity to obtain written discovery (docket item no. **3)**.

12.    On December 31, 2010, Dr. Lamb submitted his Rule 26 disclosure together with a document production.  (See December 31, 2006 Rule 26 disclosure attached as "**Exhibit E**").  A first supplemental Rule 26 disclosure was made on June 22, 2010.  (See June 22, 2010 Supplemental Disclosure attached as "**Exhibit F**").  A second supplemental Rule 26 disclosure was made on January 28, 2011.  (See January 28, 2011 Second Supplemental Disclosure attached as "**Exhibit G**").

13.    On January 16, 2010 Plaintiffs provided responses to Defendant Cannon's Interrogatories.  (See Plaintiff's January 16, 2010 response to Cannon attached as "**Exhibit H**").  On January 19, 2010, Plaintiffs provided responses to the Osterwalds' Interrogatories.  (See Plaintiff's January 16, 2010 response to the Osterwalds Interrogatories attached as "**Exhibit I**").  On information and belief both Cannon[6] and the Osterwalds[7] objected to Plaintiff's responses.   Subsequently, Plaintiffs defied the Court's unambiguous December 11, 2010 order (as well as an unambiguous and *unopposed M*ay 10, 2010 Discovery Order) by not making Rule 26 disclosures (docket items nos. **19, 36-1** and **52)**.  Similarly, Plaintiffs defied another provision of those same two unambiguous Court Orders by not answering Dr. Lamb's interrogatories (docket items nos. **19** and **37-1)**.

14.    Thereafter, Plaintiffs filed two motions to vacate defaults entered against Plaintiff Law Offices of Charles Novins PC with respect to the counterclaims of Dr. Lamb and

---

[6] After the Court entered its April 27, 2010 Order dismissing all Defendants except Kevin A. Cannon, it was my understanding that Cannon and Plaintiffs had settled therefore no further objections to Plaintiff's interrogatories were pursued.  (Upon information and belief, that is why Cannon did not join in Dr. Lamb's motion that resulted in the May 10, 2010 Discovery Order).

[7] On information and belief, the Osterwalds requested supplemental responses which were returned to their counsel on or about June 25, 2010.  (See June 25, 2010 Amended Answers attached as "**Exhibit J**").  On information and belief, those answers were again unresponsive and *further discovery was sought* resulting in an October 13, 2010 deposition of Plaintiffs.

the Osterwalds. The first motion (pertaining to the Osterwalds) was filed on May 14, 2010 and argued before the Hon. Anne E. Thompson on June 17, 2010. Judge Thompson denied that motion (docket item no. **28**). The second motion (pertaining to Dr. Lamb) was filed on July 7, 2010. That motion (which was decided on the papers) was denied on September 7, 2010 (docket items nos. **37** and **54**). On that same day, the Court granted the Osterwalds' motion to deem paragraphs 1-19 of the Osterwalds' Counterclaim admitted (docket items nos. **42** and **54**). Dr. Lamb joined in that motion on July 23, 2010 by requesting that paragraphs 1-32 of his counterclaim be deem admitted (docket item no. **47**). Plaintiffs did not oppose the Osterwalds' or Lamb's motions.

15. On August 16, 2010 Magistrate Arpert issued two unambiguous orders in response to two July 13, 2010 motions filed by Dr. Lamb. One motion concerned Plaintiffs' defiance of the Court's December 11, 2010 and May 10, 2010 Orders with respect to Rule 26 obligations, and a second motion was to compel Plaintiffs to provide more specific answers to interrogatories (docket items nos. 36 and 37; 51 and 52). Both motions were unopposed by the Plaintiffs.

16. On August 25, 2010 a telephonic status conference was held before Magistrate Arpert during which Plaintiffs asked to bring a dispositive motion pertaining to the Osterwalds[8] and Dr. Lamb. In response to that request, the Court required that Plaintiffs provide a report explaining their basis for requesting such relief. In addition, Magistrate Arpert provided Plaintiffs with yet another opportunity to obtain discovery from the Osterwalds and Lamb by asking Plaintiffs to provide an explanation of their discovery needs/requests in their report to the Court.

17. On September 1, 2010 Plaintiffs submitted a report to the Court which included, *inter alia,* a request to file a dispositive motion as to Dr. Lamb's counterclaim. In their report Plaintiffs claimed that "several parts" [of the counterclaim] are vulnerable to a

---

[8] Joseph Manzo, Esq., counsel for Kevin A. Cannon and the Osterwalds, did not participate in that short phone call due to communications problems.

- 6 -

Rule 12(c) motion (docket item No. **53**).  That same report acknowledged receipt of Osterwalds' deposition notice which sought to depose Charles Novins on October 13, 2010.  Moreover, Plaintiffs indicated that they would file an application for a protective order with respect to a notice to produce included with that notice.  The deposition of Charles Novins on behalf of the Plaintiffs proceeded on October 13, 2010 as scheduled.

