# DAVIDSON, SOCHOR, RAGSDALE & COHEN, L.L.C.

| | | |
|---|---|---|
| ALAN A. DAVIDSON, P.A.<br>ROBERT A. SOCHOR<br>RICHARD A. RAGSDALE (NJ & CA BAR)<br>KENNETH R. COHEN<br><br>JODI C. LIPKA (NJ & NY BAR) | ATTORNEYS AT LAW<br>37 TAMARACK CIRCLE<br>SKILLMAN, NJ 08558<br>(609) 924-7179<br>FAX (609) 683-9501 | 611 RIVER DRIVE<br>ELMWOOD PARK, NJ 07407<br>(201) 791-7797<br>FAX (201) 791-7091<br><br>NJ-LAWYER.COM |

Richard.Ragsdale@Verizon.Net

December 3, 2009

Charles Novins, Esq.                              By Fax (732) 341-4490
54 Water Street                                              By email
Toms River, NJ 08754

        Re: Charles Novins, Esq. v. Kevin A. Cannon, et al., U.S. District Court of NJ, Civil Action :09-CV-5354

Dear Mr. Novins:

    Enclosed is a proposed joint discovery plan prepared and agreed upon by defense counsel.

    A plan is required to be submitted to Magistrate Judge Arpert by the close of business today. Please advise me as to whether you concur or not with the enclosed.

                      Very truly yours,

                      Richard A. Ragsdale

Enclosure
C: Dennis J. Duncan, Esq. (by email)
   Joseph A. Manzo, Esq. (by email)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Davidson, Sochor, Ragsdale & Cohen, LLC**
37 Tamarack Circle
Skillman, NJ 08558
Attorneys for Defendants Kevin Fries and Rhonda Lea Kirk-Fries
(609) 924-7179; Fax (609) 683-9501

| | |
|---|---|
| CHARLES NOVINS, ESQ., P.C. and CHARLES NOVINS, personally,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN A. CANNON, KEVIN MICHAEL FRIES, JIM KELSO, RHONDA LEA KIRK FRIES, VINCENT LAMB, CARL R. OSTERWALD, ET AL.,<br><br>Defendants | Civil Action: 3:09-CV-5354<br><br>PROPOSED JOINT DISCOVERY PLAN |

The parties hereby submit the following plan for discovery pursuant to *F.R.C.P.* 26(f).

This is primarily a defamation action in which plaintiffs, Charles Novins, an attorney practicing law in Toms River, New Jersey and his law firm P.C., allege that they were defamed by an Internet post, attached as the sole exhibit to the complaint, which stated that Novins hired drug addicts to work at his firm. Certain of the defendants have filed counterclaims against Novins and his firm for defamation, invasion of privacy, abuse of process and other intentional torts.

The post in question indicates that it was made by one "Kevin Cannon" from a Gmail address, but that account designation, or any other account name, can be easily created by anyone. The first and overriding question in this case, therefore, is the identity of the person who authored and published this post on the Internet.

All the defendants deny being the author of the offending post or the owner of the account from which it originated. In the nine months following the filing of the complaint, plaintiffs have made no attempt through discovery to determine the author of the offending post, or the owner of the account from which it originated.

Accordingly, the defendants propose that no discovery be permitted against them unless and until (among other things discussed below) the plaintiff obtains the identity of the author of the post and the owner of the subject email account from Google, Inc., by subpoena or otherwise. No useful purpose is served by retaining multiple parties as defendants in this case when only one person authored the defamatory post.[1]

---

[1] The Communications Decency Act of 1996 bars liability for "re-posting," republishing or forwarding defamatory internet posts. See *Barret v. Rosenthal*, 40 *Cal.*4th 33, 40 (Cal. Supreme Court 2006) and *Zeran v. America Online, Inc.*, 129 F.3d 327, 331-333 (4th Cir. 1997). Thus, plaintiffs' theory of multiple-defendant liability for re-posting the original post is barred.

2

Upon discovery of the owner of the e-mail account in question, the plaintiffs presumably will add that party as a defendant and dismiss all other defendants.

This proposal is submitted pursuant to L.R. 16.1(b)(1)(F), which states in relevant part that the scheduling order may include:

> . . . such limitations on the scope, method or order of discovery as may be warranted by the circumstances of the particular case to avoid duplication, harassment, delay or needless expenditure of costs.

