Law Office of Dennis J. Duncan, LLC
599 Bloomfield Avenue
Bloomfield, New Jersey 07003
Phone: (973) 743-7100 ♦ Fax: (973) 743-7101 ♦ E-mail: dduncan@dennisduncanlaw.com

Admitted in DC, NJ, and NY
Registered to Practice before the USPTO

August 28, 2010

**VIA E-MAIL ocnjlaw@gmail.com**
Charles Novins, Esq.
Charles Novins, Esq. PC
54 East Water Street
Toms River, NJ 08753

> Re:   Charles Novins, Esq., P.C. et al. v. Kevin A. Cannon, et al.
>       U.S. District Court, Dist. of NJ - Trenton
>       Civil Action: **09-CV-5354-AET-DEA**

Dear Mr. Novins:

I have had an opportunity to review plaintiffs' purported supplemental answers to Counterclaimant Lamb's interrogatories which Plaintiffs presumably believe comply with Judge Arpert's August 16, 2010 Order. Specifically, that Order required plaintiffs Charles Novins, Esq. P.C. and Charles Novins, to "personally provide responsive answers to Counterclaimant Lamb as outlined in his counsel's June 22, 2010 letter."

Despite Judge Alpert's August 16, 2010 Order and the clear and detailed explanation of the deficiencies in Plaintiff's May 21, 2010 answers, Plaintiffs' answers are still incomplete, unclear, non-responsive and evasive. In fact, Plaintiffs now (after a year and three months) amazingly raise untimely objections to Counterclaimant's interrogatories and inappropriate arguments in their August 26, 2010 response. Moreover, in several instances the Plaintiffs provide no responsive answers despite the Court's August 16, 2010 Order.

I am hereby demanding that Plaintiffs immediately provide corrective answers. If I do not receive corrective answers by the end of business, Monday, August 30, 2010 I will contact the Court regarding a motion to strike Plaintiffs' answers and defenses and for imposition of sanctions (including attorney fees). Moreover, I also will include with that motion a demand to have Plaintiffs' counsel ordered to complete a Continuing Legal Education course on the Federal Rules of Procedures as previous suggested in our recent motion (and for the demonstrated lack of understanding of the Rules described below).

Letter to Charles Novins
August 28, 2010
Page 2

I have again attached my notes setting forth the specific deficiencies found in each
interrogatory answer in provided in Plaintiffs' August 26, 2010 supplemental response.

     Thanks for your anticipated cooperation. Please be guided accordingly.

              Regards,

              Dennis J. Duncan

Encl.

## **GENERAL OBJECTION TO PLAINTIFF'S AUGUST 26, 2010 RESPONSES**

(1)     A motion to compel more specific answers was filed by Counterclaimant Lamb on July 23, 2010. According to the Federal Rule of Civil Procedure and Local District Rules, Plaintiff's response to that motion was due on August 12, 2010. Plaintiff did not file a response to that motion as such an Order issued on August 16, 2010. Specifically, that Order required plaintiffs Charles Novins, Esq. P.C. and Charles Novins, "personally provide responsive answers to Counterclaimant Lamb as outlined in his counsel's June 22, 2010 letter." In other words, the time for Plaintiffs to file a response to that motion passed on August 12, 2010 and no request was made to the Court for an extension of time.

(2)     Pursuant to *Fed. R. Civ. P.* 33(b)(4), Plaintiffs waived any grounds of objections set forth in his August 26, 2010 response as the objections are not timely and no good faith excuse has been offered for the failure to timely object.

(3)     Plaintiffs last minute attempt to comply with Judge Arpert's August 16, 2010 Order not only fails to provide responsive answers (continuing to offer incomplete, unclear, non-responsive and evasive answers) but offers objections and argumentative responsive as well as further misstatement of the Federal Rules of Civil Procedure as set forth below under the heading "Specific Deficiencies in Plaintiff's August 26, 2010 Response."

(4)     The Plaintiffs have failed to delete or modify their previous May 21, 2010 response to Lamb's Interrogatories. Instead Plaintiffs merely offer very brief supplemental responses. In other words, it appears that Plaintiffs are continuing with the same objectionable answers which were the subject of the motion to compel more specific answers. Hence, creating ambiguity in the answers.

(5)     Finally, the Answers are not properly certified.

## **SPECIFIC DEFICIENCIES IN PLAINTIFF'S AUGUST 26, 2010 RESPONSE**

### **INTERROGATORY NO. 2**

Plaintiffs failed to provide a complete answer. Please provide the copies of each communication with Oakland Community College.

