REDACTED PER ECF Filing Policies and Procedures
Paragraph No. **17** and L. Civ. R. **5.2**.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**The Law Office of Charles Novins, Esq., PC**
**54 East Water Street**
**Toms River, NJ 08753**
**(732) 341-4077**
**Fax (732) 341-4490**
**ocnjlaw@gmail.com**

| | |
|---|---|
| **CHARLES NOVINS, ESQ., P.C.** and **CHARLES NOVINS, personally**<br><br>**Plaintiffs**<br>v.<br>KEVIN A. CANNON, KEVIN MICHAEL FRIES, JIM KELSO, RHONDA LEA KIRK FRIES, VINCENT LAMB, CARL R. OSTERWALD, ET AL.<br><br>**Defendants** | Civil Action: 3:09-CV-5354<br><br>AMENDED ANSWERS<br>TO INTERROGATORIES<br>OF CARL & YVONNE OSTERWALD |

TO:
Joseph A. Manzo. Esq.
37 Rose Lane, P.O. Box 72
Rockaway, NJ 07866
Attorney for defendants Cannon and Osterwald
*By fax, 973-794-0090, and by regular mail*

ADDITIONAL MATERIALS ADDED IN RESPONSE TO DEFENDANTS' OBJECTIONS NOTED PRIOR TO EACH INSTANCE. ADDITIONAL ATTACHMENTS HAVE ALREADY BEEN SUPPLIED, ALL OTHERS ARE THE SAME AS SUPPLIED PREVIOUSLY.
--

1. No one other than counsel.


2.

Rebecca Sullivan - Office Manager of Law Offices of Charles Novins, Esq., PC. She is familiar with most aspects of the case, including discovery of the initial libel. She also has spoken to various individuals who have seen the libel. She may be contacted only through this office. She is a married mother of two, with no history of drug or alcohol abuse, and a deacon at her local church.

Kathleen DeFeis - Paralegal at The Law Offices of Charles Novins, Esq., PC. She is familiar with most aspects of the case, including discovery of the initial libel. She also has spoken to various individuals who have seen the libel. She may be contacted only through this office. She is a married mother of three, with no history of drug or alcohol abuse, President of the local Parent-Teacher Association, and her husband is career-military and has fought in Iraq and elsewhere.

James Piro - President of Hawk Investigations, an independent licensed professional agency that frequently does contract work for the Law Offices of Charles Novins, Esq., PC. He is familiar with most aspects of the case, including discovery of the initial libel. He also has spoken to various individuals who have seen the libel. He effectuated service upon Defendant Cannon and will testify as to Cannon's comments at that time, which consisted in further libelous comments. He can be contacted at his place of business:

HAWK INVESTIGATIONS, L.L.C.
PO BOX 4671
Toms River, New Jersey 08754
732-713-3666

All of the above, including myself, were present during a phone exchange, on speakerphone, wherein Kevin Cannon made various legal threats, including that he "knew NJ state troopers and would have [Novins] arrested for harrassment" [paraphrasing.] Upon being served by Mr. Piro, Mr. Cannon then stated to Investigator Piro that Novins "was trying to extort" Cannon [paraphrasing, but Inv. Piro made notes on the comments at time of service.] The legal threat in question was not considered actionable and was thus not pursued. It was also thought by all to be false, and everyone within earshot laughed at Cannon's apparent attempt to duplicate his sad "Usenet persona" over the phone. Although everyone laughed at him, all agreed he seemed afraid.

Various clients of The Law Offices of Charles Novins, Esq., PC., all of whom enjoy a privileged

relationship with Mr. Novins, up to and including their identities. Permission will need to be sought from each for them to be identified.

Gregory Heizler, Esq. - Mr. Heizler is a local attorney and frequently-appearing television personality on the cable network formerly known as "Court TV." He is familiar with the libel and will testify that it has been seen by himself and others and that it would likely have an impact in the legal community and among potential clients. He shares my address and can be reached there. His law firm is separate, however.
Greg Heizler, Esq.
54 East Water Street
Toms River New Jersey

Adam Jacobs, Esq. Is also familiar with the libel in question and was appalled by it personally and feared for my reputation. Mr. Jacobs has considerable background in issues of law and speech, and may be called to testify as both a fact witness and/or as an expert.
Adam E. Jacobs, Esq
1919 Kennedy Blvd.
North Bergen, New Jersey

All co-defendants listed in the complaint, some of whom have yet to be identified. By definition, what they know is to be discovered.

