# Joseph A. Manzo, Esq.

Attorney At Law — Member of the NJ, NY and FL Bars
**Office**: 40 Baldwin Road, Parsippany, New Jersey
**Mailing Address:** PO Box 72, Rockaway, New Jersey 07866

Ph.  (973) 794-1179
Fax  (973) 794-0090
www.attynj.com
jamanzoesq@gmail.com

February 27, 2011

**VIA ECF**

Hon. Douglas E. Arpert.
U.S. Magistrate Judge
Clarkson S. Fisher U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

    Re: *Charles Novins, Esq., P.C. et al. v. Kevin A. Cannon, et al.*
    U.S. District Court of NJ - Trenton
    Civil Action: **09-CV-5354-AET-DEA**

Dear Judge Arpert:

    Please accept this letter brief in lieu of a more formal brief in the above matter. This brief will supplement the one filed by Dennis Duncan, Esq. on behalf of Richard "Vince" Lamb for this motion and will focus on the issues that are germane to the Defendant Carl Osterwald and counterclaimants Carl R. and Yvonne S. Osterwald. Please note that when this brief references certain portions of Dr. Lamb's brief, the accompanying legal argument of that original brief is integrated in this brief as if repeated herein.

    The Osterwalds, by way of counsel join Dr. Lamb in requesting reconsideration of paragraph two of Your Honor's February 10, 2011 Scheduling Order, as it similarly negatively affects them. That paragraph of the Scheduling Order affixed a fact discovery end date of March 25, 2011. The Osterwalds object to allowing fact discovery between the original parties to continue beyond February 9, 2011, absent an application by Plaintiffs for such discovery and only upon a showing of "good cause."

    The Osterwalds respectfully submit that the Court, in affixing March 25, 2011 as the fact discovery end date, overlooked the state of the pleadings, the Plaintiffs' failure to conduct discovery expeditiously and diligently with respect to Osterwald, the Plaintiffs' failure to comply with Court Rules, and the Plaintiffs' multiple occasions of defiance of Scheduling Orders. Accordingly, it is submitted that

after taking these issues into consideration, the Court should not permit Mr. Novins to conduct fact discovery past February 9, 2011 as to the Osterwalds.

As the Court is undoubtedly aware, Plaintiffs filed their complaint on February 13, 2009 in the New Jersey Superior Court sounding in defamation and alleging that a February 13, 2008 USENET posting was authored by Carl Osterwald (or nine other named defendants), or that he republished the statement (or assisted others in doing so). Osterwald answered that complaint and filed a counterclaim for defamation and false light on April 27, 2009.

The Osterwalds' record on seeking discovery in this litigation has been excellent. After timely answering the complaint on April 27, 2009 and filing their own counterclaim against Plaintiff Novins and his Professional Corporation, the Osterwalds propounded initial interrogatories on June 2, 2009. Despite multiple failures by Charles Novins to answer the interrogatories and despite having the New Jersey Superior Court strike Mr. Novin's complaint for failure to provide this discovery, the Osterwalds diligently persisted with seeking the needed discovery. On August 26, 2010, their persistence was rewarded when Mr. Novins finally completed his answers to the Osterwald initial June 2, 2009 interrogatories. On September 1, 2010, just six days after receiving responsive interrogatory answers, the Osterwalds, via counsel, promptly noticed Mr. Novins for a deposition, which was scheduled on October 13, 2010. The completion of the deposition on October 13, 2010 concluded the Osterwald's discovery for Mr. Novins, and, were it not for Mr. Novins dilatory conduct in taking 14 months to answer the initial interrogatories, the discovery in this matter could have been concluded much sooner. Mr. Osterwald was ready on October 13, 2010 to proceed with the pre-trial memo phase of this matter, leading to a jury trial, as soon as the court demanded so.

In contrast, Mr. Novins' record with regard to discovery is poor. Since filing his Complaint in February 2009, Mr. Novins has done little, if any, discovery. The court is pointed to the fact that Mr. Novins did not propound any interrogatories, requests for admissions, nor requests for production on any litigant. And, other than making continual threats to counsel to withdraw the counterclaims or risk sanctions, Mr. Novins' only other action with respect to the Osterwald discovery

was to seek to take the depositions of Mr. and Mrs. Osterwald on two occasions. Yet, these efforts were half-hearted attempts, at best.

