UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHARLES NOVINS, ESQ., et al.,** | : | Civil Action No.: 09-5354 (AET) |
| Plaintiffs, | : | |
| v. | : | ORDER |
| **KEVIN A. CANNON, et al.,** | : | |
| Defendants. | : | |

This matter having come before the Court on an informal application by Defendant Vincent Lamb ("Defendant") for an award of attorneys' fees and costs related to the Court's Orders dated August 16, 2010 ("August 16 Orders") [dkt. entry. nos. 56, 57 & 58]; and Plaintiffs Charles Novins, Esq., P.C. and Charles Novins, Personally ("Plaintiffs") having submitted opposition; and the Court noting that the August 16 Orders indicate that Defendant "may submit an affidavit pursuant to L.Civ.R. 54.2 detailing legal services and expense incurred" with respect to the relevant motions [dkt. entry. Nos. 51 & 52]; and Defendant's counsel requesting "attorneys' fees in the amount of $9,240.00 and costs in the amount of $164.97" pursuant to the Court's August 16 Orders (Def.'s Aff. of Dennis Duncan at 1); and Defendant's counsel noting that "the work performed in this matter was performed...[at the] hourly rate of $200.00", which Defendant's counsel notes is a "reduced hourly rate" (*Id*. at 1-2); and Defendant's counsel stating that he has been practicing for nine (9) years and specializes in "intellectual property matters" (*Id*. at 2); and Defendant's counsel having submitted "a chart containing the time entries for the relevant period of time from June 2009 through September 2010 relating to [Defendant's] efforts to obtain discovery" which "refers to work that was reasonable and necessary to obtain discovery...and which was actually billed to [Defendant]...[or which] shall shortly" be billed to Defendant (*Id*. at 3); and Defendant's counsel stating that

Defendant has also incurred expenses for postage, "delivery by N.J. Lawyer Services", "PACER Printing Fees", and "Printing and photocopying fees" and attached relevant receipts (*Id*. at 4); and Defendant's counsel requesting that the "Court enter judgment awarding attorneys' fees and costs in favor of [Defendant] and against Plaintiffs" (*Id*. at 4-5); and in opposition, Plaintiffs stating that it was their understanding that "the fee application had been denied without prejudice", that the "Court allowed submission of an affidavit of services for consideration later pursuant to a formal motion", that "no formal motion was made" and, therefore, object to the Court taking action now (Pl.'s Opp'n Letter dated October 6, 2010 at 1); and Plaintiffs requesting that the Court "deny the fee application in its entirety or...consider fee applications from either side only subsequent to entry of actual verdicts in the case" (*Id*.); and Plaintiffs arguing that this case "is not complex" and the "excessiveness" of Defendant's request "ought to give the Court pause" because it "appears to be made in bad faith" (*Id*.); and Plaintiffs arguing that Defendant's "contention that Plaintiffs' actions made the motions necessary is incorrect" because "all of the interrogatory questions were answered, and then answered a second time" and that "what actually happened was that counsel for [Defendant] was unsatisfied with the true answers and...sought information beyond that which existed" (*Id*. at 2); and Plaintiffs maintaining that "one reason the motions were unopposed" was due to the fact that a "few questions merited further elucidation", but that there "was never any substantive failure to cooperate with discovery" (*Id*.); and Plaintiffs arguing that "a great deal of the discovery demanded by Defendant...has been of extremely limited relevance and...harassing in nature" (*Id*.); and Plaintiffs, claiming that Defendant's counsel "requests attorney fees for having been 'forced' to pursue Plaintiffs in order to find out what the co-defendant has alleged in the case's own complaint" and directing the Court's attention to Defendant's deficiency notice, argues "that the motions to

compel were clearly in bad faith" and that the deficiency notice was "argumentative" and "unprofessional" (*Id.*); and Plaintiffs noting that after the Court dismissed "Plaintiffs' affirmative claims", Defendant's counsel "has not changed a single question from the time prior to Judge Thompson's ruling" (*Id.*); and Plaintiffs, arguing that the fee application is "rife with attorney billings that have only the most tenuous connection to the preparation of the motions in question", maintains that "examples are trivial to cite since the bulk of the application consists [of] this sort of padding" (*Id.*); and the Court noting that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"; and the Court noting that pursuant to FED. R. CIV. P. 34(a)(1), "a party may serve on any other party a request within the scope of Rule 26(b)...to produce and permit the requesting party or its representative to inspect, copy, test, or sample...items in the responding party's possession, custody, or control"; and the Court noting that pursuant to FED. R. CIV. P. 37(d), sanctions may be ordered if, after conferring or attempting to confer in good faith, "a party, after being properly served with interrogatories...or a request for inspection...fails to serve its answer, objections, or written response"; and the Court noting that pursuant to FED. R. CIV. P. 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"; and the Court noting that an in-person status conference was held on February 9, 2011 during which fact discovery was set for March 25, 2011 [dkt. entry no. 69]; and the Court

noting that Defendant filed a motion for default judgment or, in the alternative, summary judgment ("dispositive motion") on January 28, 2011 [dkt. entry no. 62]; and the Court, while making no finding as to the ultimate merit of Defendant's informal application, finds that an award of attorneys' fees and costs at this time would be premature given the procedural posture of this matter; and the Court having reviewed the parties' written submissions and considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

**IT IS** on this 21st day of March, 2011,

**ORDERED** that Defendant's informal application for an award of attorneys' fees and costs related to the entry of the August 16 Orders [dkt. entry. nos. 56, 57 & 58] is **DENIED** without prejudice; and it is further

**ORDERED** that Defendant may renew his application for attorneys' fees and costs upon final disposition of this matter.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
