LAW OFFICE OF DENNIS J. DUNCAN, LLC
385 ELM STREET
KEARNY, NEW JERSEY 07032
PH: (973) 743-7100 FAX: (973) 743-7101
ATTORNEY FOR DEFENDANT,
RICHARD "VINCE" LAMB

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY- TRENTON**

|  |  |
|---|---|
| CHARLES NOVINS, ESQ. P.C. and<br>CHARLES NOVINS, Personally,<br><br>        Plaintiffs,<br>   v.<br><br><br>Kevin A. Cannon, et al.,<br><br>        Defendants. | Civil Action No. 09-CV-5354-AET-DEA<br><br>**COUNTERCLAIMANTS<br>LAMB'S AND OSTERWALD'S<br><u>MOTION IN LIMINE NO. 1</u>**<br><br>(Filed Electronically) |

Counterclaimants Lamb and Osterwald seek "to aid the trial process by narrowing evidentiary issues and avoiding delay that would be occasioned by objections and overlong colloquy during trial." See Bowers v. NCAA, 563 F. Supp. 2d 508, 531-32 (D.N.J. 2008).  In particular, the moving parties seek to prohibit the Plaintiffs (i.e., The Law Offices of Charles Novins PC and Charles Novins, individually) from stating that he and his law practice were defamed as a matter of law, and/or making similar statements.

During a November 3, 2011 conference call, Mr. Novins made the following statement (or a substantially similar statement):

> This Court found *as a matter of law* that the USENET posting attached to Plaintiff's complaint was libelous as a matter of law.

That statement is outrageously inaccurate.  Mr. Novins is referring to the Court's Opinion and Order dated April 27, 2010 where Your Honor granted a motion to dismiss filed by Dr. Lamb

1

and Carl Osterwald.  (PACER Docket No. **18**)   In that Opinion, the Court applied the standard of review for a motion to dismiss citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).  Specifically, *Twombly* held that a "Court must accept well-pleaded facts as true."  In reviewing the exhibit to Plaintiff's February 13, 2009 complaint, the Court indicated that it had no trouble concluding that three of the four elements of a claim of defamation were properly supported (i.e., the statements were defamatory, made by defendants and a third party understood the statements related to Plaintiff).

The Court's docket is replete with evidence that the Plaintiffs did not participate in discovery prior to the date of Your Honor's April 27, 2010 ruling.  Moreover, subsequent to that ruling, the Plaintiff refused to answer Dr. Lamb's interrogatory inquiring about the exhibit to Plaintiffs' complaint.  Similarly, the October 8, 2011 deposition of Mr. Novins did not address this issue since the Plaintiffs did not comply with their Rule 26 disclosure obligations and did not file either a motion to reconsider or an interlocutory appeal of the April 27, 2010 ruling.

Accordingly, the exhibit attached to Plaintiff's complaint has not been investigated to determine whether the statements contained in the exhibit are in-fact a truthful statements.  As unpleasant as it might sound, we do not know if the Plaintiff has hired drug addicts who have committed crimes against his clients such as identity theft.  Also, we do not know if Mr. Novins has a history of mental illness, since Dr. Lamb and the Osterwalds were denied discovery of this issue.

Allowing the Plaintiffs to make a statement that they were libeled as a matter of law would be erroneous and highly prejudicial, and would not be relevant to the counter-claims of Dr. Lamb and the Osterwalds.   Since the Court previously ruled on August 16, 2010 that there is no evidence that Dr. Lamb libeled Mr. Novins. (PACER Docket No. **52)**, and since the Court previously dismissed all Novins' claims against Lamb and Osterwald, whether the statements in the exhibits to Plaintiffs' Complaint are defamatory is an issue that is not relevant to the issues remaining in the case (i.e., the issues presented in the counterclaims), and an issue that does not provide a defense for the Plaintiffs to any of the counterclaims.

## CONCLUSION

For the reasons set for above Counterclaimants Lamb and Osterwald respectfully request that this Court prohibit the Plaintiffs from making the statement that they were defamed as a matter of law and/or any similar statements.

                                              Respectfully submitted,

                                              **Law Office of Dennis J. Duncan, LLC**
                                              Attorney for Defendant and Counterclaimant,
                                              Richard "Vince" Lamb

                                              By:  ___/s/ Dennis J. Duncan_____
                                                    Dennis J. Duncan

Dated: November 11, 2011

*Filed with the Consent of Counsel for Carl R. and Yvonne Osterwald