# Dennis J. Duncan, Esq.

385 Elm Street
Kearny, New Jersey 07003
Phone: (973) 743-7100 ♦ Fax: (973) 743-7101 ♦ E-mail: dduncan@dennisduncanlaw.com

Admitted in DC, NJ, and NY
Registered to Practice before the USPTO

December 12, 2011

**VIA ECF**
Hon. Anne E. Thompson, U.S.D.J.
Clarkson S. Fisher U.S. Courthouse
402 E. State Street, Room 2020
Trenton, New Jersey 08608

    Re:    <u>Charles Novins, Esq., P.C. et al. v. Kevin A. Cannon, et al.</u>
                U.S. District Court, Dist. Of N.J. - Trenton
                Civil Action: **09-CV-5354-AET-DEA**

Dear Judge Thompson:

      By letter dated December 11, 2011, the Osterwalds requested, *inter alia*, that Your Honor enter a decision on their motion for a directed verdict against Plaintiff Charles Novins personally. (See PACER NO. 113). Similarly, my client, Dr. Lamb, respectfully requests that Your Honor rule upon his trial motion for a directed verdict against Plaintiff Charles Novins personally. The motions are identical in that Dr. Lamb also obtained a default against Plaintiff the Law Office of Charles Novins PC and predicated on the same argument as presented by Mr. Manzo.

      Similarly the Osterwalds requested that Your Honor enter a decision on their motion for monetary damages related to the default of the Law Office of Charles Novins PC. My client Dr. Lamb joined that trial motion as such respectfully requests that Your Honor enter a decision on his motion for monetary damages.

      One other matter is still unresolved. On March 21, 2001, Magistrate Judge Arpert denied without prejudice Dr. Lamb's informal application for attorney fees under *Fed. R. Civ. P.* 26(g) (PACER No. 78). In denying Dr. Lamb's application Judge Arpert ordered that the application for attorneys' fees and costs could be renewed upon final disposition of this matter. So that the judicial record can be complete, the undersigned counsel respectfully requests that the Court advise whether a renewed application (by informal or formal motion) should be made, or, in the alternative, advise whether Your Honor can adjudicate that application based upon the record that has already been made.

      The application for fees and costs was necessitated due to Plaintiffs' failure to comply with their mandatory obligations under *Fed. R. Civ. P.* 26. As a result of that failure by the Plaintiffs Magistrate Judge Arpert issued an August 16, 2010 Sanction

Order (PACER No. **52**) [hereinafter "Sanction Order"]. <u>The Plaintiffs **did not** oppose Dr. Lamb's motion for imposition of sanctions against the Plaintiffs.</u> A July 12, 2010 letter brief for Dr. Lamb set forth the legal basis for the sanction as well as the attorney fees and costs (PACER No. **36-3**). An affidavit was filed on September 15, 2010 in support of the application for attorney fees and costs associated with that motion for sanctions under Fed. R. Civ. P. 26 (PACER No. **56**) [hereinafter "Fee Application"]. The Plaintiffs' filed an October 6, 2010 objection to the fee application (PACER No. **59**). Dr. Lamb filed an October 11, 2010 letter replying to the Plaintiffs' objection to the fee application (PACER No. **61**).

The Sanction Order was incorporated into the April 19, 2011 Pretrial Order (and was attached as an Exhibit D). As your Honor will recall, undersigned Counsel and Mr. Manzo on behalf of the Osterwalds tried prior to the trial in an in limine motion (and numerous times during the trial) to have the Court implement that Order (as well as the Pretrial Order). Your Honor denied each request and allowed the Plaintiffs to present their affirmative case to the jury despite the fact that their case was dismissed against Dr. Lamb. In other words, despite the fact that the Plaintiffs clearly violated *Fed. R. Civ. P. 26* (and admitted doing so by not opposing the motion) no sanctions were imposed.

As your Honor may also recall, the pretrial record is replete with similar examples of the Plaintiffs failing to comply with Court Orders (on numerous instances), as well as examples of Plaintiffs failing to comply with the Court Rules (on numerous instances). Those Court Orders and Court Rules were designed to provide full disclosure and prevent discovery abuse and trial by surprise. In addition, the Plaintiffs submitted a general denial in their Answer to Dr. Lamb's counterclaim. Moreover, despite numerous discovery motions, the Plaintiffs did not provide fully responsive answers to interrogatories as they admitted during the trial (<u>i.e.</u>, they did not turn over all their correspondences with Dr. Lamb's employer despite having been served with several specific requests for such documents). As the Court may recall, that conduct by the Plaintiffs was instituted by an attorney who boasts that he is not limited by the Court Rules and that "[t]he paint-by-numbers lawyers get clobbered by me, even when my facts are sub-deal." (See paragraph 3, page 15, of PACER NO. 1-13).

So that the judicial record can be complete, Dr. Lamb respectfully requests that the Court make a ruling on his motion for a directed verdict, motion for damages and the September 15, 2010 Fee Application.

                                                  Respectfully Submitted,

                                                  /s/ Dennis J. Duncan

                                                  Dennis J. Duncan

cc: Charles Novins, Esq. (via ECF)
    Joseph Manzo, Esq. (via ECF)