```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

CHARLES NOVINS and LAW     . Case No.  3:09-CV-05354-AET-DEA
OFFICES OF CHARLES         .
NOVINS ESQ. PC,            .
                           .
          Plaintiff,       .
                           . 402 East State Street
     v.                    . Trenton, NJ 08608
                           .
KEVIN A. CANNON, et. al.,  .
                           .
          Defendants,      .
                           . November 14, 2011
. . . . . . . . . . . . . . 4:10 p.m.

                   PARTIAL TRANSCRIPT OF TRIAL
                 BEFORE HONORABLE ANNE E. THOMPSON
            UNITED STATES DISTRICT COURT JUDGE and JURY

APPEARANCES:

For the Plaintiff/                CHARLES NOVINS
Counter-Defendant:                54 East Water Street
In pro se                         Toms River, NJ 08853

For the Defendant/Counter-        DENNIS JOHN DUNCAN, ESQ.
Plaintiff Vincent Lamb:           385 Elm Street
                                  Kearny, NJ 07003


For Defendant/Counter-            JOSEPH A. MANZO, ESQ.
Plaintiff Carl & Yvonne           37 Rose Lane
Osterwald:                        Rockaway, NJ 07866



Audio Operator:                   Marlene Kalbach

Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609)586-2311     Fax No. (609) 587-3599

2

```
 1                    (Beginning of requested portion)
 2            THE COURT:  Okay.  Let me just give you some idea of
 3   what those -- my reaction would be.  There's a motion having to
 4   do with barring the plaintiff from stating that he and his
 5   practice were defamed as a matter of law.  I don't think he was
 6   going to say that.  You weren't going to say that, were you,
 7   Mr. Novins?
 8            MR. NOVINS:  Well, Judge, in your decision dismissing
 9   my part of the complaint you stated in that opinion, I believe,
10   that the comments that were posted were libelous.  You said
11   that I had made all the elements of liable [sic] except for the
12   one, which wound up being the -- tracking the post back to
13   these defendants.
14            THE COURT:  Well, all but one means not all.
15            MR. NOVINS:  I quite agree.  No.  I'm talking about
16   the elements of it, which means that a false statement that's
17   defamatory on its face.
18            THE COURT:  Are you intending to say that as a matter
19   of law that something has been proven already?
20            MR. NOVINS:  I believe that that was the gist of Your
21   Honor's opinion.
22            THE COURT:  There's no gist.
23            MR. NOVINS:  I have it right here.
24            THE COURT:  I either said something or I didn't.
25            MR. NOVINS:  May I just pull your opinion?
```

1          THE COURT:  Sure.

2          MR. NOVINS:  Just give me a moment.  This is the
3   opinion filed by Your Honor on April 27th, 2010.

4          THE COURT:  Quote.

5          MR. NOVINS:  Yes, I'm going to do that.  Just looking
6   for the -- okay.  I'm quoting Your Honor, "To prove a claim for
7   defamation the plaintiff must show one, defamatory statements,
8   two, made by the defendant, three, were published to a third
9   party, and four, that the third party understood the statements
10  as relating to plaintiff," and there's a citation omitted.

11         "In order to survive a motion to dismiss or a motion
12  for a judgment on the pleadings, plaintiff must allege facts,
13  which if accepted as true, support a plausible inference that
14  each of these elements be found.  Between the facts contained
15  in the complaint itself and the substance of the Internet post,
16  which is attached to the complaint, this Court has no trouble
17  concluding that elements one, three and four are properly
18  supported."

19         THE COURT:  If all of that is true, that's no finding
20  by me.  I'm just stating Hornbook stuff.

21         MR. NOVINS:  Yes, Your Honor.  Well, it looks to me
22  like you're saying here that the -- you have no trouble
23  concluding that elements one, three and four were properly
24  supported in my complaint.  That is to say that the --

25         THE COURT:  Well, that just means supported in the

 1  complaint.  That doesn't mean that there's -- that I have made
 2  a determination that the proof has been presented.  That's
 3  different.
 4          MR. NOVINS:  I understand.
 5          THE COURT:  All right.
 6          MR. MANZO:  Your Honor, may I --
 7          THE COURT:  And I think there's going to be --
 8  there's no problem with Law Offices of Charles Novins, PC,
 9  that's already been taken care of on the book and on the easel.