18.   In Plaintiff's September 1, 2010 submission to the Court they also indicated that ". . . I will shortly notify both counterclaimants of my intention to depose their clients at the same time and place." (docket item no. **53**) And "[a] Notice to Produce will accompany my deposition notice as well . . ."

19.   On September 15, 2010 Dr. Lamb filed an affidavit under *L. Civ. R.* 54.2 in connection with a request for attorney's fees (submitted pursuant to the August 16, 2010 Orders) (docket item no. **58**).  In response, the Plaintiffs submitted a an objection which basically rehashed previous arguments not directed to the fee application, and made the following statement which demonstrates the Plaintiffs' complete misunderstanding of the purpose underlying the Court's power to sanction litigants (such as in the instant case of Plaintiffs' failure to respond to discovery requests):

> This fee application, moreover, should properly await the end of litigation so that the Court may assess whether any of Defendant's claims are successful.

(docket item no. **59**).  Evidently, Plaintiffs do not understand that sanctions are designed to deter conduct such as Mr. Novins' failure to respond to discovery requests.

20.   Counterclaimant Lamb responded to Plaintiffs' status report on September 7, 2010 by (a) requesting permission to file the instant dispositive motions, and (b) by objecting to the deposition of Dr. Lamb on October 13, 2010.  With respect to that objection, Lamb maintained that the deposition should await the outcome of the instant motion or, in the alternative, that the Plaintiffs should follow standard scheduling protocols (docket item no. **55**).  Subsequently, no protective orders or deposition notices (together with notice to produce) were served upon Dr. Lamb by Plaintiffs.

Written discovery requests were closed on January 15, 2011 per Magistrate Arpert's December 11, 2010 Pretrial Scheduling Order.  Nor have the Plaintiffs made any requests for additional time under that pretrial order.  Nor has that Order been amended or supplemented with respect to ¶ 4 (depositions) to include a deadline).  Despite that fact Plaintiffs have not made a single effort to pursue that mode of discovery from Dr. Lamb.

## II.  RELEVANT PROCEDURAL HISTORY WITH RESPECT TO REQUEST FOR DEFAULT AND DEFAULT JUDGMENT

21.   Undersigned counsel incorporates by reference his July 12, 2010 Declaration in support of Dr. Lamb's Motion for Discovery for Sanction and the contemporaneously filed July 13, 2010 Declaration in support of Dr. Lamb's Motion for Discovery Compel More Specific Answers (docket items nos. **36-1** and **37-1**).  In each July 2010 declaration, Dr. Lamb's counsel recounted (in detail) his good faith, yet unsuccessful, attempts to resolve those discovery disputes without court intervention pursuant to *L. Civ. R.* 37.1(b)(1).

22.   On August 16, 2010 Magistrate Judge Douglas E. Arpert issued two (2) Orders granting the relief sought in each of Dr. Lamb's July 13, 2010 Motions for discovery (docket items nos. **51** and **52**).  No opposition to either motion was submitted by the Plaintiffs.

23.   The first August 16, 2010 Order (hereinafter "Sanction Order") sanctioned Plaintiffs for not complying with *Fed. R. Civ. P.* 26(g) by prohibiting, *inter alia,* Plaintiffs from asserting certain claims or defenses in any pleading (docket item no. 52).

In particular, Plaintiffs are prohibited from claiming in any pleading that Dr. Lamb: (a) posted or republished any defamatory statements, or used an alias to do so, or assisted other defendants or unknown others in republishing the document attached as Exhibit A to Plaintiffs' complaint; (b) that the Law Office Charles Novins PC suffered monetary damages as a result of the document attached as Exhibit A to the complaint; (c) that Dr. Lamb is part of a hate group and/or that he organized a hate group; and (d) that there are online postings which prove that Dr. Lamb utilizes one or more aliases to commit libel. In addition, that August 16, 2010 order allowed Dr. Lamb to submit an affidavit within 30 days of that Order in support of his request for an award of attorney's fees.

24. The second August 16, 2010 Order (hereinafter the "Compel Order") compelled Plaintiffs to provide Dr. Lamb with more specific answers to Interrogatories. (docket item no. 51). In particular, the Compel Order required that the Plaintiffs provide more specific answers to Dr. Lamb as outlined in his counsel's (i.e., Dennis J. Duncan's) June 22, 2010 deficiency letter (hereinafter "first deficiency letter") to Charles Novins (docket item no. **37-6**).

25. On August 25, 2010 a telephonic status conference was held before Magistrate Arpert during which Plaintiffs asked permission to bring a dispositive motion as to the Osterwalds and Dr. Lamb. In response, the Court required that Plaintiffs provide a report detailing their basis for requesting such relief. In addition, Magistrate Arpert provided Plaintiffs with yet another opportunity to obtain discovery from the Osterwalds

and Lamb by asking that Plaintiffs provide an explanation of their discovery needs and/or requests in their report to the Court.