It is respectfully submitted that no useful purpose can be served in proceeding with a normal discovery schedule unless and until the plaintiff takes the elementary steps necessary to identify the party who allegedly defamed him via the post attached to his complaint. On a related issue, plaintiff's complaint has already been dismissed in the State court proceedings (without prejudice) as to defendants Cannon and Osterwald, for failure to answer interrogatories.

1. The following changes in the time, form or requirements for disclosure under Rule 26(a)(1) will apply:

(a) No defendant shall be required to make such disclosures until 20 days after plaintiffs provide proof from Google, Inc. that such defendant is the author of the offending post attached to the complaint or is the owner of the email account from which it originated;

(b) Defendant Kevin Cannon shall not be required to make any such disclosure unless and until the plaintiffs successfully moves for reinstatement of their complaint against him;

3

(c) Defendant counterclaimant Carl Osterwald shall not be required to make any such disclosure with respect to the plaintiff's dismissed claims against him unless and until the plaintiffs successfully moves for reinstatement of plaintiff's complaint against him;

(d) Defendant counterclaimant Richard "Vince" Lamb shall not be required to make any such disclosure unless and until the plaintiffs provide complete and responsive answers to the interrogatories he propounded on plaintiffs.

2. Plaintiffs shall not serve any discovery upon any defendant unless and until:

(a) plaintiffs provide proof from Google, Inc. that such defendant is the author of the offending post attached to the complaint, or is the owner of the email account from which it originated. Plaintiffs shall serve a subpoena on Google, Inc. to obtain such information within 10 days of the date of this order. Plaintiffs shall copy all counsel on all communications between plaintiffs and Google, Inc. and provide copies of the results of such communications;

(b) plaintiffs successfully move to reinstate their complaint against defendants Kevin Cannon and Carl Osterwald and provide complete and responsive answers to interrogatories that were served upon the plaintiffs while the case was pending in the Superior Court of New Jersey; and

(c) plaintiffs provide complete and responsive answers to Richard "Vince" Lamb's interrogatories.

3. Plaintiffs shall have 45 days from the date of this order to

(a) obtain proof from Google, Inc. as to the author of the offending post attached to the complaint and the owner of the email account from which it originated; and

(b) provide complete and responsive answers to the interrogatories propounded by defendants Kevin Cannon and Carl Osterwald

4


4. Plaintiffs shall have 30 days from the date of this order to:

    (a) provide complete and responsive answers to the interrogatories propounded by defendant Lamb.

5. If, within 45 days of the date of this order (or such other time period set by the Court) the plaintiffs:

    (a) fail to procure and provide to all counsel the aforementioned information as to the author of the offending post and the owner of the account from which it originated, or

    (b) fail to reinstate the complaint as to defendants Kevin Cannon and Carl Osterwald by answering the outstanding interrogatories and successfully reinstating same, or

    (c) fail to provide complete and responsive answers to Richard "Vince" Lamb's outstanding interrogatories,

then any affected defendant may apply on 10 days notice to plaintiffs and all counsel for an order dismissing the complaint with prejudice as to such defendant.

6. All other matters of discovery shall be deferred until the _____ day of February, 2010, at which time the parties shall submit a new joint discovery plan, to be discussed and acted upon by the court at a conference to be conducted on the \_\_ _____ day of _____, 2010 at _____ AM/PM.

Respectfully Submitted,

Davidson, Sochor, Ragsdale & Cohen, LLC
Attorneys for defendants Kevin Fries and Rhonda Lea Kirk Fries

By: _____
    Richard A. Ragsdale

Law Office of Dennis J. Duncan, LLC
Attorneys for defendant-counterclaimant Richard "Vince" Lamb


By: *S/ Dennis J. Duncan*
    Dennis J. Duncan


Joseph A. Manzo, Esq.
Attorney for defendants Kevin Cannon, defendant-counterclaimant Carl R. Osterwald, and counterclaimant Yvonne S. Osterwald.

*S/ Joseph A. Manzo*
Joseph A. Manzo, Esq.

Charles Novins, Esq., P.C. and Charles Novins, personally.
Plaintiffs pro se


By: _____
    Charles Novins

6