### **INTERROGATORY NO. 4**

Plaintiffs failed to clarify answer. Moreover, Plaintiffs response includes an untimely objection in violation of *Fed. R. Civ. P.* 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been

1

raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court by August 12, 2010 in response to the motion.

The interrogatory asked that Plaintiffs provide "the full name, title, company name, address, phone number and e-mail address of the person or company who assisted Plaintiffs in obtaining . . . information with respect to Defendant Richard Vince Lamb." I provided Plaintiffs with a references to Plaintiffs October 19, 2007 Usenet postings provided in my clients December 2009 initial disclosure to help refresh Plaintiffs recollection. Despite that reference Plaintiffs refuse to disclose the "who what and where" requested in the interrogatory. Instead Plaintiffs merely say Plaintiffs obtained my clients "private" information over the internet. Moreover, Plaintiffs evaded the answering the question with respect to what other private information Plaintiffs obtained from my client (e.g. Social security number, driver's license information, criminal record, and medical records). Plaintiffs evidently just do not want to answer the question despite the Court's August 16, 2010 Order.

## INTERROGATORY NO. 8

This answer is still incomplete. See Above Objection to Interrogatory No. 2

## INTERROGATORY NO. 9

Plaintiffs answer is still incomplete. The interrogatory asked Plaintiffs to provide Plaintiffs contentions with respect to Plaintiffs contacts with my client's employer. I provided Plaintiffs with a references to Plaintiffs October 19, 2007 and February 19, 2009 Usenet postings provided in my clients December 2009 initial disclosure to help refresh Plaintiffs recollection. Despite that reference Plaintiffs refuse to disclose what Plaintiffs contention with respect to those contacts with my client's employer. Nor have Plaintiffs identify any documents with respect to those contacts. Plaintiffs evidently just do not want to answer the question despite the Court's August 16, 2010 Order.

## INTERROGATORIES NOS. 10 and 11

Plaintiffs answer is still incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers(a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

The interrogatory asked Plaintiffs name "any person" within the last ten years who claims Plaintiffs invaded their privacy. I provided Plaintiffs with a reference to Carl Osterwald's Counterclaims to help refresh Plaintiffs recollection. Base upon Plaintiffs omission of Osterwald, Plaintiffs past history of evasiveness (Plaintiffs response to discovery request from all parties to this litigation) and misrepresentation about the exists

of discovery (e.g. Plaintiffs discussions with Google in the Fall 2009) it is appears that Plaintiffs have failed to provided a complete response with "none." Plaintiffs evidently just do not want to answer the question despite the Court's August 16, 2010 Order.

## INTERROGATORY NO. 12

Plaintiffs answer is still incomplete and has not been answered as fully as possible. Plaintiffs have not identified the "numerous individuals" who Plaintiffs allege that Lamb has engaged in a broadly-public and organized smear campaign. Obviously if there is a grand conspiracy afoot on the Internet as Plaintiffs describe in Plaintiffs answer to Interrogatory No. 12 then the names of the individuals making such accusation and written evidence must be abundant enough for Plaintiffs to turnover in this discovery request. Moreover, Plaintiffs response "the answer has been answered as fully as possible" is not a response but a willful disregard for the Court's August 16, 2010 Order.

## INTERROGATORY NO. 15

Plaintiffs answer is still non-responsive to a legitimate contention interrogatory and yet another inappropriate insult directed to my client. Plaintiffs evidently just do not want to answer the question despite the Court's August 16, 2010 Order.

## INTERROGATORIES NOS. 17, 18 and 19

Plaintiffs response is till unacceptable and incomplete. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

Moreover, Plaintiffs comment is ambiguous Plaintiffs state I am not in possession of these documents yet Plaintiffs state that Plaintiffs "had only seen them online and "copied them." This response is similar to Plaintiffs previous bad faith response to Interrogatory 37. In other words, Plaintiffs are again saying we have copies of the documents Counterclaim Lamb is requesting but Plaintiffs are not turning them over.

With respect to Plaintiffs citations to F.R.C.P. 33(b)(4) in each interrogatory; not only is the objection not timely and waived (over a year after the interrogatory was propounded and ten days after the issuance of an Order compelling the answer), but Plaintiffs citation to the Rule clearly demonstrate the need to have Plaintiffs Order to attend a Continuing Legal Education course directed to the Federal Rules of Civil Procedure so as to avoid further delay in this litigation due to Plaintiffs failure to understand or follow the rules.