Google, Inc., which was named as a defendant but has now been released. The corporation did contact me via their counsel, and have participated in attempting to reduce defamatory content from their servers, not all of which is alleged to have been uttered by the named defendants.

Members of Comcast, Inc., have also contacted me in response to false complaints which were deemed baseless and were evidently made by certain of the defendants in this matter. This is yet to be confirmed.

3. No expert report has been prepared at this early stage of the case. Experts have been consulted in the areas of computer science and accounting, but the identities are privileged work products at this stage.

4. N/A

5. N/A

6. N/A

7. The sheer volume of such admissions and statements is overwhelming. Most such statements and admissions were uttered by speakers whose anonymity has yet to be uncovered. All such statements were publicly made, and available to anyone, including Defendants, but all such statements shall nevertheless be provided as discovered and collated as they are developed and received.

8. See previous question and answer.

9. Documents relating to Osterwald are attached. Plaintiff reserves the right to add others as they are discovered. Again, the sheer volume of Osterwald's postings preclude attaching all of them hereto. A public accounting of Osterwald's known postings to the single forum at alt.usenet.kooks reveals postings in the tens-of-thousands. *See, F.R.C.P.* 33(d)

10. None to Plaintiff's knowledge at the present time.

11. All of the matters inquired of are either privileged, work-product, and in some cases, both.

12. The Law Office of Charles Novins, Esq., PC registered in New Jersey as a professional corporation on July 1, 2007. The registered agent is Charles Novins. The registered stockholder of 100% is Charles Novins, 54 E. Water Street, Toms River, NJ 08753. See appendix "B" attached hereto.

Questions 13 through 21 have been deemed irrelevant in the wake of the dismissal of Plaintiffs' claims.

22. Computers and storage devices referenced in the questions are either no longer in use, no longer in existence, or currently unknown to the plaintiffs with respect to the question asked. To be more specific, I build most of my own computers, and upgrade them continuously. (There are usually more than six computers in play between office and home and portables.) This results in one of the computers getting new components every month or two. Thus, the computers are fundamentally altered in a continuous fashion. New hard drives, particularly, are swapped in and out, re-formatted, and new system software insatalled. Therefore, I try to keep data files as separate as possible. One way to do this is to rely on online archives - such as Google and others - who maintain full records of postings. The defamatory remarks made

by defendants and which are the subject of this lawsuit are all made to public fora, all of them are archived by various Usenet providers and also in partial subset, by Google, Inc. The plaintiffs utilize and subscribe to the archives and services located at www.giganews.com. Documents specific to this case have been archived in part in an online account owned by the plaintiffs which is provided by www.dropbox.com, and this service maintains copies of that subset on the law firm computers at Charles Novins, Esq., PC. Further information regarding these computers is privileged information and also constitutes work product and will not be further disclosed except as required by Order of the Court. Also, *See, F.R.C.P.* 33(d)

23. The firm has no formal electronic data retention policy. For information regarding offsite archiving, please refer to #22. I am primarily responsible for archiving as I am the only person at work or at home moderately conversant in the technology. I have lost considerable amounts of data in the past, less so more recently.

ADDED IN RESPONSE TO REQUEST BY DEFENDANTS

Office computers for Charles Novins, Esq., PC are used solely for work-related matters. There may be various "break-time" activities such as web browsing, online shopping, and use of interactive services such as Facebook or Usenet. However, the computers are not used to download anything for future archiving. Only client-related files are stored, and they are removed and archived on optical media (non-erasable.) More than once each year, every computer has its hard drive either erased completely or erased and removed for other uses. This is done because a "fresh system" and software is my (brute-force" method for ensuring that no virus or malware can last for very long even where the infection gets past all the usual firewall, antivirus, and anti-malware protection, and even if I never even discover the infection. That is why client files are archived separately (including current clients,) so that they can be restored along with the new operating system and software-installs. The hardware portion of the computers is also replaced more or less continuously, so that no single computer exists today in the same form as it was one year past, and the computer hardware is all completely replaced so that nothing from two years ago exists at all, except possibly some of the parts in older computers I may have repaired for friends and/or relatives. All data regarding Usenet posts is publicly available and retained by a number of commercial services, not by me.

--

24. N/A since the Plaintiffs' claims have been dismissed.

25. N/A since the Plaintiffs' claims have been dismissed.

26. N/A since the Plaintiffs' claims have been dismissed.

27. The individuals employed by the firm were described generally in the answer to question number two. They are:

Charles Novins, Esq. Owner and President.