      First, Mr. Novins sought the Osterwalds' depositions in New Jersey on June 10, 2009. (Exhibit A). After being informed by counsel that the New Jersey Court Rules governing such depositions did not require the Osterwalds to travel from Colorado to New Jersey at their own expense for this deposition, Mr. Novins acknowledged his error and told counsel on May 26, 2009 to ignore the subpoena. (Exhibit B). Mr. Novins then failed to take affirmative discovery actions in regard to seeking a new Osterwald deposition until over one year later when, on August 23, 2010, he told Your Honor that "I will shortly be notifying both of my counterclaimants of my intention to depose their clients." (Exhibit C). Mr. Novins then unilaterally chose the deposition date of October 13, 2010 to depose both Mr. Osterwald and Dr. Lamb, despite the fact that this was the same date he was already noticed that he was to be deposed by Mr. Manzo. Again, Mr. Manzo had to explain to Mr. Novins that the deposition date of October 13, 2010 was "his date" to take Mr. Novins' deposition for seven hours and that Mr. Novins would have to pick a new date of his own to depose Mr. Osterwald. Mr. Manzo provided Mr. Novins an e-mail on October 15, 2010 detailing four such possible dates for Mr. Osterwald's deposition. (Exhibit D). It should be mentioned here that Mr. Osterwald is a highly regarded government employee with significant career responsibilities, and keeping blocks of his schedule open along with traveling is a detriment to him. This aside, Mr. Osterwald graciously held the four dates (November 9, 10, 11, and 12) open on his busy schedule so that Mr. Novins could choose one day for the deposition. Mr. Novins repaid the courtesy by never picking a date, never answering the e-mail and never taking the deposition.

      Now, almost two years from when he first sought the deposition of the Osterwalds, Mr. Novins again claims he seeks a deposition. But Mr. Novins has "cried wolf" for too long on the deposition issue, and it is time for him to explain to the court why he has failed so miserably in two years to take the deposition he so desires. *Fed.R.Civ.P.* 16(b) places the burden on Mr. Novins alone to show good cause why the discovery schedule should be modified. For the court to reward his blatant

gamesmanship by granting Mr. Novins additional time for discovery absent such proffered good cause, we respectfully submit, is not appropriate.

Furthermore, it is of no defense for Mr. Novins to aver that Carl Osterwald recently implead John Cook into this litigation and thereby extended the case. First, the address of Mr. Cook was not conclusively known to Mr. Osterwald and counsel until late October 2010, whereupon, after researching the applicable court rules, Your Honor was promptly notified on November 11, 2010 of the request for leave to implead Mr. Cook. Leave to implead Mr. Cook was granted on February 10, 2011, and Mr. Cook was sent the cross-claim on February 23, 2011. Interrogatories, requests for admissions, and requests for production will follow quickly upon receipt of his answer, and a deposition will follow receipt of these answers and documents. Also, as the request to implead Mr. Cook was not made until November 2010, Mr. Novins can in no way claim that he knew such a request was forthcoming since 2009 and therefore adjusted his past discovery plan accordingly.

The difference between Mr. Novins' conduct and Mr. Osterwald's is glaring. While Mr. Osterwald diligently responds through his counsel to all requests of the court, co-counsel, and his adversary, Mr. Novins rarely does. For two years, Mr. Novins has done nothing but obstruct, miss deadlines, ignore rules, and threaten counsel with sanctions, and now he comes to this Court to ask for more time to do more of the same. Yet, this is the same Charles Novins who told Your Honor at the first case management meeting that he would need "No more that three months" to complete discovery. To put it bluntly – "Where has counsel been since 2009?"

As well detailed in Dr. Lamb's motion, in points I, II, and III, Mr. Novins is no stranger to discovery abuse, disregard of scheduling orders, and dilatory tactics in this litigation. We agree. As stated in Dr. Lamb's motion, the subject matter of any deposition will likely be significantly limited by the "deemed admitted" facts, admitted counts, and failure to provide required defenses and disclosures occasioned by Mr. Novins lack of attention to this litigation. We also agree. In this case, Mr. Novins has chosen to do nothing for two years, while the other litigants diligently pursued their lawsuits. If Mr. Novins is so confident that the counterclaims are frivolous and 'specious' as he has stated on numerous

times to counsel, it is fully understandable why Mr. Novins selected the strategy he did. But he cannot change his mind now and seek to start discovery when everyone else is finished.

Litigation and discovery are not games. You do not seek deposition dates and then never confirm them or follow-up. You do not sit idle for a year between discovery requests to opposing counsel. And you do not ignore scheduling orders. The rules say you do not get to extend the discovery schedule without showing "good cause." For the reasons stated above, and for the reasons detailed in the motion of Dr. Richard "Vince" Lamb, the fact discovery between Charles Novins and the original parties including the Osterwalds should not continue beyond February 9, 2011.

Respectfully Submitted,

Joseph A. Manzo

### CERTIFICATION OF SERVICE

This brief and exhibits were served upon the following individuals on February 27, 2011, via the methods indicated:

- D. Arpert, U.S.M.J. – via ECF & (Courtesy Copy) Via Regular Mail
- J. Cook - Via Regular Mail
- D. Duncan, Esq. - Via ECF
- C. Novins, Esq. - Via ECF
- Hon. Ann Thompson, U.S.D.J. - (Courtesy Copy) Via Regular Mail

Joseph A. Manzo