10          MR. MANZO:  Your Honor, if I may.  That -- the only
11  request make there is because the jury now is going to be
12  empaneled to decide on damages and the name is incorrect on the
13  docket.  So we wanted to make sure that that would be corrected
14  in the event that we do prevail, and the jury does find --
15  well, he's already defaulted on the law office's claim.
16          And the jury, were they to render a dollar monetary
17  settlement verdict for us, we would have to file that and if
18  you don't file it in precisely, exactly like he has registered
19  in the State of New Jersey, we feel there'd be a problem.
20          THE COURT:  Yes.  All right.  That'll be taken care
21  of.
22          MR. MANZO:  Okay.  Thank you, Your Honor.
23          THE COURT:  Then the other is Dr. Lamb.
24          MR. DUNCAN:  Yes, Your Honor.
25          THE COURT:  Now, Dr. Lamb, so far as I'm concerned,

```
 1  is a party.  Is that correct?
 2            MR. DUNCAN:  Yes, Your Honor.
 3            THE COURT:  And he can certainly get up and testify
 4  to what he believes his losses are.
 5            MR. DUNCAN:  That's -- can I --
 6            THE COURT:  But he's not an expert, and I mean, he's
 7  been working in academia for 30 years, but he -- I haven't seen
 8  any qualifications that would render him an expert in
 9  quantifying monetary loss.
10            MR. DUNCAN:  Your Honor, may I be heard?
11            THE COURT:  Yes.
12            MR. DUNCAN:  Just briefly.  It's not so much that.
13  It's just his expertise in academia, how it -- how someone
14  reporting to your HR director, a complaint, how that would
15  affect your potential for advancement.  Based on his 30 years
16  of experience, he could testify as an expert that this would
17  have an affect on your advancement to a chairman or --
18            THE COURT:  Well, that's not an expert.  That's just
19  -- it's his projection as to what the impact -- what impact he
20  believed this would have on him, and I daresay he could say
21  that he had seen other people suffer similar outcomes, but
22  that's not -- he's not an expert testifying as on quantifying
23  loss in that way.  So I wouldn't -- I mean -- unless Mr. Novins
24  has no objection, I wouldn't consider him an expert.
25            MR. NOVINS:  Of course I object strenuously, Judge.
```

```
 1              THE COURT:  Yes.  That's what I thought.  No.  I see
 2   him as a party.  Well, he can tell us about what loss he
 3   contends he suffered and why he thinks he should be
 4   compensated.
 5              MR. DUNCAN:  Yes, Your Honor.
 6              THE COURT:  All right.  Anything else?
 7              MR. DUNCAN:  Yes, Your Honor.
 8              MR. NOVINS:  Yes.  Have your --
 9              MR. DUNCAN:  Can I just --
10              MR. NOVINS:  -- have you --
11              MR. DUNCAN:  -- this is on a related issue with
12   respect to Mr. Novins' objection to the in limine motion
13   barring him from making a statement about being -- that as a
14   matter of law that he was liable.  There's also an order by
15   Judge Arpert, which found that my client did not liable him,
16   and he's already skirted around it in the response to my
17   summary judgment motion.  I don't want him at --
18              THE COURT:  How does Judge Arpert make a factual
19   finding?
20              MR. DUNCAN:  It's not a factual finding.  What it
21   is --
22              THE COURT:  Well, what is it?
23              MR. DUNCAN:  It's -- I asked for discovery.  This is
24   a defamation case.  I asked for all documents that relate to
25   any claims that my client libeled anybody.  I do not want him
```

7

1  coming up while my client -- crossing my client, showing
2  documents.  He is not --
3            THE COURT:  You mean, showing doctor --
4            MR. DUNCAN:  Doctor --
5            THE COURT:  I mean, showing Judge Arpert's opinion?
6  Or showing documents that you've never seen?
7            MR. DUNCAN:  That I've never seen and I've asked for,
8  or other allegations that my client --
9            THE COURT:  Well, you'd better stay here and make
10 sure there's not -- because I'm going to raise the roof to the
11 embarrassment of all if there's any violation of the work that
12 Judge Arpert did with this case.
13           MR. DUNCAN:  Well, your -- excuse me one second, Your
14 Honor.
15      (Pause)
16           MR. DUNCAN:  Yeah.  Yeah.  Well, Your Honor, are you
17 aware of the pretrial order and the history --
18           THE COURT:  Well, I don't -- I'm not aware of the
19 history of it, of course not.