26.     On August 26, 2010 the Plaintiffs e-mailed what they purported to be their "revised" answers to Lamb's June 24, 2009 interrogatories. (See Plaintiff's August 26, 2010 Revised Answers to Interrogatories of Richard "Vince" Lamb submitted pursuant to August 16, 2010 Order (attached hereto as "**Exhibit K**"). That revised response failed to provide Answers which dealt with the numerous deficiencies in Plaintiffs' prior answers – deficiencies outlined in my June 22, 2010 letter to Charles Novins. Not only were Plaintiffs' responses still incomplete, unclear, non-responsive and evasive answers, but they now contained untimely objections (over a year later) to the interrogatories.

27.     Reproduced below are samples of Plaintiffs' August 26, 2010 incomplete, unclear, non-responsive and evasive answers in which Plaintiffs state the following:

   (1) This question requires no further clarification. There was no order permitting that further interrogatory questions be asked nor answered. (Plaintiffs' Response to Interrogatories Nos. 4, 20, 21, 25, 26 and 37)

   (2) This has already been clarified. (Plaintiffs' Response to Interrogatories Nos. 8 and 9)

   (3) This question has been answered as fully as possible (Plaintiffs' Response to Interrogatories Nos. 12 and 16)

   (4) I am not in possession of these documents, I had only seen them online and copied them."[9] (Plaintiffs' Response to Interrogatories Nos. 17, 18, and 19, 29, 47, 48, and 49).

---

[9] In addition, Plaintiffs cited (yet again) to *Fed. R. Civ.* P. 33(d) as justification for not disclosing the information sought. That is, despite being advised of that Rule 33(d) is inapplicable to requests for documents related to proofs to support claims and defenses in a defamation action (i.e., that particular Federal Court Rule is limited to business records). (See Decl. of Dennis Duncan). Moreover, Plaintiffs were subsequently advised on July 12, 2010 that not only does the plain language of Rule 33(d) limit itself

- 10 -

  (5) Reference to a preceding answer to interrogatory which does not provide a response (Plaintiffs' Response to Interrogatories No. 34).

  (6) Blank response (Plaintiffs' Response to Interrogatories Nos. 41 and 9)

28. On August 28, 2010 I provided Plaintiffs with a second deficiency letter.  (See August 28, 2010 letter to Charles Novins attached as "**Exhibit L**").

29. On September 1, 2010 the Plaintiffs submitted a document to the Court, entitled "Plaintiffs' Report to Courts per Order of August 23, 2010" in which they indicate that:

> Finally, it is becoming clear from attorney Duncan's unreasonable and unjustified demands regarding the interrogatories that a protective order will need to be sought regarding any further demands. After complying fully with Your August 16, 2010 order regarding further answers to interrogatories, I received a letter from Mr. Duncan replete with unreasonable demands for further inquiry as to the written questions, all of which have been fully answered as per Your Order.
>
> Mr. Duncan now threatens, by way of motion, to involve Your Honor directly in the matter on a question-by-question basis, and I will counterclaim for fees if he should move to do so, since his stated objections to my answers are now frivolous and harassing. (PACER docket item No. 53).

30. On September 7, 2010 Dr. Lamb requested permission from Magistrate Judge Arpert pursuant to *L. Civ. R*. 72.1(a)(2) to file the instant dispositive motion (docket item no. **55**).  A second request was made on October 11, 2010 by letter to Magistrate Judge Arpert (docket item no. **61**).  A third request was made on November 29, 2010 again requesting permission to file the instant dispositive motion (docket item no. **61**).   On December 22, 2010 I received a telephone call from the chambers of Magistrate Arpert in which I was told that the Judge had granted Dr. Lamb's request to file the instant dispositive motion.  Due to the holidays, other pending matters, library closings (law libraries closed or reduced schedule due to intersession) and foul weather, the

---

to requests for business records, the case law cited by Plaintiffs to Joseph Manzo, Esq. did not support Plaintiffs' position.  (See docket item no **37-4**.)

undersigned counsel was unable to immediately file the instant motion by the January 14, 2011 initial filing deadline required for the February 7, 2011 Motion Day.

31. The Plaintiffs still refuse to respond to my second deficiency letter on behalf of Dr. Lamb.  Furthermore, Plaintiffs still have not submitted supplemental answers to Lamb's June 24, 2009 interrogatories as required by the Court's unambiguous August 16, 2010 Compel Order.

32. A Status Conference is scheduled before Magistrate Judge Arpert on February 9, 2011 at 3:00 a.m.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. §1746, that the foregoing statements are true and correct.

**Law Office of Dennis J. Duncan, LLC**
Attorneys for Defendant,
Richard "Vince" Lamb

By: ___/s/ Dennis J. Duncan_____
Dennis J. Duncan

Executed on January 28, 2011