3

## INTERROGATORY NO. 20

Plaintiffs answer is still unclear and incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence, Plaintiffs objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

Plaintiffs response "the question requires no further clarification" is not a response but a willful disregard for the Court's August 16, 2010 Order. Moreover, Plaintiffs suggestion that Plaintiffs might clarify Plaintiffs answer in further discovery, deposition or at trial is not a response. Based upon Plaintiffs history of dilatoriness, purposeful evasiveness, and obscure and non-responsive to discovery one could not reasonably rely upon such a suggestion.

## INTERROGATORY NO. 23

Plaintiffs answer is still unclear and incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence, Plaintiffs objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

Please provide the publications.

## INTERROGATORY NO. 25

Plaintiffs answer is still unclear and incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence, Plaintiffs objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

## INTERROGATORY NO. 26

Plaintiffs answer is still unclear and incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence, Plaintiffs objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

## INTERROGATORY NO. 28

Plaintiffs answer is still unclear and incomplete. Moreover, Plaintiffs response includes an untimely objection in violation of Fed. R. Civ. P. 33(b)(4). Hence, Plaintiffs objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

The August 26, 2009 comment "the question asked if my comments were made with "malice" and the answer was "no" is not an accurate statement based upon the three sentences which precede the new statement. In other words, Plaintiffs did not answer yes in their previous May 21, 2010 certified answer instead they provided a three sentence answer.

Please provide the "facts and matters of public record" that support Plaintiffs allegation.

## INTERROGATORIES NOS. 29 and 30

Plaintiffs response is still Non-responsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

Moreover, Plaintiffs comment is ambiguous Plaintiffs state I am not in possession of these documents yet Plaintiffs state that Plaintiffs "had only seen them online and "copied them." This response is similar to Plaintiffs previous bad faith response to Interrogatory 37. In other words, Plaintiffs are again saying we have copies of the documents Counterclaim Lamb is requesting but Plaintiffs are not turning them over.

With respect to Plaintiffs citations to F.R.C.P. 33(b)(4) in each interrogatory; not only is the objection not timely and waived (over a year after the interrogatory was propounded and ten days after the issuance of an Order compelling the answer), but Plaintiffs citation to the Rule clearly demonstrate the need to have Plaintiffs Order to attend a Continuing Legal Education course directed to the Federal Rules of Civil Procedure so as to avoid further delay in this litigation due to Plaintiffs failure to understand or follow the rules.

## INTERROGATORY NO. 31

Plaintiffs response is still inadequate. Plaintiffs appear to be sticking with their previous May 21, 2010 answer as well as not offering to produce the writing requested.

5

## INTERROGATORIES NOS. 32 and 33

Plaintiffs response is now in violation of Fed R. Civ. P. 11 as previously explained in my June 22, 2010 letter. Moreover, Plaintiffs response includes a further untimely objection to interrogatory No. 32 in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived.

## INTERROGATORY NO. 34

Plaintiffs response is still inadequate. It as if Plaintiffs did not even bother to read the August 16, 2010 Order and Counsel's June 22, 2010 deficiency letter. Please compare Plaintiffs response to Interrogatory No. 34 to Interrogatory No. 1. Accordingly, absent a response it is clear there are no such colleagues in the legal community named.

## INTERROGATORIES NOS. 35 and 36

Plaintiffs have refused to provide any further answers to these interrogatories without explanation. As such the answers are still unresponsive, disingenuous and incomplete.

## INTERROGATORY NO. 37

Plaintiffs response is still unclear and unresponsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

## INTERROGATORY NO. 38

Plaintiffs response is still unclear and unresponsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

## INTERROGATORY NO. 39

Plaintiffs response is still unclear and unresponsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