Address: 54 East Water Street, Toms River New Jersey 08753 (office address; home addresses are not relevant to the case and will not be provided except by court order or if legitimately required for discovery purposes, and pursuant to an order or agreement to seal the information. All persons may be reached through the office, and will be produced as needed for depositions or other investigation.)

ADDED IN RESPONSE TO REQUEST BY DEFENDANTS:

Charels Novins home address: REDACTED Per L. Civ. R. 5.2

QUALIFICATIONS: Member of NJ and Federal bars since 1987

Rebecca Sullivan - Office Manager of Law Offices of Charles Novins, Esq., PC.

Address: 54 East Water Street, Toms River New Jersey 08753 (office address; home addresses are not relevant to the case and will not be provided except by court order or if legitimately required for discovery purposes, and pursuant to an order or agreement to seal the information. All persons may be reached through the office, and will be produced as needed for depositions or other investigation.)

QUALIFICATIONS: Background in banking and law, over 20 years experience.

MARITAL STATUS REDACTED Per L. Civ. R. 5.2

DATE HIRED: At firm's inception, approximately March, 2007.

Kathleen DeFeis - Paralegal at The Law Offices of Charles Novins, Esq., PC

Address: 54 East Water Street, Toms River New Jersey 08753 (office address; home addresses are not relevant to the case and will not be provided except by court order or if legitimately required for discovery purposes, and pursuant to an order or agreement to seal the information. All persons may be reached through the office, and will be produced as needed for depositions or other investigation.)

QUALIFICATIONS: Background in law, over 20 years experience as paralegal.

MARITAL STATUS: Married to Scott DeFeis

DATE HIRED: approximately September, 2007.

As to 27 (h), no member of the firm has any familial relationship to Charles Novins.

Other aspects of the question and details requested are unacceptable, constitute an invasion of privacy, and will be the subject of a motion for protective order; are improper and harassing; and seek to enable further defamation which has already occurred as referenced in question #18. Moreover, the question is no longer applicable to the case since the witnesses who were named applied to the affirmative claim of Plaintiff, not to the counterclaim by Defendant Osterwald.

28. N/A since the Plaintiffs' claims have been dismissed.

29. N/A since the Plaintiffs' claims have been dismissed.

30. N/A since the Plaintiffs' claims have been dismissed.

31. (a, b, c, d, e, f, g) no

32. (a, b) none (c) Charles Novins has produced numerous articles published in various media, both inside and outside of law. Publications have appeared in the New Jersey Law Journal, the National Law Journal, and various newsletters published by various legal organizations to which Mr. Novins has belonged during his 23 year legal career. Scant records are kept of these publications by plaintiff. They are all, however, publicly available, as they were written for public dissemination. *See, F.R.C.P.* 33(d) (d) Charles Novins is a member of the New Jersey Bar Association and is not an officer. He has been a member of NJSBA at all times during the existence of the Law Office of Charles Novins, Esq., P.C. (e, f, g, i) none (h) New Jersey

33. Most sections of this question involve privileged information and will not be answered. Those sections include 33 (a, b, c, d, e, g). As to 32 (f) the answer is no. The law firm utilizes a series of subcontractors to assist in pursuing client's interests and the use of those subcontractors is part of the work product of those cases and protected by the privilege held by the clients in whose interests the subcontractors worked.

ADDED IN RESPONSE TO REQUEST BY DEFENDANTS: Through conversations with counsel, the question was refined to discover all individuals who would have had access to the office computers. No subcontractor ever had such access.

--

34. I belonged to any number of Usenet groups in the sense that I "subscribed" to them on my computer;

as I understand them, they are merely computer constructs, and there is no person at the other end of the group "running" it who is aware of the subscription. The computer program merely directs your posts to that division, and highlights that division for reading. Therefore, I "belonged" to no Usenet groups at all. I did participate in discussions among others who'd pointed their computers, as I did, to this "channel," and had the ability to send messages on the channel and read them. Because all internet groups are somewhat ephemeral, having no real existence other than virtual, it is impossible for me to specify dates with any accuracy. Usenet groups are, of course, mostly public fora, and my participation would have begun with the earliest posting, of which I have no recollection.

Posting names (e-mail addresses) during the period are:

atlasbugged@gmail.com

atlasbuggedbyspam@gmail.com

scificfan@gmail.com

I have no recollection of any others, though there may have been one or two.