20           MR. DUNCAN:  Well, mister --
21           THE COURT:  But I have a copy of it here.
22           MR. DUNCAN:  Well, if you'd just give --
23           THE COURT:  And I don't want to have to sit down here
24 and listen to the history of it.
25           MR. DUNCAN:  Well, the history's very -- it's one

1  line.  Read the bottom line, Judge Arpert's handwriting on the
2  bottom.  That tells the whole story.
3          THE COURT:  "Plaintiff did not participate in the
4  preparation of this order"?
5          MR. DUNCAN:  Yes.
6          THE COURT:  So it's defendant's final pretrial order.
7  I see that.
8          MR. DUNCAN:  Yes.  And that's, just briefly, he
9  didn't participate in initial disclosures.  There was an order
10 sanctioning him for that.  There was numerous -- the whole
11 record's replete with discovery abuse.  There's been no -- in
12 essence, there's been no exhibits and no witnesses given to us.
13 And if they come in now we'll need to -- we'll need time to do
14 discovery.
15         THE COURT:  There'll be a mistrial.
16         MR. DUNCAN:  Yes.
17         MR. NOVINS:  Your Honor, the notion that I've not
18 provided the names of witnesses, I mentioned two of them before
19 you today and those witnesses were provided at the very first
20 date when the rule 26 document was handed over.  It was also
21 again repeated in interrogatory answers given to them, repeated
22 again at the deposition, which I attended, and answered all the
23 questions of Mr. Manzo.
24         The -- and for the record, if it'll cut this short, I
25 have no intention of presenting anything other than what has

```
 1  been included in the hundreds of documents I've handed over.
 2          MR. MANZO:  Your Honor, I would object to any of
 3  that.  There's nothing in his pretrial order.  The pretrial
 4  order governs.  He didn't participate in that.  Judge Arpert
 5  has a transcript, which I'll be happy -- I've printed out to
 6  give to the Court, which explains how he utilized 37 and one-
 7  quarter hours of the 38 that Judge Arpert graciously gave him
 8  to straighten this matter out with a pretrial memo.
 9          He didn't use it.  He didn't submit it on time.  As
10  such, we had -- he has no one he can call, Your Honor, based on
11  what that pretrial memo has in it.  He has no witnesses and he
12  has no evidence.
13          MR. DUNCAN:  Your Honor, can I just respond to --
14          MR. NOVINS:  Your Honor, it was submitted, and my
15  recollection of Judge Arpert was that he said we'd submit --
16  have to submit separate ones because of the alleged
17  nonparticipation.
18          THE COURT:  Did you submit a separate one?
19          MR. NOVINS:  Yes.
20          THE COURT:  A separate pretrial order?
21          MR. NOVINS:  I did.
22          MR. DUNCAN:  Your Honor.
23          THE COURT:  Yes.
24          MR. DUNCAN:  The statements Mr. Novins just made
25  tells me he still doesn't understand Federal Rule 26(g).  He
```

1  did not comply with the rule.  He did not disclose this to us.
2  For him to be allowed to do this, it's like rewarding him for
3  not participating.
4           MR. NOVINS:  Your Honor, I'm not clear what wasn't
5  disclosed.  All witnesses were disclosed.  They were given in
6  both, as I said, interrogatories, depositions, et cetera.
7  There's nothing that I'm going to provide to this Court that
8  will be a surprise to anybody, and I certainly invite an
9  objection if I do that.
10          THE COURT:  Yes.  Well, they'll make an objection if
11 there's something that is improper.  Thank you very much.  Have
12 a good evening.
13          MR. NOVINS:  Goodnight, Judge.
14                          * * * * *
15                          CERTIFICATE
16          I, ELIZABETH REID-GRIGSBY, a certified electronic
17 transcriber, certify that the foregoing is a correct
18 transcript, to the best of the transcriber's ability, from the
19 official electronic sound recording of the proceedings in the
20 above-entitled matter.
21
22 /s/ Elizabeth Reid-Grigsby         Date:  November 19, 2012
23 Elizabeth Reid-Grigsby - AAERT CET**00145
24 J&J COURT TRANSCRIBERS, INC.
25