With respect to Plaintiffs citations to F.R.C.P. 54(b) in the interrogatory; not only is the objection not timely and waived (over a year after the interrogatory was propounded and ten days after the issuance of an Order compelling the answer), but Plaintiffs citation to the Rule clearly demonstrate the need to have Plaintiffs Ordered to attend a Continuing Legal Education course directed to the Federal Rules of Civil Procedure so as to avoid further delay in this litigation due to Plaintiffs failure to understand or follow the rules. In particular, there simply is no reasonable basis for your reliance upon that Rule. In other words, Plaintiffs have absolutely no legitimate ground for appealing Judge Thompson' April 27, 2010 Order dismissing Plaintiff's Complaint. Among the obvious reasons is Plaintiffs did not timely file opposition to that motion and did not request an extension of time. Counsel for the Fries, Osterwalds, Cannon and Lamb entered objections to your last minute filing because of the prejudice caused by Plaintiff's submission. Moreover, the papers filed by Plaintiff did not conform to the Court rules with respect to their evidentiary weight (no Certification or Declaration as to facts asserted therein) and the legal argument was not accompanied by any citations to legal precedent (Statutes, decisional case law or Court Rules) as to guide the Court in its decision. Hence, it would be absurd and unreasonable for any attorney to reasonable believe that Plaintiff's last minute submission to the motion to dismiss coupled with Plaintiff's failure to file a motion to reconsider or interlocutory appeal as anything other than a frivolous appeal. Furthermore, with respect to Counterclaimant Lamb, no appeal could reasonably be filed as no writing exists to form a *prima facia* case of Defamation. See. Magistrate Judge Arpert's August 16, 2010 Order. In other words, the issue of republication would never be reached in any appeal of the April 27, 2010 Order.

Accordingly, please consider the above paragraph as your safe harbor warning under *Fed R. Civ. P.* 11. Should you file an appeal of Judge Thompson's April 27, 2010 Order at anytime after 28 days of this letter I will immediately file a motion for sanctions seeking attorney fees and costs.

## INTERROGATORY NO. 41

Plaintiffs have refused to provide any further answers to this interrogatory without any explanation. As such the answers are still unresponsive, disingenuous and incomplete.

## INTERROGATORIES NOS. 47, 48 and 49

Plaintiffs response is still Non-responsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument should have been raised to the Court on August 12, 2010 in response to the motion.

Moreover, Plaintiffs comment is ambiguous Plaintiffs state I am not in possession of these documents yet Plaintiffs state that Plaintiffs "had only seen them online and

"copied them." This response is similar to Plaintiffs previous bad faith response to Interrogatory 37. In other words, Plaintiffs are again saying we have copies of the documents Counterclaim Lamb is requesting but Plaintiffs are not turning them over.

With respect to Plaintiffs citations to F.R.C.P. 33(b)(4) in each interrogatory; not only is the objection not timely and waived (over a year after the interrogatory was propounded and ten days after the issuance of an Order compelling the answer), but Plaintiffs citation to the Rule clearly demonstrate the need to have Plaintiffs Order to attend a Continuing Legal Education course directed to the Federal Rules of Civil Procedure so as to avoid further delay in this litigation due to Plaintiffs failure to understand or follow the rules.

## INTERROGATORY NO. 50

Plaintiffs response is still unclear and unresponsive. Moreover, Plaintiffs response includes untimely objections to each interrogatory in violation of Fed. R. Civ. P. 33(b)(4). Hence the objection is waived. Furthermore, Plaintiffs present an argument which clearly should have been raised in response to the motion to compel more specific answers (a copy of the proposed order was filed with the motion). That argument ("follow-up questions") should have been raised to the Court on August 12, 2010 in response to the motion.

With respect to Plaintiffs untimely objection as to the federal rules regarding "one question per question" please refer to page 2 my January 5, 2010 (erroneously dated 2009) attached to my motion to compel more specific answers as "Exhibit E to Declaration – January 5 2009 Letter to Charles Novins." Moreover, please see. Colon v. Blades, 2010 WL 1235848, 2 (D.Puerto Rico Mar 31, 2010) (NO. CIV. 07-1380) where Magistrate Judge Justo Arenas recently expanded upon the rule announced *Allahverdi* with respect to untimely objections under *Fed. R. Civ. P* 33(a)(1) (requiring the objecting party to seek a timely protective order) and Barkes v. First Correctional Medical, 2010 WL 1962797 [FN 27] (D. Del. May 17, 2010) where Magistrate Judge Mary Pat Thynge similar endorsed the waiver rule announced in *Allahverdi*.

Moreover, I again inform Plaintiffs that Interrogatory No. 50 does not request that Plaintiffs identify every post Plaintiffs ever made. That fact was relay to Plaintiffs in the June 22, 2010 deficiency letter.

After over a year of sending deficiency letters to Plaintiffs, letters to the Court detailing Plaintiffs deficiencies, several discussions in case management conferences including a May 10, 2010 directing Plaintiffs response to interrogatories and the recent motion to compel more specific answer counsel it is clear that Plaintiffs are play gaming with discovery as such the responses to date are not the best of Plaintiffs abilities.

8