35. A great deal of this information is privileged since it took place within the law firm, or occasionally with others who consulted me regarding Osterwald's defamatory and occasionally threatening behavior. Since I spoke with them as potential clients, all conversations are privileged. As to Yvonne Osterwald, I have never spoken of her to anyone, I know nothing about her except that she appears to exist. However, my knowledge of this is based upon information from Carl Osterwald, who has demonstrated his willingness to lie with impunity and violate civil law, so I in fact have no direct knowledge that Mrs. Osterwald exists.

36. I have had service with Comcast as far back as I can remember, at least during all periods relevant to this action. I have also had internet service provided by Verizon since February of 2007, approximately. Account numbers are confidential and privileged. I also do not personally know them as they are kept and paid for by others, including my office manager.

ADDED IN RESPONSE TO REQUEST BY DEFENDANTS: The Verizon account used by the office was terminated in March, 2010, and replaced with Comcast. The Verizon account number was [REDACTED Per] L. Civ. R. 5.2

[REDACTED] Currently, Comcast provides phone and internet service to the office. Account number is [REDACTED] [REDACTED] The personal Comcast account, used without interruption since 2005, is [REDACTED] Per *L. Civ. R.* 5.2

37. Having been an attorney for almost a quarter-century, I possess only scant records for the period requested. In brief summary, my first employment after entering law school was with a number of private attorneys whose names I no longer recall, except for Thomas L. Irwin, Esq. I had a thriving "mini-practice" even before graduating law school by doing piece-work research and ghost brief writing for a number of judges and attorneys. I have not been in touch with any of them except Mr. Irwin for more than 20 years, and I have no idea where Mr. Irwin practices now, or where he lives, etc.

In 1990, I joined the Essex County Public Defender office in Newark, N.J. and worked as an Assistant Deputy Public Defender until leaving the office in 2001. My reason for leaving was that my pension had vested after 10 years, and I wanted to apply my skills in private practice. My immediate supervisor was whomever was the Deputy in the office at the time. I believe it was Patricia Kay, Esq., when I first arrived, and Michael Marucci, Esq., at the time I quit.

After that, I never had a job with any supervisor, except informally when I was an associate attorney at the firm founded by my father. This was Novins, York, and Pentony. Until starting my own practice in 2007, I worked freelance except for two years immediately prior at the "family" firm. That firm may be contacted at 732-349-7100. My reason for leaving was to start my own firm. Several others from the firm also left at the same time, including Pentony, to branch out with their own firms. Pentony was my direct supervisor.

38. Attached find all of my educational records of which I am still in possession, as well as my bar admissions, and other work-related certificates and awards. I am currently an attorney in good standing before the New Jersey and Federal Bars. Plaintiff objects to the demand for "law school" records of grades and courses pursuant to *F.R.C.P.* 33(d). Plaintiff is not in possession of such records, but will sign any release on request of defendants if they should seek to obtain these.

39. No one ever employed by the firm has ever "been addicted to any legal or illegal drug at any time in the person's life as far as I am aware. I am also unaware of my staff's consumption of the listed substances and foods. The firm is a non-smoking workplace.

40. Letters are attached asking the defamatory defendants to apologize and retract their statements. In order to offset the effects of the defamatory utterings, Plaintiff has been compelled to increase spending on attorney advertising. Since defendants have refused to accept responsibility for their damaging statements, and have in fact made spurious and frivolous counterclaims, Plaintiff has been damaged by having to expend time and costs attempting to hold defendants accountable.

ADDED IN RESPONSE TO REQUEST BY DEFENDANTS:

41. There have been discussions of the matter, non-privileged, most of them in the forum of alt.usenet.kooks, or in similar public newsgroups, and thus all public. Therefore, the question is unduly burdensome. *See, F.R.C.P.* 33(b); *Huthnance v. District of Columbia*, 225 *F.R.D.* 285, 292 (*D.D.C.*, 2008) --

42. Alt.usenet.kooks is a usenet forum, which simply means it is a subdivision of the internet which is widely accessed. As such, it can have no purpose, philosophy, or mission. It is not a "site," so the person who has composed this question, in my view, is illiterate regarding computers and networks. Finally, the time I spend "on" usenet varies too greatly for me to even give an estimated answer to the question. However, I can say definitely that some weeks it is zero, especially when my duties as an attorney are pressing. Other weeks, I spend less than an hour, frequently for the purpose of monitoring further defamatory activity, and utilizing certain techniques to try to offset defamatory and anonymous postings.

**CERTIFICATION**

I hereby certify that the foregoing answers to interrogatories are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____   June 25, 2010

Charles Novins, Esq. Personally and on behalf of the Professional Corporation